UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

Plaintiffs,

vs.

HP, INC., and STAPLES, INC.,

Defendants.

**COMPLAINT WITH JURY DEMAND**

**Civil Action No.**

---

Plaintiffs, by their attorneys, as and for their complaint against defendants, allege as follows:

## PARTIES

1. Plaintiff Carol Marcellin is a domicile of the State of New York, County of Allegheny.

2. Plaintiff Jessica Hollowell-McKay is a domicile of the State of New York, County of Monroe.

3. Charles Hollowell, decedent, passed away on January 24, 2020. At the time of his death, decedent was a domicile of the State of New York, County of Allegheny.

4. On September 29, 2020 Plaintiffs Carol Marcellin and Jessica Hollowell-McKay were appointed co-administrators of the Estate of Charles E. Hollowell by the Allegheny County Surrogate.

5. Defendant HP, Inc., ("HP") is a successor corporation to Hewlett Packard Company and is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in Palo Alto, California.

1

6. Defendant Staples, Inc., ("Staples") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located in Framingham, Massachusetts.

## JURISDICTION AND VENUE

7. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue in the Western District of New York is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## JURY DEMAND

9. Plaintiffs demand a trial by jury of all issues triable before a jury.

## FACTS

10. In or about 2010 Plaintiff, Carol Marcellin purchased an HP Pavilion DV6 Laptop computer ("Laptop") from Defendant Staples, Inc. ("Staples").

11. Upon information and belief, this computer was manufactured by the Hewlett-Packard Company, predecessor in interest to HP.

12. On January 24, 2020, the subject computer malfunctioned causing a fire at the residence of Plaintiff Marcellin and decedent Charles E. Hollowell, located at 192 Bells Brook Road, Ceres, New York.

13. Decedent Charles E. Hollowell was physically disabled, and although Plaintiff Marcellin attempted to get him out of the burning structure, she was physically unable to help him exit the burning building.

14. Plaintiff Marcellin was able to get outside the structure and call for help. But by the time help arrived, decedent had perished in the fire.

15. Decedent suffered severe physical and emotional pain and suffering prior to dying in the fire.

16. Plaintiff Marcellin suffered smoke inhalation and severe emotional and psychological suffering as a result of the fire and being unable to save decedent.

17. Upon information and belief, the fire was caused by the overcharging, ignition and explosion of the lithium-ion battery in the Laptop.

## CLAIM I

### STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

18. Plaintiffs repeat and reallage all of the allegations set forth above.

19. Defendant HP's predecessor in interest manufactured the Laptop and it was sold to Plaintiff Marcellin by Defendant Staples.

20. Up through the time of the fire, Plaintiff Marcellin utilized the Laptop for its intended use and reasonably foreseeable purpose.

21. The Laptop was defective and not reasonably safe for its intended or reasonably foreseeable purpose due to a manufacturing defect which allowed the lithium ion battery to overcharge, ignite and cause the fire.

22. Plaintiff Marcellin did not and could not have known of the manufacturing defect in the Laptop that caused the fire.

23. As a result of the defective Laptop, Plaintiff Marcellin suffered severe physical and emotional damages and decedent, Charles E. Hollowell, was killed.

24. Plaintiff Carol Marcellin's injuries and decedent's wrongful death were proximately caused by the defectively manufactured Laptop.

25. As a result of foregoing, Plaintiff Marcellin and Plaintiff Hollowell-McKay seek damages on behalf of Plaintiff Marcellin, individually, and on behalf of decedent's estate and the distributees of decedent's estate in excess of $75,000, the jurisdictional limit of 28 U.S.C. § 1332.

## CLAIM II

## STRICT PRODUCTS LIABILITY – DESIGN DEFECT

26. Plaintiffs repeat and reallege all of the allegations set forth above.

27. Defendant HP manufactured the Laptop and it was sold to Plaintiff Marcellin by Defendant Staples.

28. Up through the time of the fire, Plaintiff Marcellin utilized the Laptop for its intended use and reasonably foreseeable purpose.

29. The Laptop was defective and not reasonably safe for its intended or reasonably foreseeable purpose due to a design defect which allowed the lithium ion battery to overcharge, ignite and cause the fire.

30. Plaintiff Marcellin did not and could not have known of the design defect in the Laptop that caused the fire.

31. As a result of the defective laptop, Plaintiff Marcellin suffered severe physical and emotional damages and decedent, Charles E. Hollowell, was killed.

32. Plaintiff Carol Marcellin's injuries and decedent's wrongful death were proximately caused by the defectively designed Laptop.

33. As a result of foregoing, Plaintiff Marcellin and Plaintiff Hollowell-McKay seek damages on behalf of Plaintiff Marcellin, individually, and on behalf of decedent's estate and the

distributees of decedent's estate in excess of $75,000, the jurisdictional limit of 28 U.S.C. § 1332.

## CLAIM III

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

34. Plaintiffs repeat and reallage all of the allegations set forth above.

35. Defendant HP manufactured the Laptop and it was sold to Plaintiff Marcellin by Defendant Staples.

36. Up through the time of the fire, Plaintiff Marcellin utilized the Laptop for its intended use and reasonably foreseeable purpose.

37. The Laptop was defective and not reasonably safe for its intended or reasonably foreseeable purpose due to Defendants' failure to warn users of the Laptop, such as Plaintiff Marecllin, of fire hazards Defendants' knew or should have known existed with the reasonable and foreseeable use of the Laptop.

