UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-MCKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

          Plaintiffs,

  -against-

HP, INC., and STAPLES, INC.,

          Defendants.
-----------------------------------------------------------------------X

**VERIFIED ANSWER WITH CROSS-CLAIMS**

Civil Action No.
1:21-cv-0704-JLS

**Defendant Demands Trial by Jury**

    Defendant STAPLES, INC., by its attorneys, PILLINGER MILLER TARALLO, LLP, upon information and belief, answers the complaint of plaintiffs as follows:

## PARTIES

    1.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as"1".

    2.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "2".

    3.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "3".

    4.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "4".

    5.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "5".

    6.    Admits the truth of the allegations contained in the paragraph of the Complaint herein designated as "6".

## JURISDICTION AND VENUE

7. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "7" and respectfully refer all issues of law to this Honorable Court.

8. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "8" and respectfully refer all issues of law to this Honorable Court.

## JURY DEMAND

9. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "9" and respectfully refer all issues of law to this Honorable Court.

## FACTS

10. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "10".

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "11".

12. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "12".

13. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "13".

14. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "14".

15. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "15".

16. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "16".

17. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "17".

## CLAIM I

### STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT

18. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraph of the Complaint herein designed as "18".

19. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "19".

20. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "20".

21. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "21".

22. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "22".

23. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "23".

24. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "24".

25. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "25" and respectfully refer all issues of law to this Honorable Court.

## CLAIM II

### STRICT PRODUCTS LIABILITY-DESIGN DEFECT

26. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraph of the Complaint herein designed as "26".

27. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "27".

28. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "28".

29. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "29".

30. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "30".

31. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "31".

32. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "32".

33. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "33" and respectfully refer all issues of law to this Honorable Court.

## CLAIM III

### STRICT PRODUCTS LIABILITY – FAILURE TO WARN

34. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraph of the Complaint herein designed as "34".

35. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "35".

36. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "36".

37. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "37".

38. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "38".

39. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "39".

40. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "40".

41. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "41".

42. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "42".

43. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "43".

44. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "44".

45. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "45".

46. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "46" and respectfully refer all issues of law to this Honorable Court.

## CLAIM IV

## NEGLIGENCE

47. Repeats, reiterates and re-alleges each and every response heretofore made herein as and for its answer to the allegations contained in the paragraph of the Complaint herein designed as "47".

48. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "48".

49. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "49".

50. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "50".

51. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "51".

52. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "52".

53. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "53".

54. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "54".

55. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "55".

56. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "56".

57. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "57" and respectfully refer all issues of law to this Honorable Court.

## **CONSCIOUS PAIN AND SUFFERING AND WRONGFUL DEATH DAMAGES**

58. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "58" and respectfully refer all issues of law to this Honorable Court.

59. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "59" and respectfully refer all issues of law to this Honorable Court.

60. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "60" and respectfully refer all issues of law to this Honorable Court.

61. Denies each and every allegation contained in the paragraph of the Complaint herein designated as "61" and respectfully refer all issues of law to this Honorable Court.

**PLEASE TAKE NOTICE** that affirmative defenses are set forth as follows:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62. That the claims and/or causes of action in warranty are barred by the applicable Statute of Limitations including but not limited to U.C.C. 2-725.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63. That the claims and/or causes of action in warranty are barred because plaintiffs were not in privity with this answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

64. That the instrumentality which allegedly injured plaintiff and/or defendants and/or co-defendants and/or third-party plaintiffs was not being used for its normal purpose and/or was being misused.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

65. That plaintiff through the exercise of reasonable care, could have discovered the alleged defect, apprehended the danger, and avoided the injury.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

66. That plaintiff voluntarily engaged in a dangerous activity and, in doing so, assumed the risks attendant thereto, and those risks were open, obvious, and known.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

67. That the amount recoverable shall be diminished in the proportion which the culpable conduct attributable to plaintiffs bears to the culpable conduct which caused the damages including but not limited to plaintiffs' contributory negligence and/or assumption of the risk.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

68.     That upon information and belief the instrumentality alleged to have caused the injuries claimed was modified, altered, changed and was otherwise not the same machine that was originally sold, distributed and/or supplied, which alterations caused and/or contributed to plaintiff's injuries.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

69.     That although this answering defendant specifically denies liability for the occurrence and damages complained of, if this answering defendant is found liable for such occurrence and damages, this answering defendant's share of liability is fifty percent (50%) or less of the total liability assigned to all persons or entities liable and, pursuant to Section 1601 of the Civil Practice Law and Rules, the liability of this answering defendant to plaintiffs for the non-economic loss shall not exceed this answering defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

