UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CAROL S. MARCELLIN, individually, and as Co-Administrator
of the Estate of Charles E. Hollowell, deceased,
and JESSICA HOLLOWELL-McKAY, as Co-Administrator
of the Estate of Charles E. Hollowell, deceased,

    *Plaintiffs*,    **ANSWER AND JURY DEMAND**

                 **Civil Action No.**: 1:21-cv-00704-JLS

v.

HP, INC., and STAPLES, INC.,

    *Defendants*.

**HP INC.'S ANSWER AND JURY DEMAND WITH AFFIRMATIVE DEFENSES**

  Now comes the Defendant, HP Inc. ("Defendant"), and makes this its Answer and Affirmative Defenses and Jury Demand to Plaintiffs, Carol S. Marcellin, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and Jessica Hollowell-McKay, as Co-Administrator of the Estate of Charles E. Hollowell, deceased ("plaintiffs"). Unless specifically answered herein, all allegations of the Complaint are denied.

**PARTIES**

1. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

2. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

3. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

4. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

5. Admitted.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

**JURISDICTION AND VENUE**

7. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions.

8. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions.

## JURY DEMAND

9. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions.

## FACTS

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

11. Admitted that the HP Pavilion DV6 model notebook computer (the "Model") was a model manufactured on behalf of the Defendant. The Defendant can neither admit nor deny these allegations as they pertain to a computer allegedly owned by Carol Marcellin. It is admitted that the Model was a model notebook manufactured on behalf of Hewlett-Packard Company, a predecessor to HP Inc.

12. To the extent that the "subject computer" in this paragraph is intended to refer to an HP product unaltered and unchanged, denied.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

**CLAIM I**
**STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**

18. The Defendant incorporates herein by reference its answers to the foregoing Paragraphs 1 through 17, the same as if fully set forth herein.

19. Admitted that the Model was a model manufactured on behalf of the Defendant. The Defendant can neither admit nor deny these allegations as they pertain to a computer allegedly owned by Carol Marcellin. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

21. Denied.

22. The Defendant denies that there was a manufacturing defect present in any HP Notebook alleged to be involved in the incident in plaintiffs' complaint. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Marcellin knew and could have known contained in this paragraph and calls upon the plaintiffs to prove the same.

23. To the extent that the "defective Laptop" in this paragraph is intended to refer to an HP product unaltered and unchanged, denied. Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

24. To the extent that the "Laptop" in this paragraph is intended to refer to an HP product unaltered and unchanged, denied. Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

25. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

## CLAIM II
## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

26. The Defendant incorporates herein by reference its answers to the foregoing Paragraphs 1 through 25, the same as if fully set forth herein.

27. Admitted that the Model was a model manufactured on behalf of the Defendant. The Defendant can neither admit nor deny these allegations as they pertain to a computer allegedly owned by Carol Marcellin. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

29. Denied.

30. The Defendant denies that there was a manufacturing defect present in any HP Notebook alleged to be involved in the incident in plaintiffs' complaint.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Marcellin knew and could have known contained in this paragraph and calls upon the plaintiffs to prove the same.

31. To the extent that the "defective Laptop" in this paragraph is intended to refer to an HP product unaltered and unchanged, denied.  Otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

32. Denied.

33. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

## CLAIM III
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

34. The Defendant incorporates herein by reference its answers to the foregoing Paragraphs 1 through 33, the same as if fully set forth herein.

35. Admitted that the Model was a model manufactured on behalf of the Defendant. The Defendant can neither admit nor deny these allegations as they pertain to a computer allegedly owned by Carol Marcellin. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

37. Denied.

38. Denied.

39. Denied.

40. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The allegations of this paragraph are otherwise denied.

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

42. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The allegations of this paragraph are otherwise denied.

43. Denied.

44. Denied.

45. Denied.

46. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

## CLAIM IV
## NEGLIGENCE

47. The Defendant incorporates herein by reference its answers to the foregoing Paragraphs 1 through 46, the same as if fully set forth herein.

48. Admitted that the Model was a model manufactured on behalf of the Defendant. The Defendant can neither admit nor deny these allegations as they pertain to a computer allegedly owned by Carol Marcellin. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

49. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

50. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The allegations of this paragraph are otherwise denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

**CONSCIOUS PAIN AND SUFFERING AND WRONGFUL DEATH DAMAGES**

58. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

59. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

60. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

61. The Defendant can neither admit nor deny the allegations contained in this paragraph to the extent such statements are legal conclusions. The Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

WHEREFORE, the Defendant says that the plaintiffs' Complaint against it should be dismissed and that judgment enter for the Defendant, together with its costs.

### FIRST AFFIRMATIVE DEFENSE

The acts complained of were not committed by a party for whose conduct Defendant is legally responsible.

### SECOND AFFIRMATIVE DEFENSE

The product was not put into market with any defects and the product was fit for its intended purpose.

### THIRD AFFIRMATIVE DEFENSE

The complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Any alleged act or omission by the Defendant was not a substantial factor in causing the plaintiffs' alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to take reasonable and prudent measures necessary and proper to mitigate whatever damages that might have been sustained as a result of the acts or omissions complained of in the plaintiffs' complaint.

### SIXTH AFFIRMATIVE DEFENSE

If the Defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and, therefore, this Defendant's liability shall be limited pursuant to CPLR Article 16, section 1601.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiffs lack standing to bring the within action.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent the Defendant herein is found liable for any damages herein, such amount shall be reduced and/or offset by any recovery obtained by the plaintiffs from any insurance or third party.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering in whole or in part because plaintiffs' alleged injuries and damages were caused and/or contributed to by their own negligent and/or culpable conduct and knowing assumption of the risk.

