UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

                Plaintiffs,

vs.

HP, INC., and STAPLES, INC.,

                Defendants.

**SCHEDULING ORDER**

**Civil Action No.
1:21-cv-00704-JLS-HKS**

---

Pursuant to the Order of the Hon. John L. Sinatra, Jr. referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. Rule 16(b) and Local Rule 16.1(a), and a conference with counsel having been held on _____, it is ORDERED that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution, this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed no later than **November 19, 2021**.

3. Compliance with the mandatory initial disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure will be accomplished by **October 29, 2021**.

4. The parties will submit proposed confidentiality and ESI Orders for the Court's consideration no later than November 19, 2021.

**5.** The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in

1

the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than **November 19, 2021.**

6. The initial mediation session shall be held no later than **December 31, 2021**.

7. All motions to join other parties and to amend the pleadings shall be filed on or before **June 1, 2022**.

8. All fact discovery in this case shall conclude on **September 30, 2022.** All motions to compel fact discovery shall be filed on or before **August 31, 2022**.

9. As the ADR program does not stay discovery, Plaintiff shall initiate discovery, through interrogatories and document requests, not later than **November 28, 2021**.

10. Plaintiff(s) shall identify any expert witnesses and provide reports pursuant to Fed.R.Civ.P. 26(a)(2) by **October 28, 2022**. Defendant(s) shall identify any expert witnesses and provide reports pursuant to Fed.R.Civ.P. 26(a)(2) by **November 30, 2022**. Any rebuttal expert disclosures are due, pursuant to Rule 26(a)(2)(D)(ii), 30 days after the other party's disclosure. Motions to compel expert disclosures shall be filed not later than **January 6, 2023.**

11. Expert depositions shall be completed by **February 24, 2023** with Plaintiffs' experts being deposed first.

12. Dispositive motions, if any, shall be filed no later than **March 31, 2023.** Such motions shall be made returnable before **May 12, 2023**.

13. Mediation sessions may continue, in accordance with Section 4.2A of the ADR Plan, until **March 31, 2023.** The continuation of mediation sessions shall not delay or defer other dates set forth in this Scheduling Order.

14. A trial status conference pursuant to Fed.R.Civ.P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled. At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defense and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is Jury or non-jury

No extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension. The attached guidelines shall govern all depositions. Counsel's attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this court.

SO ORDERED.

_____

H. Kenneth Schroeder, Jr.
United States Magistrate Judge

Dated:
     Buffalo, New York