UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, individually, and as Co-Administrator
of the Estate of Charles E. Hollowell, deceased, and
JESSICA HOLLOWELL-McKAY, as Co-Administrator
of the Estate of Charles E. Hollowell, deceased,

   *Plaintiffs*,

v.

               CIVIL ACTION NO.:
               1:21-cv-00704-JLS

HP, INC., and STAPLES, INC.,

   *Defendants*.

---

# JOINT MOTION TO OPT OUT OF ADR

Pursuant to this Court's Order dated October 8, 2021, Doc. 11, and the Court's Alternative Dispute Resolution Plan effective May 11, 2018 § 2.2(C), the parties to this matter jointly move for relief from this Court's Referral to Mediation dated June 3, 2021. ADR has no reasonable chance of being productive here, as this complex product liability and wrongful death matter concerns a fatal residential fire of disputed origin where no experts have been disclosed and Defendants argue that required parties have not yet been joined. *See* ADR Plan § 2.2(C).

## BACKGROUND

The Plaintiffs allege that the residential fire that caused the plaintiff's decedent's death was "caused by the overcharging, ignition and explosion of the lithium-ion battery in the Laptop." Doc. 1 ,¶ 17. The Defendants maintain

that the battery at issue was not original to the Laptop, and have accordingly raised affirmative defenses that include modification, alteration, misuse, and nonjoinder. *See* Doc. 3 at 8-9, 11; Doc. 8 at 12-13, 15-16.

## LEGAL STANDARDS

"This District requires, in most cases, automatic referral to ADR under the Court's Alternative Dispute Resolution Plan. ADR Plan § 2.1. Motions to opt out of ADR shall be granted only for good cause shown. A party seeking relief from ADR must set forth the reasons why ADR has no reasonable chance of being productive." *Daley v. Town of Orchard Park*, 2017 U.S. Dist. LEXIS 12569, at *27 (W.D.N.Y. Jan. 30, 2017) (Wolford, J.) (quotations and alterations omitted) (granting motion to opt out of ADR), *citing* ADR Plan §§ 2.1, 2.2(C).

## ARGUMENT

The parties jointly submit that ADR has no reasonable chance of being productive here because the current status of this complex fire and products liability case precludes it. First, as a complex fire and products liability case, this case is highly dependent on the opinions of experts which have not been formed, much less disclosed. *See, e.g. Sura v. Zimmer, Inc.*, 2018 U.S. Dist. LEXIS 61875, at *6-7 (W.D.N.Y. Apr. 11, 2018) (Telesca, J.) ("A plaintiff seeking to establish a design defect is required to provide expert testimony as to the feasibility and efficacy of alternative designs. Additionally, in products

liability cases, to establish causation, plaintiffs must offer admissible expert testimony regarding both general and specific causation.")

Second, the origin of the battery at issue is in dispute, and, as such, Defendants contend there are necessary parties not yet joined to the case. *See* F.R.C.P. 19(a).

Third, this is a wrongful death case. As such, the parties anticipate that issues of Mr. Hollowell's underlying health and life expectancy will be subject to discovery by the parties as they relate to the issue of damages. Because ADR has no reasonable chance of being productive in this case, the parties' joint motion for relief from referral to ADR should be granted. ADR Plan § 2.2(C).

**CONCLUSION**

Any one of the complex issues in this case–[1] fire cause and origin investigation; [2] product liability related to a high-technology piece of equipment, that is, a notebook computer and lithium ion battery; and [3] wrongful death–would make the case difficult or inappropriate for a mediation at an early stage of the case. However, the presence of all three has caused the parties to conclude that a mediation at this early stage has no reasonable chance of being productive in this case, and, in fact, would be an inefficient waste of resources. The parties accordingly respectfully submit that there is good cause here for relief from referral to ADR.

Dated:     Buffalo, New York
           November 19, 2021          Respectfully Submitted,

                                      _____
                                      SMITH, SOVIK, KENDRICK & SUGNET, P.C.
                                      Jaclyn S. Wanemaker, Esq.
                                      *Attorneys for Defendant HP Inc.*
                                      6245 Sheridan Drive, Suite 218
                                      Williamsville, New York 14221
                                      Telephone: (315) 474-2911
                                      jwanemaker@smithsovik.com


                                      /s/ Jeffrey D. Schulman
                                      PILLINGER MILLER TARALLO, LLP
                                      Jeffrey D. Schulman, Esq.
                                      *Attorneys for Defendant*
                                      *Staples, Inc.*
                                      126 N. Salina Street, Suite 215
                                      Syracuse, New York 13202
                                      Telephone: (315) 471-6166
                                      jschulman@pmtlawfirm.com


                                      /s/ Stephen G. Schwarz
                                      FARACI LANGE, LLP
                                      Stephen G. Schwarz, Esq.
                                      *Attorneys for Plaintiffs*
                                      28 East Main Street, Suite 1100
                                      Rochester, New York 14614
                                      Telephone: (585) 325-5150
                                      sschwarz@faraci.com

<u>Certificate of Service</u>

   I, Jaclyn S. Wanemaker, do hereby certify that on November 19, 2021, I served a copy of the within document by filing it with the court's electronic-filing system.

FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
*Attorneys for Plaintiffs*
28 East Main Street, Suite 1100
Rochester, New York 14614
Telephone: (585) 325-5150
Email: sschwarz@faraci.com
Email: mbelanger@faraci.com
Email: caughey@faraci.com

and

PILLINGER MILLER TARALLO
Jeffrey D. Schulman, Esq.
*Attorneys for Defendant*
*Staples, Inc.*
126 N. Salina Street, Suite 215
Syracuse, New York 13202
Telephone: (315) 471-6166
Email: jschulman@pmtlawfirm.com

                   /s/ Jaclyn S. Wanemaker
                   Jaclyn S. Wanemaker