UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

**DECLARATION OF STEPHEN G. SCHWARZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' DISCOVERY DEMANDS**

Pursuant to 28 U.S.C.§ 1746, I, Stephen G. Schwarz, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief:

1. I am an attorney duly admitted to practice in the State of New York and a partner in the firm of Faraci Lange, LLP, attorneys for Plaintiffs herein, and as such, I am fully familiar with the facts and circumstances surrounding this case. I make this declaration in support of Plaintiffs' Motion to Compel discovery responses from defendants.

**FACTUAL BACKGROUND**

2. In the early morning hours of January 25, 2020, Plaintiff Carol Marcellin, then age 77, was awakened from her sleep by the smoke alarm at her home located at 192 Bells Brook Road, Ceres, New York. Her long-time partner, Charles Hollowell, who was

1

physically disabled, was sleeping with her at the time. She got up from bed and discovered flames and sparks shooting out of the HP laptop computer she had left running as it was updating anti-virus software and performing a virus scan when she went to bed. She returned to the bedroom and attempted to get Charles into his wheelchair to get him out of the burning building, but he fell to the floor and she was unable to lift him up by herself. As the smoke from the fire increased, she was forced to abandon her efforts to get Mr. Hollowell out by herself and crawled out of the building to try and get help. Her landline phone handset was in the room where the fire was raging and her cellphone fell on the floor when she initially reacted to the fire alarm and could not be located in the smoke. She got into her vehicle in order to utilize OnStar to call for help, but could not get a signal until she drove down the road. By the time she got back and the first responders arrived, the fire was out of control and Mr. Hollowell perished. (Dkt. No. 1, ¶¶ 10-17).

   3. Fire investigators concluded that the fire started in the HP laptop computer that Plaintiff saw emitting sparks and flames.

   4. Defendant HP was contacted pre-suit and an inspection of the laptop and the fire scene was jointly performed. It was determined that the battery in the laptop was the cause of the fire and that it was not the original battery that had been sold with the laptop. Markings on what was left of the battery indicated it had been manufactured in 2014. Using the markings on the laptop, Plaintiff's expert was able to obtain information online that the initial warranty was registered on March 5, 2011. No information was available as to who registered the warranty, or when it was registered.

   5. The investigation also revealed that the replacement battery in the laptop lacked two important connections related to preventing the battery from overcharging and potentially exploding.

6.     Plaintiff Carol Marcellin has no recollection of ever purchasing a replacement battery for the subject laptop she purchased from Defendant Staples.  All of her records including her receipts and statements of credit card purchases were destroyed in the fire.  She was also deeply traumatized by the events of the fire and her inability to save decedent, making speaking of the facts of the case with her emotionally difficult.  My office performed an extensive search of all of her credit card accounts and could find no evidence of a replacement battery purchase.

7.     Plaintiffs' counsel filed the complaint in this case on June 2, 2021.  In that complaint, it was alleged that Plaintiff Carol Marcellin purchased the computer at Staples in approximately 2010.  This date was based on the information developed through the investigation of the laptop and the information on warranty registration obtained by Plaintiffs' expert.  Plaintiffs claimed that the laptop was defectively designed because it lacked a battery authentication system that would prevent the laptop from functioning with a battery lacking these critical safety components.  Plaintiffs also alleged that the laptop was defectively designed, and that it was defective for its lack of warnings to never utilize a replacement battery from another manufacturer.  (Dkt. No. 1, ¶¶ 18-57).

8.     Interrogatories were propounded and document requests were served by Plaintiffs on Defendants and on Plaintiff by Defendants.  Plaintiffs' First Set of Interrogatories to HP (Exhibit A) and First Request for the Production of Documents to HP (Exhibit B) were served on December 16, 2021.  Defendant HP responded to the Request for Documents on May 23, 2022 (Exhibit C) but did not respond at that time to Plaintiffs' Interrogatories.  Plaintiffs' First Set of Interrogatories to Staples (Exhibit D) and First Request for the Production of Documents to Staples (Exhibit E) was served on December 16, 2021.  Defendant Staples' provided partial responses on August 30, 2022.  A copy of Staples

responses is attached as Exhibit F.

