# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOL-LOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

**RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT HP, INC.**

Defendant HP, Inc. ("HP") hereby responds to the Plaintiffs' First Set of Requests for Production as follows:

**DOCUMENT REQUESTS**

1. All documents used to answer, or referred to, in your Answers to Interrogatories.

**RESPONSE:** Please refer to HP 00001-HP 01335 produced herewith. Discovery is ongoing. HP reserves the right to supplement its response prior to the time of trial.

2. All statements, as that term is used in Federal Rule of Civil Procedure 26(b)(3), which were made by plaintiffs concerning this action or its subject matter.

1

**RESPONSE:** HP objects to this request insofar as the information requested is equally available to the plaintiff, who made any statements concerning this action or its subject matter. Subject to and without waiving the foregoing, none.

3. All documents concerning, involving or in any way related to inspections or visits to the scene of the occurrence by any person after the occurrence.

**RESPONSE:** HP objects to this request insofar it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this request insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, please refer to HP 00408-HP 00410 produced herewith. Please also refer to the HP's correspondence to plaintiffs' counsel dated October 28, 2020 concerning the parties' joint evidence inspection on October 27, 2020. HP would be agreeable to mutually exchanging photographs taken by experts prior to the date of expert disclosure.

4. All documents pertaining to the cause and origin of the subject fire.

**RESPONSE:** Please see the objections and response to Interrogatory 3 incorporated herein by reference.

5. Any and all letters, memoranda, faxes, e-mails, bulletins or other documents written by or received from any other state/ federal agency concerning the fire that is the subject of this litigation.

**RESPONSE:** HP objects to this request insofar as it seeks records produced by state and federal agencies which are equally available to the plaintiffs. Subject to and without waiving the foregoing, HP has not received any received letters, memoranda, faxes, e-mails, bulletins or other documents from any other state/ federal agency concerning the fire that is the subject of this litigation other than in connection with Freedom of Information Law requests submitted after the initiation of this litigation, which are produced herewith as HP 00398–HP00480.

6. Any and all documents, including memorandum, letters, internal standards, regulations or other documents pertaining to standards followed by you in manufacturing, designing, servicing, replacing and maintaining HP Pavilion Series laptops, including batteries, as of 2010.

**RESPONSE:** HP objects to this request insofar as overly broad and unduly burdensome insofar as it seeks all documents pertaining to the design and manufacture of the HP Pavilion Series. HP further objects that this request on the grounds that it seeks documents irrelevant to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate

to the needs of the case, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, please refer to HP 00053-HP00375 and HP 00483-HP 01334.

7. Any and all documents regarding the design of the battery charging system of the subject laptop, specifically any safety mechanisms to prevent overheating and/or overcharging of battery cells.

**RESPONSE:** Please see the objections and response to Request 6 incorporated herein by reference.

8. Any and all documents regarding the sale of the subject laptop.

**RESPONSE:** HP objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. HP further objects insofar as it seeks records of the sale of the subject laptop to the plaintiff, which are more easily available to the plaintiffs, or to the seller, defendant Staples, Inc. Subject to and without waiving the foregoing, none. As alleged in the Complaint, plaintiff Carol Marcellin purchased the laptop from defendant Staples, Inc.

9. Any and all documents provided to the consumer as part of the sale of the subject laptop, specifically including any instructions or warnings regarding use of replacement batteries.

**RESPONSE:** HP objects to this request insofar as it seeks documents provided with the laptop to the plaintiff, which are more easily available to the plaintiffs. Subject to and without waiving the foregoing, please refer to HP 00007-HP 00397 produced herewith.

10. Any and all service tickets, work orders, work requests, inspection records or related documents pertaining to inspections of HP Pavilion Series laptops and/or replacement batteries for HP Pavilion Series laptops involving electrical failures and/or fires from 2000 to the present.

**RESPONSE:** HP objects to this request insofar as overly broad and unduly burdensome insofar as it seeks all inspection records pertaining to the inspection of the HP Pavilion Series. HP further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, please see HP 01335 produced herewith.

11. Any and all reports, correspondence, notes, statements, photographs, videotapes, drawings, sketches, or any other documents generated by any fire department, police department, fire marshal's office, governmental agency or other governmental agency or governmental entity regarding the subject fire.

3

**RESPONSE:** Please see the objections and response to Request 5 incorporated herein by reference.

12. Produce any and all incident reports, accident reports, investigation reports or similar documents concerning the accident which is the subject matter of this lawsuit prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity. This request includes all accident reports, whether or not prepared exclusively in preparation for litigation not previously produced with initial disclosures.

**RESPONSE:** HP objects to this request insofar it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this request insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. HP further objects to this request to the extent it seeks documents in the possession of parties other than HP. HP further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, please refer to HP 00408-HP 00410 produced herewith.

13. All prior incident reports or other documents relating to incidents involving battery fires in HP Pavilion Series laptops that occurred prior to January 24, 2020.

**RESPONSE:** HP objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, please see HP 01335 produced herewith.

14. All instructions, warnings, manuals or other documents provided to plaintiff at the time of purchase of the Laptop, including documents related to safety, operation, charging, battery life, battery failures, and fire hazards.

