# EXHIBIT M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

## ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT HP INC.

Defendant HP Inc. ("HP") hereby responds to the Plaintiffs' First Set of Interrogatories as follows:

1. Provide the names and titles of all employees and representatives consulted in answering these interrogatories, including where their offices are located.

**ANSWER:** Lee Atkinson, Distinguished Technologist; HP Inc.; c/o Coughlin Betke LLP, 175 Federal Street, Boston, MA 02110.

2. Identify all persons known or believed by you, your agents, servants, employees, or anyone acting at your direction or on your behalf to have knowledge or factual information regarding the subject matter of this action.

**ANSWER:** Plaintiffs Carol S. Marcellin and Jessica Hollowell-McKay; Fire Investigators Edwards, Aderhold, Valeri, and Luckey, Allegany County Office of Emergency Management and Fire Services; Sheriff Ricky L. Whitney, Allegany County Sheriff's Department; Cattaraugus County Coroners Bradley M. Spink and Donald Edward Higgs MD; Robert I. Guenther and Laura

Holtz, Guenther Funeral Home, Inc.; Fire Chief Jeff Latten, Portville Fire Department; Chief Brian Hemphill, Bolivar Volunteer Fire Department; Ronan O'Leary, MD, Universal Primary Care; Sean R. Buckley, MD, Olean General Hospital. Please additionally refer to § (i) of HP's Initial Disclosures and the Plaintiffs' Initial Disclosures. HP reserves the right to supplement this interrogatory answer prior to the time of trial.

3. State all facts known to you, your agents, servants or employees or anyone acting on your behalf, relating to the cause, origin, and spread of the fire.

**ANSWER:** HP objects to this Interrogatory insofar as it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this Interrogatory insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, HP states that it was not present at the time of the fire and has no first-hand knowledge concerning what caused or contributed to the fire. Discovery is on-going and if HP becomes aware of non-privileged information relating to this Interrogatory, it will supplement its answer. Further responding, Donald Galler, P.E. and Greg Gorbett, CFEI have investigated this matter on behalf of HP and their opinions and HP's expert disclosures will be disclosed in conformity with the Federal Rules of Civil Procedure and the Scheduling Order in this case.

4. List and describe any and all instances over the past ten years when a customer or any other person reported issues with batteries used in HP Pavilion Series laptops, including but not limited to smoke, sparks or fire coming from the laptops and/or battery.

**ANSWER:** HP objects to this Interrogatory as overly broad and unduly burdensome, insofar as it seeks information on any instance of any reported issue with any batteries used in any HP Pavilion Series laptops. HP further objects to this Interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information concerning products and component parts other than those alleged to have caused the plaintiffs' injuries in the Complaint. Subject to and without waiving the foregoing, please refer to HP 01335 produced herewith.

5. Identify the location and date of manufacture of the subject laptop.

**ANSWER:** Please refer to HP 00481 produced herewith.

6. Identify each action, if any, that you took to prevent the use of non-conforming and/or after-market replacement batteries in HP Pavilion Series laptops.

**ANSWER:** HP objects to this Interrogatory as overly vague and ambiguous with respect to the phrase "prevent the use non-conforming and/or after-market replacement batteries." HP further objects to this Interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information concerning products other than those alleged to have caused the plaintiffs' injuries in the Complaint. Subject to and without waiving the foregoing, please refer to HP 00110-HP00116, HP 00210, HP 00270, HP 00280-HP 00281, and HP 00294 produced herewith.

7. Identify each action, if any, you took to warn users of the fire and/or explosion risk of using non-conforming and/or after-market replacement batteries in HP Pavilion Series laptops.

**ANSWER:** Please see the objections/answer to Interrogatory 6 incorporated herein by reference.

8. Identify by name and address the manufacturer of the battery contained in the Laptop at the time of the fire.

**ANSWER:** The battery contained in the Laptop at the time of the fire was not original to the Laptop. HP has been unable to ascertain the manufacturer of the battery that was not original to the Laptop contained in the Laptop at the time of the fire. Presumably, plaintiffs know from where they obtained the after-market battery. Discovery is still ongoing. HP reserves the right to supplement this answer prior to the time of trial.

9. Identify by name and address all employees, former employees, experts, vendors or consultants involved in the design and manufacture of the Laptop, including the original battery.

**ANSWER:** HP objects to this Interrogatory as overly broad and unduly burdensome and without limitation with respect to the issues in this case, insofar as the Interrogatory seeks information concerning all employees involved in the design and manufacture of the Laptop and its components. Subject to and without waiving the foregoing objections, please refer to HP 00481 produced herewith.

10. Provide a list of all entities that have manufactured and/or sold replacement and/or after-market batteries for HP Pavilion Series laptops from 2000 to the present.

