UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HP, INC., and STAPLES, INC.,<br><br>　　　　　Defendants. | Civ. No. 1:21-cv-00704-JLS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37**

**TABLE OF CONTENTS**

CONCLUSION

SUMMARY OF THE ARGUMENT ................................................................................................ 1

SUMMARY OF THE FACTS ALLEGED IN THE COMPLAINT ............................................... 1

ARGUMENT ..................................................................................................................................... 3
   POINT I: PLAINTIFFS' INTERROGATORIES, REQUESTS FOR PRODUCTION AND RULE 30(b)(6) NOTICE ARE PROPER DISCOVERY DEMANDS WITHIN THE SCOPE OF F.R.Civ.P. 26. ................................................................................................................. 3

   POINT II: PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS AND ATTORNEYS'S FEES FOR THIS MOTION, REGARDLESS OF WHETHER DEFENDANTS PROVIDE THE OUTSTANDING DISCOVERY AFTER THIS MOTION WAS FILED .......................................................................................................................... 4

   POINT III: ADDITIONAL SANCTIONS ARE WARRANTED AGAINST DEFENDANT STAPLES FOR ITS COMPLETE REFUSAL TO RESPOND TO PLAINTIFF'S DISCOVERY DEMANDS ...................................................................................................... 5

CONCLUSION .................................................................................................................................. 6

i

## TABLE OF AUTHORITIES

Page(s)

Cases

*Bishop v. First Mississippi Fin. Group, Inc.*,
  221 F.R.D. 403 (S.D. Fla. 2017)..................................................................................... 5
*Centeno-Bernuy v. Becker Farms*,
  219 F.R.D. 59 (W.D.N.Y. 2003)...................................................................................... 3
*Clietron Corp. V. Devon IT, Inc.*,
  894 F.3d 568 (3d Cir. 2018)............................................................................................ 5
*Coleman v. Dydula*,
  175 F.R.D. 177 (W.D.N.Y. 1997).................................................................................... 4
*Howard v. City of Albuquerque*,
  349 F. Supp. 1137 (D.N.M. 2018)................................................................................... 4
*Jenkins v. Toyota, Japan*,
  106 F.R.D. 185 (W.D.N.Y. 1984).................................................................................... 5
*Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*,
  181 F.R.D. 229 (W.D.N.Y. 1998).................................................................................... 4
*Lopez v. Whirlpool Corp.,*
  989 F.3d 656 (8th Cir. 2021)........................................................................................... 5
*Oppenheimer Fund, Inc., v. Sanders*,
  437 U.S. 340 (1978)........................................................................................................ 4
*Protopapas v. EMCOR Gov't Serv.*, Inc.,
  251 F.Supp. 3d 249 (D.D.C. 2017)................................................................................. 4
*Roney v. Starwood Hotels & Resorts Worldwide, Inc.*,
  236 F.R.D. 346 (E.D. Mich. 2006).................................................................................. 5
*Syntel Sterling Best Shores Mauritius, Ltd., v. TriZetto Grp.*,
  328 F.R.D. 100 (S.D.N.Y. 2018)..................................................................................... 5
*Tailored Lighting, Inc. v. Osram Sylvania Prod., Inc.*,
  255 F.R.D. 340 (W.D.N.Y. 2009).................................................................................... 4

Rules

F.R.Civ.P. 26.......................................................................................................................... 3
F.R.Civ.P. 39(a)(5)(A)............................................................................................................ 4
F.R.Civ.P. 26(b)(1)................................................................................................................. 3
F.R.Civ.P. 26(d)...................................................................................................................... 5

## SUMMARY OF ARGUMENT

Plaintiff has served Interrogatories and Requests for Production of Documents on both Defendants. Defendant Staples has failed to object to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents, has failed to respond to either, and has failed to produce a Privilege Log and respond fully to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents. Defendant Staples has also failed to provide dates to produce a witness pursuant to Plaintiff's Notice pursuant to Rule 30(b)(6). Defendant HP has failed to respond fully to Plaintiffs' Second Set of Interrogatories and failed to object or respond at all to Plaintiffs' Second Request for Production of Documents. Plaintiffs have attempted to resolve this dispute in numerous emails and a meet and confer conference that took place on May 5, 2023. Although a letter from Defendant HP's counsel filed with the Court represented that Defendants would serve answers to the outstanding discovery demands by June 30, 2023, such responses were not received by June 30, 2023 and Defendant HP's partial response to Plaintiffs' Second Set of Interrogatories failed to provide much of the requested information sought. Plaintiffs were left with no choice but to move to compel appropriate responses and/or for sanctions.

