UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> HP, INC., and STAPLES, INC., | **Civ. No. 1:21-cv-00704-JLS** |

**ATTORNEY DECLARATION OF JACLYN WANEMAKER IN OPPOSITION TO MOTION TO COMPEL**

Pursuant to 28 U.S.C.§ 1746, I, Jaclyn S. Wanemaker, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief:

1.    I am an attorney duly admitted to practice in the State of New York and a partner in the firm of Smith, Sovik, Kendrick & Sugnet, PC, attorneys for Defendant HP, Inc. (hereinafter "HP") herein, and as such, I am fully familiar with the facts and circumstances surrounding this case.

2.      I make this declaration in opposition to the plaintiffs' motion to compel and for expenses and attorneys' fees incurred.

3.      This products liability action stems from a January 24, 2020 fire that plaintiffs claim originated in one of plaintiff Carol Marcellin's laptop computers.

4.      The plaintiffs allege that the residential fire that caused the plaintiff's decedent's death was "caused by the overcharging, ignition and explosion of the lithium-ion battery in the Laptop." Dkt. # 1 ,¶ 17. The Defendants maintain that the battery at issue was not original to the Laptop, and have accordingly raised affirmative defenses that include modification, alteration, misuse, and nonjoinder. *See* Dkt. # 3 at 8-9, 11; Dkt. # 8 at 12-13, 15-16.

5.      In the Complaint dated June 2, 2021, the plaintiffs alleged, "[i]n or about 2010 Plaintiff, Carol Marcellin purchased an HP Pavilion DV6 Laptop computer ("Laptop") from Defendant Staples, Inc. ("Staples"). Dkt. # 1, ¶ 10.

6.      In their first answers to interrogatories served on March 9, 2022, the plaintiffs stated "Upon information and belief, the Product was purchased in or about March 2011 based on warranty information obtained from running the laptop's serial number." Ex. A.

7.      On November 9, 2022, HP stated to plaintiff that it was not "willing to agree to extending deadlines only to have plaintiff immediately file motions to compel against us" and "cannot agree to adjust deadlines for the purpose of exposing our respective clients to costly motion practice." Ex B. HP further stated that it would agree to extend discovery if such discovery was "limited to the make/model of the notebook computer at issue in this case" to "ensure that

we don't agree to reset deadlines for the purpose of engaging in far afield, disproportionate discovery." *Id.*

8.     On November 15, 2022, plaintiff's counsel submitted a proposed scheduling order on behalf of all parties that was subsequently approved and ordered by the Court. Dkts. # 19, 20. That order contemplated that all motions to compel be filed by May 31, 2023 and all discovery be completed by June 30, 2023. Dkt. # 19-1.

9.     On February 13, 2023, counsel for the defendants agreed to proceed remotely with the deposition of the plaintiffs on March 17, 2023, specifically so that plaintiff Carol Marcellin would not have to travel. The "plaintiffs coming to [counsel's] office" for preparation and deposition was for the convenience of counsel, who required his 80-year-old client to travel over 100 miles from Rochester, NY to Ceres, NY.  *See* Dkt. # 25-9 at 3 ("I do not know why Ms. Marcellin traveled. She certainly did not travel at the request of defendants. In fact, we specifically agreed to a zoom deposition for her convenience.").

10.     On the eve of her deposition–literally, on the evening before her deposition at 4:39 P.M.–plaintiffs' counsel alerted defendants, for the first time, that plaintiff had yet another version of her story. This time, plaintiff alleged that she bought the notebook computer years later: "In prepping my clients today we discovered an error in Plaintiffs Complaint, paragraph 10 and Plaintiffs 'Answers to HPs Interrogatories, Interrogatory 10. We believe the Laptop was purchased in 2015 not 2010." Dkt. # 25-9 at 6. This information was conveyed by plaintiffs' counsel in an unsworn statement via email.

11.    On May 11, 2023, further to the conferral among the parties, HP stated in respect of the plaintiffs' second interrogatories seeking information concerning the sale of the laptop at issue: "Given the age of the laptop at issue, we have been unable to locate this information." Dkt. # 25-23 at 8.

12.    On the same date, further to the conferral among the parties, HP stated in respect of the plaintiffs' second interrogatories seeking information concerning the individual who registered the warranty for the at-issue laptop: "See the attached screenshot for the laptop registration identifying Carol Marcellin as the registered owner of the laptop." Dkt. # 25-23 at 8.

13.    On July 11, 2023, HP served verified interrogatory responses consistent with its statements to plaintiff on May 11, 2023. *See* Doc. 25-31.

14.    Plaintiff raised no objections to these verified second interrogatory responses before filing the instant motion, and made no attempt, let alone a sincere attempt, to resolve any discovery dispute concerning the verified second interrogatory responses with HP before filing the instant motion.

15.    On July 25, 2023, plaintiff filed the instant motion.

16.    In the plaintiffs' instant motion to compel, plaintiffs advance yet another version of their story–"We performed a Google search and discovered information on Staples 'website that the company sold previously owned refurbished laptop computers, which based on Plaintiff Carol Marcellin's recollection of the time and circumstances of the purchase, conformed more closely to the facts as we understood them." Dkt. # 25-1 at 5.

17.    On July 31, 2023, HP served responses to the plaintiff's second set of requests for production. *See* Ex. C.

18.    On the same date, HP inquired whether Plaintiff's counsel required additional time to review the production of documents prior to HP's designee deposition. *See* Ex. D. Plaintiffs' counsel declined. *Id.*

19.    Plaintiff's counsel proceeded with the deposition of HP's designee thereafter on August 2, 2023. Ex. D.

20.    On August 7, 2023 HP inquired concerning whether plaintiffs would proceed with the motion to compel as to HP in view of HP's compliance. Ex. E.

21.    On August 10, 2023, in response to that letter, plaintiffs stated for the first time to HP their purported objections to the second interrogatory responses, and to the second production of documents. Ex. E.

WHEREFORE, HP respectfully requests an Order:

A. Denying plaintiffs' motion to compel as to HP in its entirety, as plaintiffs did not comply with their obligations under Local Rule of Civil Procedure 7 or identify any specific deficiency in HP's responses to their second set of interrogatories, and HP has now responded to plaintiff's second set of requests for production;

B. Awarding HP the reasonable expenses incurred in opposing the plaintiffs' motion including attorney's fees under F.R.C.P. 37(a)(5)(B); and

C. For such other and further relief as to this Court seems just and proper.

DATED: August 18, 2023

/s/ *Jaclyn S. Wanemaker*

_____

Jaclyn S. Wanemaker, Esq.
SMITH SOVIK KENDRICK & SUGNET, PC
*Attorneys for Defendant HP, Inc.*
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel.: (315) 474-2911
jwanemaker@smithsovik.com