38. Specifically, the expected useful life of the Laptop far exceeded the expected useful life of the lithium-ion battery that was sold with the Laptop. As a result, Defendants knew or should have known that the battery would be replaced over the course of the useful life of the Laptop. Despite this knowledge, Defendants failed to properly and adequately warn Plaintiff Marcellin and other users of the dangers of purchasing after-market replacement batteries without the proper circuitry to prevent battery overcharging and fires.

39. Additionally, Defendants failed to properly and adequately warn Plaintiff Marcellin and other users of the dangers of leaving the Laptop continuously plugged into an AC power source which had the potential to overcharge the battery and cause a catastrophic fire.

40. Defendants knew, or reasonably should have known of the fire hazard posed by improperly

5

designed replacement batteries and of leaving the laptop continuously connected to an AC power source.

41. Plaintiff Marcellin did not and could not have known of the fire risk of using an improperly designed replacement battery or of leaving the laptop continuously connected to an AC power source.

42. Defendants had a continuing duty to warn after the sale of the Laptop to Plaintiff Marcellin to advise her of dangers related to lithium-ion battery malfunctions causing fires that became known to Defendants after the sale.

43. Defendants breached their continuing duty to warn by not advising Plaintiff Marcellin of dangers and hazards related to lithium-ion battery malfunctions causing fires that became known, or should have been known to Defendants after the sale.

44. As a result of the defective Laptop, Plaintiff Marcellin suffered severe physical and emotional damages and decedent, Charles E. Hollowell, was killed.

45. Plaintiff Carol Marcellin's injuries and decedent's wrongful death were proximately caused by the defective Laptop as a result of Defendants' failure to adequately warn.

46. As a result of foregoing, Plaintiff Marcellin and Plaintiff Hollowell-McKay seek damages on behalf of Plaintiff Marcellin, individually, and on behalf of decedent's estate and the distributees of decedent's estate in excess of $75,000, the jurisdictional limit of 28 U.S.C. § 1332.

## CLAIM IV

### NEGLIGENCE

47. Plaintiffs repeat and reallege all of the allegations set forth above.

48. Defendant HP manufactured the Laptop and it was sold to Plaintiff Marcellin by Defendant Staples.

49. Up through the time of the fire, Plaintiff Marcellin utilized the Laptop for its intended use and reasonably foreseeable purpose.

50. Defendants HP and Staples had a duty to manufacture and design the Laptop so that it was free from defects and to warn foreseeable users of all known or knowable dangers associated with use of the Laptop throughout its foreseeable useful life.

51. Defendants HP and Staples breached their duty to manufacture and design the Laptop so that it was free from defects and failed to warn and provide adequate instructions for the safe use of the Laptop which allowed the lithium ion battery to overcharge, ignite and cause the fire.

52. Defendants breached their duty to Plaintiff Marcellin and decedent by failing to warn of all known or knowable dangers, including the dangers of leaving the Laptop continuously plugged into an AC power source which had the potential to overcharge the battery and cause a catastrophic fire.

53. Defendants breached their duty to warn Plaintiff Marcellin and decedent by failing to warn and instruct about the type of replacement battery that should be used when the original battery was no longer functional.

54. Defendants breached their continuing duty to warn Plaintiff Marcellin and decedent of dangers learned after the time of manufacture and sale by failing to notify Plaintiff Marcellin of dangers related to lithium-ion battery failures causing fires in similar Laptops Defendants became aware of after the date of sale of this Laptop to Plaintiff Marcellin.

55. As a result of the negligently manufactured and designed Laptop, and Defendants breach of their duty to warn of known and foreseeable dangers associated with its use, Plaintiff Marcellin suffered severe physical and emotional damages and decedent, Charles E. Hollowell, was killed.

56. Plaintiff Carol Marcellin's injuries and decedent's wrongful death were proximately caused by the negligence of Defendants.

57. As a result of foregoing, Plaintiff Marcellin and Plaintiff Hollowell-McKay seek damages on behalf of Plaintiff Marcellin, individually, and on behalf of decedent's estate and the distributees of decedent's estate in excess of $75,000, the jurisdictional limit of 28 U.S.C. § 1332.

## CONSCIOUS PAIN AND SUFFERING AND WRONGFUL DEATH DAMAGES

58. Prior to his death, decedent devoted himself to the welfare and comfort of his family and provided valuable services to his daughters of significant pecuniary value.

59. Decedent left surviving him his daughters, Jessica Hollowell-McKay, Plaintiff herein, and Josie Hollowell, who are the only distributees to his estate.

60. By virtue of the foregoing, the Plaintiff Jessica Hollowell-McKay and her sister have incurred funeral and burial expenses, have been deprived of the support of the decedent, and have been deprived of the pecuniary value of the services of decedent, entitling the distributees to damages in a sum in excess in excess of $75,000, the jurisdictional limit of 28 U.S.C. § 1332.

61. By virtue of the foregoing, the decedent experienced great pain, suffering and anguish prior to his death, entitling the Estate to damages in a sum in excess in excess of $75,000, the jurisdictional limit of 28 U.S.C. § 1332.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in a sum sufficient to compensate Plaintiffs for damages sustained, together with interests, costs, disbursements, and such other and further relief as the Court deems just and proper.

DATED: June 2, 2021
Rochester, New York

                                          FARACI LANGE, LLP

                                          /s/ Stephen G. Schwarz
                                          Stephen G. Schwarz, Esq.
                                          Matthew F. Belanger, Esq.
                                          Catherine D. Aughey, Esq.
                                          28 East Main Street, Suite 1100
                                          Rochester, New York  14614
                                          Telephone: (585) 325-5150
                                          Facsimile: (585) 325-3285
                                          Email: sschwarz@faraci.com
                                          Email: mbelanger@faraci.com
                                          Email: caughey@faraci.com

                                          *Attorneys for Plaintiffs*