70.     That any information, instructions and warnings concerning the product allegedly sold/distributed and/or supplied by this defendant were in conformity with the available knowledge of the scientific and industrial community and met all applicable governmental and industrial guidelines.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

71.     That without admitting the truth of plaintiffs' allegations, the state of knowledge and/or state of art, at the time of the sale/distribution of the machine did not reasonably allow this answering defendant to know about, or to take steps sufficient to alleviate the alleged risks of which plaintiffs complain.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

72. Upon information and belief, the instrumentality in question was misused, abused, mistreated, improperly serviced and/or improperly maintained and this answering defendant had no control over same.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

73. Any oral warranties upon which plaintiffs allegedly seek relief are inadmissible and unavailable because of the applicable provisions of the Statute of Frauds.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

74. That plaintiffs neither received nor relied upon any representation or warranty made by this answering defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

75. In the event of any breach of warranty is proven, plaintiffs failed to give proper and prompt notice of any such breach of warranty to this answering defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

76. That the damages/injuries sustained if any were not proximately caused by any act or omission of this answering defendant.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

77. That this answering defendant complied with all applicable laws, regulations and standards at all times relevant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

78. If any portion of any product is found to have been sold, distributed, installed, services and/or manufactured by this answering defendant, said product was not defective under strict products liability standards.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

79. That the within claims and/or causes of action are or may be barred by the doctrines of waiver, ratification, res judicata, collateral estoppel, estoppel and/or laches.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

80. That this answering defendant is not liable for the acts of independent contractors.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

81. All implied warranties, including the warranties of merchantability and fitness for a particular purpose, may have been excluded at the time of the sale of the product.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

82. That the purchaser of the product and all beneficiaries of any warranties, express or implied, relating to the product, failed to provide notice of the alleged breaches of warranty to this answering defendant pursuant to the applicable provisions of the Uniform Commercial Code.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

83. Plaintiff's alleged injuries and damages were caused by her own contributory negligence pursuant to CPLR Article 14.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

84. If this answering defendant is found liable in this matter, said liability is limited to its equitable share pursuant to article 16 of the CPLR.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

85. Plaintiff's alleged injuries and damages were caused by the failure to use the product that is the subject of the Complaint as intended and in a reasonable and safe manner.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

86. Plaintiff knowingly and voluntarily assumed the risk of his alleged injuries and damages through her own conduct.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

87. Plaintiff's alleged injuries and damages were caused by plaintiff's unforeseeable, unreasonable and dangerous conduct.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

88. If plaintiff sustained injuries and damages as alleged in the Complaint, then those injuries were caused by the negligence, acts and omissions of individuals and entities over whom this answering defendant was not obligated to exercise supervision or control.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

89. Any award of damages that plaintiff receives in this action must be reduced pursuant to CPLR § 4545 for any collateral source reimbursement that plaintiff has received or will receive.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

90. This action cannot be prosecuted because of plaintiff's failure to implead and prosecute an indispensable party to this action.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

91. Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

92. Plaintiff failed to mitigate their damages.

### AS AND FOR A THIRY-SECOND AFFIRMATIVE DEFENSE

93. Plaintiff's alleged injuries and damages were caused by plaintiff's failure to comply with the directions and safety instructions on, and that accompanied the product(s) at issue and its manuals.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

94. Plaintiffs neither received nor relied upon any representation or warranty made by this defendant.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

95. In the event of any breach of warranty is proven, plaintiffs failed to give proper and prompt notice of any such breach of warranty to the defendant.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

96. Any judgment entered in favor of plaintiffs should be reduced pursuant to GOL 15-108 by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to plaintiffs for the injuries alleged in the complaint.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT HP, INC., ANSWERING DEFENDANT STAPLES, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