**TENTH AFFIRMATIVE DEFENSE**

Defendant breached no duty, if any was owed.

**ELEVENTH AFFIRMATIVE DEFENSE**

This action is barred and/or the Defendant is entitled to a setoff based on any prior or future settlements pursuant to General Obligations Law 15-108.

**TWELFTH AFFIRMATIVE DEFENSE**

Upon information and belief, there was neither actual nor constructive notice of any defective condition relating to the product and, as such, no liability for this claim exists.

### THIRTEENTH AFFIRMATIVE DEFENSE

The damages alleged to be at issue were caused by the conduct of third parties over whom Defendant did not exercise any dominion or control.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited as the subject incident and claimed damages were not caused by any condition existing in the product at the time it left the possession or control of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Defendant designed and/or manufactured any product or component referred to in the Complaint, the product may have undergone a substantial change or modification subsequent to the time it left the possession and control of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Defendant designed and/or manufactured any product or component referred to in the Complaint, the product was not used in accordance with instructions and directives provided by Defendant thereby discharging Defendant from any liability for the performance of the product attributable to the improper use.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The product or component allegedly designed and/or manufactured by Defendant was not maintained in accordance with instructions and directives provided with it thereby discharging Defendant of any liability for the performance of the product attributable to the improper maintenance.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages for alleged wrongful death are limited to pecuniary loss and/or damages permitted by the EPTL, excluding the federal, state and local personal income taxes which the decedent would have been obligated by law to pay, and to the extent that plaintiffs seek to recover for any sum other than fair and just compensation for the pecuniary injuries resulting from the decedent's death, such recovery is barred by Estates, Powers and Trusts Law 5-43.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, Plaintiffs' claims may be barred by spoliation of evidence.

### TWENTIETH AFFIRMATIVE DEFENSE

The product or component allegedly designed, and/or manufactured by Defendant met or exceeded all applicable codes, standards and regulations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, plaintiffs cannot establish liability against Defendant because the product or component is not unreasonably dangerous, was suitable for the purpose for which it was intended, and was distributed with adequate sufficient warnings.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the doctrines of waiver, consent, laches and estoppel.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The product at issue and all relevant components thereof conform to the prevailing state of the art with respect to similar products at the time it was sold.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The damages alleged were a result of unforeseeable intervening or superseding acts of others independent of Defendant which bars plaintiffs' causes of action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred for failure to join necessary and indispensable parties.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The incident alleged in plaintiffs' complaint was caused, contributed to and brought about, in whole or in part, by the culpable conduct, acts or omissions of plaintiffs and/or others over whom the Defendant exercised no supervision or control, including contributory negligence and/or assumption of risk, and the damages otherwise recoverable by plaintiffs, if any, should be diminished in proportion to which their culpable conduct bears to the culpable conduct which caused the damages, if any, pursuant to the decisional and statutory law of the State of New York, in such cases made and provided.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any past or future costs and/or expenses incurred or to be incurred by plaintiffs for medical care, loss of earnings, loss of services and consortium, funeral, or other

economic loss, has been, or with reasonable certainty will be, replaced or indemnified in whole or in part from a collateral source as defined in CPLR 4545. If any damages are recoverable against Defendant, the amount of such damages shall be diminished by the amount of the funds that plaintiffs have or shall receive from such collateral source, minus such amounts as provided by statute.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack the capacity to commence and/or maintain this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by any applicable statutes of repose and limitations.

### THIRTIETH AFFIRMATIVE DEFENSE

Any warnings or instructions that accompanied any product or products were proper, and the Defendant's product was placed into the stream of commerce with proper and adequate warnings.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

If there was any defect or deficiency in the product as of the time of the incident alleged in the plaintiffs' Complaint, such being expressly denied, such defect or deficiency did not relate to the design, manufacture, warnings or sale of the product but was the result of abnormal use, misuse, abuse, improper maintenance, substantial alteration, change or modification, or other actions on the part of plaintiffs, plaintiffs' decedent, or others for whom the Defendant is not responsible and which were not reasonably foreseeable to it.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs, by the exercise of reasonable care, would have discovered the alleged defect, perceived and observed its danger and avoided the alleged injuries and damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The relative culpability of each person who is or may be liable to contribute any liability for the damages alleged by plaintiffs in this action should be determined in accordance with the decisional and statutory law of the State of New York, in such cases made and provided, and the equitable share of each person liable for contribution should be determined and apportioned in accordance with the relative culpability of each person, if any, pursuant to Article 14 of the Civil Practice Law and Rules.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to assert any and all affirmative defenses which discovery hereafter may reveal to be appropriate.

## JURY DEMAND

The Defendant, HP Inc., hereby makes a demand for trial by jury on all claims.

Dated:    Buffalo, New York
          August 13, 2021

                                        Respectfully Submitted,
                                        HP INC.,
                                        By its attorneys,

                                        _____
                                        Jaclyn S. Wanemaker, Esq.
                                        Smith, Sovik, Kendrick & Sugnet, P.C.
                                        6245 Sheridan Drive, Suite 218
                                        Williamsville, New York 14221

Telephone: (315) 474-2911
Facsimile: (315) 474-6015
jwanemaker@smithsovik.com

### Certificate of Service

I, Jaclyn S. Wanemaker, do hereby certify that on August 13, 2021, I served a copy of the within document by filing it with the court's electronic-filing system.

FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
28 East Main Street, Suite 1100
Rochester, New York 14614
Telephone: (585) 325-5150
Facsimile: (585) 325-3285
Email: sschwarz@faraci.com
Email: mbelanger@faraci.com
Email: caughey@faraci.com

_____
Jaclyn S. Wanemaker