9.  I sent a letter to counsel for Defendant Staples on November 8, 2022 (Exhibit G) requesting that Defendant Staples:

   a. Produce a Privilege Log for the documents it was refusing to produce due to an assertion of privilege;

   b. Produce all records showing purchases by Plaintiff Carol Marcellin and decedent Charles Hollowell from Defendant Staples, as what had been produced was an incomplete series of "screen shots" none of which reflected the sale of the subject laptop;

   c. Answer or respond to demands 7 and 10 and Interrogatories 4, 11 and 12 to which Defendant Staples had failed to respond.

10. The Court issued a Scheduling/Case Management Order on 10/12/2021. (ECF #12). Counsel met and conferred and jointly requested an extension of the Scheduling Order which was granted by the Court on 11/17/2022. (ECF #20).

11. Counsel agreed to schedule the depositions of the two plaintiffs on February 17, 2023. However, on February 13, 2023, counsel for Defendant Staples sent an email asking that the date be rescheduled for personal reasons. This request was granted and a new date from Plaintiffs' depositions was set for March 17, 2023 to occur virtually, with plaintiffs coming to my office and defense counsel appearing remotely.

12. Plaintiff Jessica Hollowell McKay drove two hours to Ceres, NY, picked up Plaintiff Carol Marcellin and drove two hours back bringing her to my office on March 16, 2023 to prepare for their depositions the following day. In the course of this meeting, I became convinced that the assumption Plaintiffs' attorneys had made when drafting the complaint and answering the interrogatories as to the date of purchase of the laptop was

incorrect. We performed a Google search and discovered information on Staples' website that the company sold previously owned refurbished laptop computers, which based on Plaintiff Carol Marcellin's recollection of the time and circumstances of the purchase, conformed more closely to the facts as we understood them. In an email I sent that afternoon, I informed counsel for defendants of this error and that we now believed the laptop was purchased by Plaintiff Carol Marcellin in 2015 from Staples as a refurbished previously-owned computer and not in 2010 as a new computer. I indicated in that letter we would revise the answer to Interrogatory 10 and amend paragraph 10 of the complaint to reflect this factual error. A copy of that email is attached as Exhibit H.

13. It should be noted that the claims made in the Complaint against Defendant HP, the manufacturer of the laptop, and Defendant Staples, the retailer who sold it to Plaintiff Carol Marcellin, are that the laptop was defectively designed and manufactured because it was able to function with a replacement battery lacking important safety features and that it was also defective because both defendants failed to provide adequate warnings about using replacement batteries not manufactured by HP. (ECF Dkt. # 1). The timing of purchase of the laptop by Plaintiff Carol Marcellin and whether she bought it with the replacement battery already in it or replaced it herself, are irrelevant to the defective design claim and the failure to warn claim. Plaintiffs have requested discovery from Defendant Staples that should definitively determine when the laptop was purchased and whether it was a refurbished computer at the time. When Defendant Staples responds to the outstanding discovery requests establishing these facts, Plaintiffs will move for leave to file an amended complaint further articulating the manufacturing defect claim against Staples for selling the refurbished laptop with a battery lacking proper safety features. Plaintiffs' design defect and failure to warn claims against both defendants will remain unchanged from the initial complaint

regardless of this additional information from Staples.

14. HP's counsel responded to my email of March 16 declaring that because Plaintiffs now believed the laptop was purchased in 2015 as a refurbished computer, the deposition of plaintiffs the following day must again be canceled. As this would be the second last-minute cancellation and because Plaintiffs had traveled to Rochester from Ceres for the deposition and because this factual allegation change was immaterial to Plaintiffs' design defect and failure to warn claims against HP, Plaintiffs refused to consent to another adjournment. I further stated that if the change in date of the purchase of the laptop caused any prejudice, Defendants could seek another deposition of Plaintiff Carol Marcellin to probe this issue further. Since Plaintiff Jessica Hollowell McKay was an estate representative and had no involvement in purchasing the laptop, this new factual allegation had absolutely no impact on Defendants' ability to depose her on March 17. A copy of the email chain going back and forth regarding cancelling Plaintiffs' deposition for a second time is attached as Exhibit I.

15. A further exchange of emails occurred on the morning of March 17 in which I stated I would contact the Court for assistance if Defense Counsel continued to refuse to attend the scheduled depositions. This chain is attached as Exhibit J. I called the Court that morning, but learned Hon. Kenneth Schroeder, Jr., was out of the office and could not be of assistance. The court reporter activated the virtual link on March 17 and connected the plaintiffs and myself, but defense counsel did not appear. A copy of the transcript of that brief session is attached as Exhibit K.