**RESPONSE:** Please see the objections and response to Request 9 incorporated herein by reference.

15. All emails or text messages relating to the Incident.

**RESPONSE:** HP objects to this request insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, HP has no non-privileged documents responsive to this request.

16. All documents relating to replacement batteries, counterfeit batteries, and/or after-market batteries for HP Pavilion Series laptops.

**RESPONSE:** HP objects to this request as vague and ambiguous as framed with respect to the phrase "replacement batteries, counterfeit batteries, and/or after-market batteries." HP further objects to this request as overly broad and unduly burdensome insofar as it seeks all documents pertaining to replacement batteries of the HP Pavilion Series. HP further objects to this request on the grounds that it seeks documents in the possession of third parties. HP further objects to this request to the extent it seeks attorney-client communications or documents protected by the work product doctrine. HP further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, please see HP 00053-HP 00375 produced herewith.

17. Please furnish a copy of each document you believe may have been prepared by a party concerning the occurrence as alleged in the complaint or which you intend to use for any purpose in this action.

**RESPONSE:** HP objects to this request on the grounds that it seeks mental impressions of counsel concerning the relevance and significance of documents exchanged in discovery in this matter. Discovery is ongoing. HP reserves the right to supplement its response prior to the time of trial.

18. Any and all material safety data sheets prepared by you, prepared for you, and/or provided by you regarding all after-market, replacement and/or non-HP batteries used in HP laptops.

**RESPONSE:** HP objects to this request as vague and ambiguous as framed with respect to the phrase "regarding all after-market, replacement and/or non-HP batteries used in HP laptops." HP further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, none.

19. Any and all documents regarding HP's work with third-party battery suppliers with regard to safety and design improvements to replacement, after-market and/or non HP laptop batteries that can be used in HP laptops.

**RESPONSE:** Please see the objections and response to Interrogatory 10 incorporated herein by reference.

20. Copies of any and all warnings provided by HP to the plaintiff regarding the use of non-HP replacement laptop batteries.

**RESPONSE:** Please see the objections and response to Request 9 incorporated herein by reference.

21. Copies of any and all documents regarding the Battery Authentication System used in HP laptops from the year 2000 to the present.

**RESPONSE:** Please see the objections and response to Interrogatory 14 incorporated herein by reference.

22. Any and all documents regarding the design and implementation of the Battery Authentication System used on any and all HP laptops.

**RESPONSE:** Please see the objections and response to Interrogatory 14 incorporated herein by reference.

23. Documents pertaining to any and all risk assessments of after-market, replacement and/or non-HP batteries used in HP laptops from the year 2000 to the present.

**RESPONSE:** HP objects that this request is vague and ambiguous as framed, particularly with respect to the phrase "risk assessments of after-market, replacement and/or non-HP batteries." HP further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it concerns products other than the product alleged to have caused the plaintiffs injuries in their Complaint. Subject to and without waiving the foregoing, none.

24. Any and all documents provided to or made available to consumers or purchasers of HP laptops regarding the replacement of batteries in HP laptops.

**RESPONSE:** Please see the objections and response to Request 9 incorporated herein by reference.

25. Any and all documents pertaining to the battery that failed in the subject laptop.

**RESPONSE:** Please see the objections and response to Interrogatory 8 incorporated herein by reference.

26. Any and all documents regarding the battery error messages in the subject laptop.

**RESPONSE:** Please see the objections and response to Interrogatory 15 incorporated herein by reference.

27. Any and all documents regarding the battery error messages in the HP Pavilion Series laptops.

6

**RESPONSE:** Please see the objections and response to Interrogatory 15 incorporated herein by reference.

28. Any and all documents regarding battery error messages in any HP laptop for the years 2000 to the present.

**RESPONSE:** Please see the objections and response to Interrogatory 15 incorporated herein by reference.

                                                                       Respectfully Submitted,
                                                                       HP, INC.,
                                                                       By its attorneys,

                                                                       /s/ Christopher Betke
                                                                       Respectfully submitted,

                                                                       Christopher G. Betke
                                                                       Coughlin Betke LLP
                                                                       175 Federal Street
                                                                       Boston, MA 02110
                                                                       (617) 988-8050
                                                                       cbetke@coughlinbetke.com

Certificate of Service

I, Christopher Betke, do hereby certify that on Monday, May 23, 2022, I served a copy of the within document via email.

| FARACI LANGE, LLP | PILLINGER MILLER TARALLO, LLP |
|---|---|
| Stephen G. Schwarz, Esq. | Jeffrey D. Schulman |
| Matthew F. Belanger, Esq. | Maria Mastriano |
| Catherine D. Aughey, Esq. | 126 N. Salina Street, Suite 215 |
| 28 East Main Street, Suite 1100 | Syracuse, NY 13202 |
| Rochester, New York 14614 | Tel.: (315) 471-6166 |
| Telephone: (585) 325-5150 | Fax: (315) 295-2575 |
| Facsimile: (585) 325-3285 | mmastriano@pmtlawfirm.com |
| Email: sschwarz@faraci.com | jschulman@pmtlawfirm.com |
| Email: mbelanger@faraci.com | |
| Email: caughey@faraci.com | /s/ Christopher Betke |
| | Christopher Betke |

7