**ANSWER:** HP objects to this Interrogatory as overly broad and unduly burdensome and without limitation with respect to the issues in this case, insofar as the Interrogatory seeks information concerning all after-market batteries for all HP Pavilion Series laptops. HP further objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information concerning products other than those alleged to have caused the plaintiffs' injuries in the Complaint, and that information concerning after-market batteries manufactured and/or sold by third parties is equally accessible to the plaintiffs. Subject to and without waiving the foregoing objections, HP has produced information regarding the manufacturer of the component parts in the Marcellin Notebook at HP 00481. HP does not have a list of entities that have manufactured and/or sold after-market batteries for HP Pavilion Series laptops. Upon information and belief, plaintiffs know the identity of the seller of the after-market battery they put in the Laptop.

11. Provide a list of battery manufacturers that use Texas Instrument processors in their after-market and/or replacement batteries that you are aware of that provide function and power to HP Pavilion Series laptops from the year 2000 to the present.

**ANSWER:** Please see the objections/answer to Interrogatory 10 incorporated herein by reference.

12. Identify any manufacturer and/or seller of after-market and/or replacement batteries that use or have used HP serial numbers, model numbers and/or part numbers on their batteries from the year 2000 to the present, including any manufacturer and/or seller of after-market and/or replacement batteries that advertise use in HP Pavilion Series laptops from the year 2000 to the present.

**ANSWER:** Please see the objections/answer to Interrogatory 10 incorporated herein by reference.

13. Identify all manufacturers of after-market and/or replacement batteries with whom HP has worked since the year 2000 to improve the design, safety and/or reliability of replacement batteries that can power HP Pavilion Series laptops.

**ANSWER:** Please see the objections/answer to Interrogatory 10 incorporated herein by reference.

14. Identify by name and current address the past and current HP employees, consultants, contractors, vendors or others most knowledgeable about the Battery Authentication System used in all HP model laptops.

**ANSWER:** HP objects to this Interrogatory as vague and ambiguous as framed, particularly with respect to the phrase "Battery Authentication System." HP further objects to this Interrogatory as overly broad and unduly burdensome and without limitation with respect to the issues in this case, insofar as the Interrogatory seeks identification of HP employees most knowledgeable concerning "the Battery Authentication System used in all HP model laptops". HP further objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to a claim or defense of any party insofar as it seeks information concerning products not alleged to have caused Plaintiffs' damages as alleged in Plaintiff's complaint. Subject to and without waiving the foregoing, HP will designate a witness to testify regarding battery authentication in this model notebook under Federal Rule of Civil Procedure 30(b)(6).

15. Identify by name and current address the past and current HP employees, consultants contractors, vendors or others most knowledgeable about the Battery Counterfeit Check Error message used in all HP model laptops.

**ANSWER:** HP objects to this Interrogatory as overly broad and unduly burdensome and without limitation with respect to the issues in this case, insofar as the Interrogatory seeks identification of HP employees most knowledgeable concerning "the Battery Counterfeit Check Error used in all HP model laptops". HP further objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence and not relevant to a claim or defense of any party insofar as it seeks information concerning products not alleged to have caused Plaintiffs' damages as al-

leged in Plaintiff's complaint. Subject to and without waiving the foregoing, HP will HP will designate a witness to testify regarding Battery Counterfeit Check Error in this model notebook under Federal Rule of Civil Procedure 30(b)(6).

16. A statement of the precise act, acts or omissions constituting plaintiffs alleged culpable conduct; if violations of statutes, ordinances, rules or regulations are claimed, specify same.

**ANSWER:** HP objects to this interrogatory insofar as it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this Interrogatory insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, and further noting that discovery is still ongoing, HP was not present at the time of the fire and, therefore, does not have first-hand knowledge of the conduct of the plaintiffs that may or may not have constituted alleged culpable conduct of the plaintiffs that is relevant to this case. Plaintiffs allege that the fire started in an HP notebook and, specifically, due to a malfunctioning or defective lithium ion battery. HP does not concede that the fire started in the HP notebook as alleged. However, if so, HP states that the Notebook contains at least one part not original to the Notebook, to wit, the battery pack. Presumably, plaintiffs know the circumstances under which that battery pack was installed in the Notebook computer. Discovery is ongoing HP reserves the right to supplement this interrogatory answer prior to the time of trial.

17. State all facts and identify all witnesses that support defendant's ninth and twenty-sixth affirmative defense that plaintiffs' injuries and damages were in whole or in part the result of plaintiffs own culpable conduct and/or assumption of the risk.

**ANSWER:** Please see the objections/answer to Interrogatory 16 incorporated herein by reference.

18. State all facts and identify all witnesses that support defendant's fifth affirmative defense that plaintiffs failed to take reasonable measure to mitigate damages.