## SUMMARY OF THE FACTS ALLEGED IN THE COMPLAINT

This case arises out of a tragic fire that occurred in the early morning hours of January 24, 2020, which resulted in the death of Charles Hollowell and severe and permanent emotional injuries to Plaintiff Carol Marcellin. On that night, Plaintiff Carol Marcellin was awakened by the sound of the smoke detector at her home located at 192 Bells Brook Road, Ceres, New York, in Allegheny County. Decedent, Charles Hollowell, her longtime companion, who was physically disabled, was asleep with her at the time. After waking him, she went to see where the smoke was coming from and saw the HP laptop she had purchased from Staples on fire and

throwing off sparks that had started the rest of the room on fire. When she returned to the bedroom, she tried to get Mr. Hollowell into his wheelchair, but he fell to the floor and she was unable to get him up. She was unable to get to a phone in the house so crawled out to contact emergency services through the OnStar service in her vehicle. She couldn't get OnStar to connect so had to drive a distance from the home before getting through. When she returned, the fire was consuming the home and there was no way to go back in. First responders were also unable to save Mr. Hollowell who perished in the fire.

What remained of the HP laptop was inspected by experts for both Plaintiffs and Defendants. It was discovered that the fire began when the battery in the laptop exploded. It was also discovered that the battery that exploded was not an original HP battery-pack but was a replacement battery that was inserted after original manufacture. The replacement battery lacked connections to safety features that would have prevented overcharging, which was concluded by the experts to be the cause of the fire. Plaintiffs' experts were able to find information publicly available that indicated the laptop's initial warranty period began in 2010. Therefore, it was assumed the laptop was originally purchased that year. Markings on the battery pack indicated it was manufactured in 2014.

All of Plaintiff Carol Marcellin's records were destroyed in the fire, including any receipts from the purchase of the laptop. She had no recollection of ever purchasing a replacement battery for this device. Because of the lack of documentation and because she was almost 80 years old and also, had been so traumatized by the events leading to her companion's death, it was difficult to confirm when the laptop had been purchased from Staples. When the complaint was filed, it was assumed based on the available information that she had purchased the laptop new from Staples in approximately 2010 and had forgotten she had replaced the battery sometime later.

2

Plaintiffs' attorneys made a diligent search of her obtainable credit card purchase records for all credit cards she could remember possessing during the relevant period, but were unable to locate any records of the purchase of a replacement battery after 2014.  On March 16, 2023, when Plaintiffs were preparing for their deposition that was scheduled to be held the following day, Plaintiffs' counsel realized that it was unlikely Plaintiff Carol Marcellin purchased the laptop new in 2010 and probably purchased it with the replacement battery already installed.  A search of Defendant Staples' website revealed that the company did indeed sell refurbished computer equipment, including laptop computers.  As soon as this was appreciated, an email was sent to Defendants counsel advising them of this single factual change to the allegations in the Complaint and in the Answers to one interrogatory propounded by Defendant HP.  Defense counsel then sought to cancel the deposition and when Plaintiffs' counsel refused, chose not to show up.

Plaintiffs then amended their interrogatory answer and served additional discovery on both defendants to obtain information that would shed light on when and to whom the laptop was initially sold and when Plaintiff Carol Marcellin purchased it from Defendant Staples.  It is this discovery that Plaintiffs now seek to compel as Defendant HP has failed to respond to most of the requests and Defendant Staples has failed to respond at all.  Defendant Staples has also failed to agree to produce a witness pursuant to Plaintiffs' Rule 30(b)(6) notice.

ARGUMENT

POINT I

**PLAINTIFFS' INTERROGATORIES, REQUESTS FOR PRODUCTION AND RULE 30(b)(6) NOTICE ARE PROPER DISCOVERY DEMANDS WITHIN THE SCOPE OF F.R.Civ.P. 26.**

Rule 26(b)(1) authorizes discovery of any matter relevant to the claim or defense of any party in a pending action.  *Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59 (W.D.N.Y. 2003).