97. That on the authority of *Dole v. Dow Chemical*, 30 N.Y.2d 143; *Rogers v. Dorchester*, 32 N.Y.2d 553; *Kelly v. Diesel Construction*, 35 N.Y.2d 1, if plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that this answering defendant is liable to plaintiff herein, then upon said allegations of the Complaint and upon the pleadings and evidence, said damages were sustained by reason of the sole, active, and primary carelessness and/or recklessness and/or negligence and/or culpable conduct and/or affirmative acts of omissions or commission, violations of codes, rules, statutes or ordinances and/or breach of contract and/or breach of warranty and/or hold harmless agreement and/or strict liability by defendant HP, INC. in causing, permitting, allowing and creating the conditions and/or circumstances complained of in the Complaint and this answering defendant is entitled to complete indemnification, both contractual and common law, from any judgment over and against defendant HP, INC. for all or part of any verdict or judgment that plaintiff may recover against this answering defendant, and/or in the event that judgment over is not recovered on the basis of full indemnification, then this answering defendant demands judgment over and against above-named defendant herein on the basis of an apportionment of responsibility for the alleged occurrence for all or part of any judgment or verdict that plaintiff may recover against said answering defendant, and that all of the provisions of limitation of liability under the Terms of Article Fourteen and Article Sixteen of the C.P.L.R. are pleaded herein by this defendant, together with costs, disbursements and reasonable attorneys' fees.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT HP, INC., ANSWERING DEFENDANT STAPLES, INC. <u>ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS</u>**

U-D-STPS-00104.1/2232776/Pleadings /MTM/PAT/pat

98.     Pursuant to a certain contract, the full terms and conditions of which this answering defendant begs leave to refer to at the time of trial, co-defendant was obligated to obtain insurance coverage for the benefit of this answering defendant.

99.     Co-defendant failed to obtain said insurance for the benefit of this answering defendant.

100.    By reason of the foregoing, on the authority of *Kinney v. Lisk*, 76 N.Y.2d 615, co-defendant is liable to this answering defendant for all resulting damages including, without limitation, any judgment defendant may be obligated to pay herein, together with all costs, disbursements, interests, and attorney's fees incurred by defendant in the defense of this action.

**PLEASE TAKE NOTICE** that this answering defendant hereby demands, pursuant to CPLR 3011, that co-defendant serve an answer to these cross-claims.

**WHEREFORE**, defendant STAPLES, INC. demands judgment dismissing the Complaint of plaintiff and further demands that in the event this answering defendant is found liable to plaintiff herein, then this answering defendant have judgment over and against the aforementioned co-defendant on the cross-claims for all or part of the verdict or judgment that plaintiff may recover against STAPLES, INC., together with the costs and disbursements of this action, plus any and all attorney's fees.

Dated:    Syracuse, New York
          July 1, 2021

                        Yours, etc.,
                          PILLINGER MILLER TARALLO, LLP


                        By: /s/ Jeffrey D. Schulman
                        JEFFREY D. SCHULMAN
                        Bar Roll No.: 516636
                        Attorneys for Defendant
                        Staples, Inc.
                        126 N. Salina Street, Suite 215

                            Syracuse, NY 13202
                            (315) 471-6166
                            PMT File No.  U-D-STPS-00104.1/MTM

TO:

FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
Attorney for Plaintiffs
Carol S. Marcellin, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and Jessica Hollowell-McKay, as Co-Administrator of the Estate of Charles E. Hollowell, deceased.
28 E. Main Street, Suite 100
Rochester, New York 14614
(585) 325-5150

## VERIFICATION

STATE OF NEW YORK          )
                           )   ss:
COUNTY OF ONONDAGA         )

JEFFREY D. SCHULMAN, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am partner with of Pillinger Miller Tarallo, LLP, and I have read the contents of the foregoing and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

(X)   I make this verification because defendant, STAPLES, INC., resides outside of the county where Pillinger Miller Tarallo, LLP maintains its office.

( )   I make this verification because defendant, STAPLES, INC., is a corporation and Pillinger Miller Tarallo, LLP, is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated:   Syracuse, New York
         July 1, 2021

/s/ Jeffrey D. Schulman
JEFFREY D. SCHULMAN
Bar Roll No.: 516636

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Verified Answer with Cross-Claims was served via PACER this 1st day of July, 2021 to all counsel of record as indicated on the service list below.

    Yours, etc.,
    PILLINGER MILLER TARALLO, LLP


    By: /s/ Jeffrey D. Schulman
    JEFFREY D. SCHULMAN
    Bar Roll No.: 516636
    Attorneys for Defendant
    Staples, Inc.
    126 N. Salina Street, Suite 215
    Syracuse, NY 13202
    (315) 471-6166
    PMT File No.  U-D-STPS-00104.1/MTM


FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
Attorney for Plaintiffs
Carol S. Marcellin, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and Jessica Hollowell-McKay, as Co-Administrator of the Estate of Charles E. Hollowell, deceased.
28 E. Main Street, Suite 100
Rochester, New York 14614
(585) 325-5150