16. Plaintiffs had served a 30(b)(6) notice on HP on November 18, 2022, and prior to the second cancellation of Plaintiffs' depositions, a deposition date was set of April 28, 2023 at 7:00 am because the witness was to appear remotely from Taiwan. On March 21,

6

2023, I was informed that Defendant HP refused to go forward with this previously scheduled deposition as a result of the changing of the alleged date of purchase of the laptop.  See Exhibit L.

17. On March 27, 2023, Defendant HP served its Answers to Plaintiffs' First Set of Interrogatories.  (Exhibit M).  Plaintiffs First Set of Interrogatories was served on HP on July 21, 2021.

18. On March 30, 2023 Plaintiffs served First Amended Answers to HPs First Set of Interrogatories (Exhibit N), Plaintiffs' Second Set of Interrogatories to HP (Exhibit O), Plaintiffs Second Request for the Production of Documents to HP (Exhibit P) Plaintiffs' Second Set of Interrogatories to Defendant Staples (Exhibit Q), Plaintiffs' Second Request for the Production of Documents to Defendant Staples (Exhibit R) and a Deposition Notice pursuant to Rule 30(b)(6) to Defendant Staples (Exhibit S). These discovery requests targeted information in the possession of both defendants as to when the laptop was first sold, to whom and other information that would then permit Plaintiffs to seek to amend their complaint to allege a manufacturing defect claim against Defendant Staples in addition to the previously alleged design defect and failure to warn claims against both defendants.

19. Having received no response from Defendant Staples to my deficiency letter dated November 8, 2022 (Exhibit G), no responses from either Defendant to Plaintiffs demands served on March 30, 2023, and having failed to agree on a new date to depose the Plaintiffs, I contacted defense counsel by email on May 4, 2023 seeking dates for a meet and confer conference to reschedule Plaintiffs' depositions and to discuss when answers to the outstanding discovery requests to Defendants would be provided.  (Exhibit T).  Having received no response, I sent a second email to defense counsel on May 8, 2023 renewing this request.  (Exhibit U).

20. A meet and confer conference was finally scheduled and held on May 11, 2023, during which it was agreed that Plaintiffs' depositions would be rescheduled in early July, Defendants would respond to the outstanding discovery and Plaintiffs would provide supplemental responses to interrogatories that Defendant HP contended were not fully answered. Additionally, counsel for Defendant HP indicated he would send a joint request to the Court for a further extension of the Scheduling Order.

21. Between May 11 and May 30, 2023 I sent multiple emails seeking to confirm a date for rescheduling of the previously canceled depositions. A copy of this email chain is attached as Exhibit V). Because the joint request for a revision in the Court's Scheduling Order had still not been filed, I also requested this be done by HP's counsel as promised on May 5.

22. On May 30, 2023 HP's counsel again promised to file the joint request for an extension of the Scheduling Order. (Exhibit W). When this did not occur by June 5, I sent another email requesting that it be done. (Exhibit X). When I received no response I sent another email on June 8, 2023 requesting that the promised letter be filed and that Staples counsel respond with dates for the noticed 30(b)(6) deposition. (Exhibit Y). Counsel for HP responded that the request would be filed the following day. (Exhibit Z).

23. I followed up on June 13 and again on June 15 seeking both the filing of the request for an extension of the scheduling order and that Defendants provide responses to the outstanding discovery requests. (Exhibit AA). Defendant HP responded on June 15, that although Plaintiffs' Counsel had provided an email response to the alleged deficiencies in Plaintiffs First Amended Answers to HPs Interrogatories, Plaintiffs had not served the Second Amended Answers to HPs First Set of Interrogatories as requested and sought additional authorizations to obtain medical records of Plaintiff Carol Marcellin and Decedent.

(Exhibit BB).  Plaintiff served Second Amended Answers to Defendant HPs Interrogatories on June 21, 2023 and continued to provide authorizations for records as requested.  (Exhibit CC).

24.     On June 23, 2023, Defendant HP finally filed a joint letter with the Court requesting an extension of Scheduling Order.  (ECF # 23).   In that letter, counsel represented that Defendants would respond to outstanding discovery by June 30, 2023, Plaintiffs would be deposed on July 7, 2023 and that HP's witness previously scheduled to be deposed on April 28 would now be rescheduled for August 2, 2023.  Staples' counsel did not provide a date for the scheduling of the Staples' 30(b)(6) witness, in spite of multiple requests, and no reference to that deposition was inserted in the letter.  The Court granted the request by Text Order on June 28, 2023. (ECF # 24).