**ANSWER:** HP objects to this interrogatory insofar as it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this Interrogatory insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, HP refers Plaintiffs to Answer Interrogatory 16 incorporated herein by reference. Discovery is ongoing HP reserves the right to supplement this interrogatory answer prior to the time of trial.

19. State all facts and identify all witnesses that support defendant's seventh affirmative defense that plaintiffs have no standing to maintain this action.

**ANSWER:** HP objects to this Interrogatory insofar as it seeks to require it to disclose information protected by attorney-client privilege, the work product doctrine and seeks legal conclusions. Subject to and without waiving the foregoing, upon information and believe, HP states that plaintiffs Carol S. Marcellin and Jessica Hollowell-McKay have adduced no evidence to substan-

tiate their allegation of timely appointment as co-administrators of the Estate of Charles E. Hollowell by the Allegheny County Surrogate and thereby their standing to maintain this action. Upon information and belief, Plaintiff Jessica Hollowell-McKay as the daughter of the decedent has no standing to bring an action for her or her sister's loss of consortium. Discovery is ongoing HP reserves the right to supplement this interrogatory answer prior to the time of trial.

20. State all facts and identify all witnesses that support defendant's twenty-fifth affirmative defense that plaintiffs failed to join all necessary and indispensable parties to this action.

**ANSWER:** HP objects to this interrogatory insofar as it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this Interrogatory insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, HP states that it believes that plaintiffs' theory of what caused the fire is a malfunctioning battery in the HP Notebook computer. HP does not concede that this is correct. However, if plaintiffs' theory is correct, at least one part of the Notebook is not original to it, to wit, the battery pack. The manufacturer, supplier and seller of this battery pack, presumably known to plaintiffs, may be necessary and indispensable parties in light of plaintiffs' theory. Discovery is ongoing HP reserves the right to supplement this interrogatory answer prior to the time of trial.

21. State all facts and identify all witnesses that support defendant's thirteenth and twenty-sixth affirmative defenses that plaintiffs injuries and damages were caused by parties over whom the answering defendant was not obligated to exercise supervision or control or that the losses caused by unforeseen and unforeseeable acts and omissions by others.

**ANSWER:** HP objects to this interrogatory insofar as it seeks expert disclosures beyond those required by the Federal Rules of Civil Procedure and the Scheduling Order in this case. HP further objects to this Interrogatory insofar as it seeks to require it to disclose information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, HP incorporates herein the objections and answers to interrogatories 16 and 20. Discovery is ongoing, and HP reserves the right to supplement this answer prior to the time of trial.

22. State all facts and identify all witnesses that support defendant's thirty-second affirmative defense that plaintiffs failed to exercise reasonable care to discover the alleged defect, and perceive and observe danger, and avoid injury.

**ANSWER:** Please see the objections/answer to Interrogatory 16 and 20 incorporated herein by reference.

The undersigned deposes and states under penalties of perjury, on this 23rd of March, I am the Manager, Global Claims & Insurance with HP Inc., defendant in the above-captioned action I have read the foregoing answers to interrogatories and know the contents thereof; these answers were prepared with the assistance of counsel upon whose advice I have relied; that the answers set forth herein, subject to inadvertent or undiscoverable errors, are not all within my personal knowledge and there is no employee of HP Inc. who has knowledge of all such matters; that the answers herein are based on and are, therefore, necessarily limited by records in and information still in existence, presently recollected and thus far discovered in the course of preparation of these answers; that HP reserves the right to supplement or make any changes in the answers if it appears at any time that omissions or errors have been made or that more accurate information is available; that subject to the limitations set forth herein these answers are true to the best of my knowledge, information and belief.

HP Inc.,

BY: *(signature)*
Monica Olis
Its: Manager – Global Claims & Insurance

As to objections:

HP, INC.,

By its attorneys,

*[signature]*

Jaclyn S. Wanemaker, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Telephone: (315) 474-2911
Facsimile: (315) 474-6015
jwanemaker@smithsovik.com

## Certificate of Service

I, Jaclyn S. Wanemaker, do hereby certify that on ___27___ of March, I served a copy of the within document via email.

FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
28 East Main Street, Suite 1100
Rochester, New York 14614
Telephone: (585) 325-5150
Facsimile: (585) 325-3285
Email: sschwarz@faraci.com
Email: mbelanger@faraci.com

Email: caughey@faraci.com

PILLINGER MILLER TARALLO, LLP
Jeffrey D. Schulman
Maria Mastriano
126 N. Salina Street, Suite 215
Syracuse, NY 13202
Tel.: (315) 471-6166
Fax: (315) 295-2575
mmastriano@pmtlawfirm.com
jschulman@pmtlawfirm.com

*[signature]*

Jaclyn S. Wanemaker, Esq.