Courts have defined "relevant" to encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978); *see also*, *Tailored Lighting, Inc. v. Osram Sylvania Prod., Inc.*, 255 F.R.D. 340, 343 (W.D.N.Y. 2009).

The information sought from Defendants about the dates of sale and purchaser of the subject laptop and the documents related thereto, as well as information from Defendant Staples on its refurbished computer sale business are certainly relevant and likely to lead to other relevant information that bear on the issues of this case.  Moreover, Defendants have failed to timely object to these requests, thereby waiving any right to object at this point.  *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229 (W.D.N.Y. 1998).

Plaintiffs' motion to compel both Defendants to provide complete and adequate responses to all discovery demands should be granted in its entirety.

## POINT II

**PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS AND ATTORNEYS'S FEES FOR THIS MOTION, REGARDLESS OF WHETHER DEFENDANTS PROVIDE THE OUTSTANDING DISCOVERY AFTER THIS MOTION WAS FILED**

The victorious party in a motion to compel is entitled to recover its expenses in preparing the motion, including attorneys' fees. *Coleman v. Dydula*, 175 F.R.D. 177 (W.D.N.Y. 1997). The movant is entitled to expenses even if the respondent provides a disclosure or discovery response after the motion is filed.  *Howard v. City of Albuquerque*, 349 F. Supp. 1137, 1146 (D.N.M. 2018); *Protopapas v. EMCOR Gov't Serv.*, Inc., 251 F.Supp. 3d 249, 257 (D.D.C. 2017); F.R.Civ.P. 39(a)(5)(A).

Plaintiffs should be awarded costs and attorneys' fees against both Defendants for being forced to file this motion.

## POINT III

**ADDITIONAL SANCTIONS ARE WARRANTED AGAINST DEFENDANT STAPLES FOR ITS COMPLETE REFUSAL TO RESPOND TO PLAINTIFF'S DISCOVERY DEMANDS**

Sanctions under Rule 37(d) are available when a party fails to appear for the party's deposition after being served with proper notice, fails to answer or object to properly served interrogatories, or fails to serve a written response to a properly served request to inspect documents or things. *Jenkins v. Toyota, Japan*, 106 F.R.D. 185 (W.D.N.Y. 1984). *See also*, *Lopez v. Whirlpool Corp.*, 989 F.3d 656, 665 (8th Cir. 2021); *Roney v. Starwood Hotels & Resorts Worldwide, Inc.*, 236 F.R.D. 346 (E.D. Mich. 2006).

Sanctions available under Rule 37(d) include all of those listed under Rule 37(b) with the exception of contempt. *See Bishop v. First Mississippi Fin. Group, Inc.* 221 F.R.D. 403, 405 (S.D. Fla. 2017). These sanctions include:

- The Court may deem as established the facts that the moving party was seeking to establish (*Clietron Copr. V. Devon IT, Inc.*, 894 F.3d 568, 578 (3d Cir. 2018).;

- The Court may refuse to allow the disobedient party to introduce certain matters into evidence or to support or oppose certain claims or defenses (*Funk v. Belnefekhim*, 861 F. d 354, 363-364 (2d Cir. 2017);

- The Court may strike any pleading or portion of any pleading (*Clientron*, 894 F.3e at 577; *Syntel Sterling Best Shores Mauritius, Ltd., v. TriZetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018).

Defendant Staples has failed to respond to Plaintiffs' deficiency letter regarding Plaintiffs' First Set of Interrogatories and First Request for Production, has failed to provide a Privilege Log as required by Western District Local Rule 26(d) after making privilege objections

5

and has failed to respond to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents and has failed to provide a date and witness for the Rule 30(b)(6) Notice properly served upon it.  Accordingly, any of the above sanctions are warranted for this willful refusal to comply with the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel both Defendants to respond to outstanding discovery demands should be granted, Plaintiffs should be awarded costs and attorney's fees against both Defendants, and this Court should issue appropriate sanctions pursuant to Rule 37(d) against Defendant Staples for its refusal to respond to Plaintiffs' discovery demands and for refusing to produce a witness pursuant to Plaintiffs' Rule 30(b)(6) Notice.

DATED:  July 24, 2023

*/s/ Stephen G. Schwarz*
FARACI LANGE, LLP
1882 South Winton Road, Suite 1
Rochester, NY 14618
(585) 325-5150
sschwarz@faraci.com

*Attorneys for Plaintiffs*