25.     June 30th came and went, without any responses to outstanding discovery being served by either Defendant in spite of the written promise to do so.  (ECF # 23).  On July 5, 2023, two days prior to the scheduled depositions of Plaintiffs, I sent another email requesting these responses prior to the Plaintiffs' depositions.  (Exhibit CC).  I received no response to this email.

26.     Plaintiffs were finally deposed on July 7, 2023.  Defendant HP served a limited and incomplete response to Plaintiffs' Second Set of Interrogatories on July 13, 2023. (Exhibit DD).  These answers failed to provide information identifying the original purchaser of this laptop and failed to provide the date that Plaintiff Carol Marcellin registered the laptop.  Defendant HP has still not served a response to Plaintiffs' Second Request for Production of Documents served on March 30, 2023.(Exhibit P).

27.     Despite numerous requests, Defendant Staples has failed to respond to: (i) my November 8, 2022 letter specifying deficiencies in its responses to Plaintiffs' First Set of

Interrogatories to Staples and First Request for Production of Documents to Staples, (Exhibit G); (ii) Plaintiffs' Second Set of Interrogatories to Staples (Exhibit Q); (iii) Plaintiffs' Second Request for the Production of Documents (Exhibit R); or (iv) Plaintiffs' 30(b)(6) Notice to Defendant Staples (Exhibit S).

28.     Pursuant to F. R. Civ. P. 37(a)(1) and Local Rule 7(d)(3), Plaintiffs have made a good faith effort to resolve this dispute prior to filing this motion, as documented above. Defendants, on the other hand, have failed to make good faith efforts to respond to Plaintiffs' discovery requests or schedule depositions noticed in a timely manner and have repeatedly obstructed an orderly and timely discovery process in this case.  This course of conduct has forced Plaintiffs to file the present motion.

WHEREFORE, Plaintiffs respectfully request an Order:

- A. Pursuant to F.R.Civ. P. 37 (B)(iii) Compelling Defendant HP to provide complete answers to Plaintiffs' Second Set of interrogatories;
- B. Pursuant to F.R.Civ. P. 37 (B)(iv) compelling Defendant HP to provide responses to Plaintiffs' Second Request for the Production of Documents;
- C. Pursuant to F.R.Civ. P. 37 (B)(iii) and Local Rule 26(d) Compelling Defendant Staples to provide complete responses to Plaintiffs' First Set of Interrogatories as well as a Privilege Log as outlined in Exhibit G;
- D. Pursuant to F.R.Civ. P. 37 (a)(3)(B)(iii) compelling Defendant Staples to provide complete responses to Plaintiffs' Second Set of Interrogatories to Staples;
- E. Pursuant to F.R.Civ. P. 37 (a)(3) (B)(iv) compelling Defendant

Staples to provide complete responses to Plaintiffs' Second Request for the Production of Documents;

F. Pursuant to F.R.Civ. P. 37 (a)(3) (B)( ii) compelling Defendant Staples to produce a witness pursuant to Plaintiffs' Rule 30(b)(6) Notice;

G. Pursuant to F.R.Civ. P. 37 (a)(5) (A) compelling Defendants to pay Plaintiffs' reasonable expenses incurred in making this motion, including attorneys' fees;

H. Pursuant to F.R.Civ.P. 37(d)(1)(A) (i) and (ii) for sanctions against Defendant Staples for failing to produce a witness pursuant to a rule 30(b)(6) Notice and failing to respond to fully respond to Plaintiffs' First Set of Interrogatories and First Request for the Production of Documents and failing to respond at all to Plaintiffs' Second Set of Interrogatories and Requests for the Production of Documents, including the striking of Defendant Staple's Answer in this case and directing all of the facts alleged against Defendant Staples as being established as true at trial or such other sanctions as this Court deems appropriate;

I. For such other and further relief as to this Court seems just and proper.

DATED: July 25, 2023

*/s/ Stephen G. Schwarz*
FARACI LANGE, LLP
1882 South Winton Road, Suite 1
Rochester, NY 14618
(585) 325-5150
sschwarz@faraci.com

11

*Attorneys for Plaintiffs*