UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>           Plaintiffs,<br><br>    v.<br><br>HP, INC., and STAPLES, INC., | **Civ. No. 1:21-cv-00704-JLS** |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL**

Defendant HP, Inc. (hereinafter "HP") respectfully submits this Memorandum of Law in opposition to the plaintiff's motion to compel. Dkt. # 25.

{S1882199.1}　　　　　　　　　　1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. 2

SUMMARY OF ARGUMENT ........................................................................................ 3

ARGUMENT .................................................................................................................... 4

I.  PLAINTIFFS FAILED TO DEMONSTRATE ANY SINCERE ATTEMPTS TO RESOLVE THE DISCOVERY DISPUTE UNDER LOCAL RULE OF CIVIL PROCEDURE 7(d)(3)................................................................................................ 6

II. PLAINTIFFS FAILED TO IDENTIFY ANY DEFICIENCY IN THE SECOND SET OF INTERROGATORIES. ................................................................................. 7

III. HP HAS NOW RESPONDED TO THE PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION........................................................................... 9

IV. BECAUSE THE MOTION TO COMPEL SHOULD BE DENIED, HP IS ENTITLED TO REASONABLE EXPENSES INCURRED IN OPPOSING PLAINTIFFS' MOTION TO COMPEL. ..................................................................10

CONCLUSION.................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Corr. Officer Justin Taylor,* 2023 U.S. Dist. LEXIS 92887, at *12 (W.D.N.Y. May 26, 2023) ....................................................................... 5, 7, 9, 10

*Amatangelo v. National Grid USA Service Co., Inc.*, 2007 U.S. Dist. LEXIS 92830 (W.D.N.Y. 2007) (Skretny, J.) ........................................................................................ 6

*Andres v. Town of Wheatfield,* 2023 U.S. Dist. LEXIS 125564, at *26-27 (W.D.N.Y. July 20, 2023) (Reiss, J.) ............................................................................................... 10

*Cohane v. NCAA,* 2012 U.S. Dist. LEXIS 129282, at *3-4 (W.D.N.Y. Sep. 11, 2012) (Schroeder, J.)................................................................................................................... 7

*Fuller v. Summit Treestands, LLC*, 2009 U.S. Dist. LEXIS 60610, at *16-17 (W.D.N.Y. May 11, 2009) (McCarthy, J.)...................................................................... 6

*Marseet v. Rochester Inst. of Tech.,* 2023 U.S. Dist. LEXIS 15672, at *8 (W.D.N.Y. Jan. 30, 2023) (Payson, J.) .............................................................................................. 7

*McFadden v. Williams,* 2022 U.S. Dist. LEXIS 211728, at *13-15 (W.D.N.Y. Nov. 22, 2022) (Payson, J.) .................................................................................................... 5, 7, 9

*Mills v. Steuben Foods, Inc.*, 2023 U.S. Dist. LEXIS 6865, at *30 (W.D.N.Y. Jan. 13, 2023) (Foschio, J.)....................................................................................................... 5, 7

*Pegoraro v. Marrero,* 2012 U.S. Dist. LEXIS 169771, at *4 (S.D.N.Y. Nov. 28, 2012) (Fox, J.) ................................................................................................................. 11
*Smith v. Fischer*, 2008 U.S. Dist. LEXIS 98580 *1 (W.D.N.Y. 2008) .......................... 9
*Stokes v. Wayne Cty.*, 2023 U.S. Dist. LEXIS 108883, at *5 (W.D.N.Y. June 23, 2023) (Payson, J.) ............................................................................................................ 7
*Vega v. Hatfield*, 2011 U.S. Dist. LEXIS 105943,*1 (W.D.N.Y. 2011) ......................... 9

**Rules**

F.R.C.P. 37(a)(1) ............................................................................................................. 6, 7
F.R.C.P. 37(a)(5)(B) ....................................................................................................... 6, 10
Local Rule of Civil Procedure 7(d)(3) ...................................................................... 4, 6, 7

## SUMMARY OF ARGUMENT

Apparently, operating under the auspices of the age-old proposition that the "best defense is a good offense" plaintiffs filed within motion to compel. That this was a tactic intended to draw attention away from plaintiffs 'own failure to comply with their discovery obligations[1] in this case is demonstrated by [1] the fact that plaintiffs did not comply with their obligations under Local Rule of Civil Procedure 7; [2] that plaintiffs do not identify any specific deficiency in defendant, HP, Inc.'s ("HP") responses to their second set of interrogatories; [3] that HP has now responded to plaintiff's second set of requests for production; and [4] that defendant, HP, Inc. has to date produced over 1600 pages of documents to plaintiff in a case where plaintiff

---

[1] As acknowledged in plaintiffs' motion and the exhibits thereto, HP raised significant discovery deficiencies with plaintiff on May 11 and June 15. *See* Dkt # 25-1 at ¶¶ 20, 23 (reciting HP's attempts to resolve discovery disputes); Dkt. # 25-23 at 9-10 (identifying deficiencies with plaintiffs' discovery responses). These relate, among other things, to plaintiffs' constantly-shifting answers and allegations concerning the date of purchase of the subject laptop and its subsequent modification. *See* Affidavit of Jaclyn Wanemaker, ¶¶ 5, 6, 10, 16.

alleges that the mechanism of the fire is a component part that was not original to the HP product.

In other words, plaintiff has sought, and obtained, over a thousand pages of documents pertaining to a product that was substantially altered after it left HP's hands. Per the express language of the Federal Rules of Civil Procedure Rule 26, discovery must be proportional to the needs of the case. However, where, as here, plaintiff is alleging that the fire was caused by an aftermarket component that was installed by someone other than HP after the sale of the product, plaintiffs 'continued request for more and more is clearly not proportional. The plaintiffs' motion must be denied, and HP accordingly awarded the reasonable expenses including attorneys' fees for its opposition thereto. F.R.C.P. 37(a)(5)(B).

## ARGUMENT

As an initial matter, it bears emphasis that the plaintiffs' motion, insofar as it is directed to HP, seeks an Order concerning the following remedies only: [1] "Compelling Defendant HP to provide complete answers to Plaintiffs 'Second Set of interrogatories"; [2] "compelling Defendant HP to provide responses to Plaintiffs ' Second Request for the Production of Documents"; and [3] "compelling Defendants to pay Plaintiffs' reasonable expenses incurred in making this motion, including attorney's fees." Dkt. #25-1 at 10. However, plaintiffs did not undertake a sincere attempt to resolve the discovery dispute prior to filing their motion as required by Local Rule of Civil Procedure 7(d)(3). For this reason alone, the plaintiffs' motion must be denied in its entirety. *See McFadden v. Williams,* 2022 U.S. Dist. LEXIS

211728, at *13-15 (W.D.N.Y. Nov. 22, 2022) (Payson, J.) (denying motion to compel under Local Rule 7(d)(3)) ("[r]eview of the excessive number of discovery motions and filings reveals that many, if not all, of McFadden's disputes were not addressed with opposing counsel before he filed the motions, and indeed many could have been resolved had he done so").

Indeed, just as plaintiffs never conferred concerning any deficiency with HP's second interrogatory responses, plaintiffs cannot with their motion identify any specific deficiencies in HP's response to their second set of interrogatories. *See, Mills v. Steuben Foods, Inc.*, 2023 U.S. Dist. LEXIS 6865, at *30 (W.D.N.Y. Jan. 13, 2023) (Foschio, J.) ("While Plaintiff's motion refers to Defendants 'allegedly insufficient interrogatory answers, Plaintiff's motion fails to articulate any deficiencies in Defendants 'answers.'"). The plaintiffs' motion to compel further interrogatory responses must be denied.

Finally, that the plaintiffs never conferred concerning HP's second responses to requests for production is evident, in view of the fact that HP produced responsive documents to the plaintiff on July 31, 2023, six days after the filing of the motion to compel. This was in addition to a voluminous production of technical and other documents to the plaintiff throughout the litigation. *See Adams v. Corr. Officer Justin Taylor,* 2023 U.S. Dist. LEXIS 92887, at *12 (W.D.N.Y. May 26, 2023) (Payson, J.) ("Therefore, the portion of plaintiff's motion seeking an order compelling defendant to respond to the Interrogatories, and the question of whether plaintiff attempted to

confer about defendant's failure to initially respond, are moot."). Thus, the plaintiffs' motion to compel further document production must be denied.

Because the plaintiff's motion to compel must be denied, HP, not the plaintiff, is entitled to reasonable expenses incurred in opposing the motion, including attorneys' fees. F.R.C.P. 37(a)(5)(B).

I. **PLAINTIFFS FAILED TO DEMONSTRATE ANY SINCERE ATTEMPTS TO RESOLVE THE DISCOVERY DISPUTE UNDER LOCAL RULE OF CIVIL PROCEDURE 7(d)(3).**

Local Rule of Civil Procedure 7(d)(3) requires "no motion for discovery and/or production of documents under Federal Rules of Civil Procedure 26-37 shall be heard unless moving counsel notifies the Court by written affidavit that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties 'meetings, correspondence or discussions concerning the discovery dispute, and the names of all parties participating therein". *Fuller v. Summit Treestands, LLC*, 2009 U.S. Dist. LEXIS 60610, at *16-17 (W.D.N.Y. May 11, 2009) (McCarthy, J.) (denying motion to compel under L.R. 7(d)(3); *see also* F.R.C.P. 37(a)(1) ("motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). This Rule "is designed to embody a policy of encouraging voluntary resolution of pre-trial disputes, in the interest of judicial and client economy and efficient processing of cases." *Amatangelo v. National Grid USA Service Co., Inc.*, 2007 U.S. Dist. LEXIS 92830 (W.D.N.Y. 2007) (Skretny, J.) (denying motion to compel under L.R. 7(d)(3).

Here, plaintiff made **no** attempt to resolve **any** dispute concerning the responses to the second interrogatories and requests for production prior to filing the instant motion to compel. For this reason alone, the motion must be denied. *See Cohane v. NCAA,* 2012 U.S. Dist. LEXIS 129282, at *3-4 (W.D.N.Y. Sep. 11, 2012) (Schroeder, J.) (denying motion to compel under L.R. 7(d)(3)); *Mills, supra*, at *30 (same) ("Plaintiff's motion is the first time Plaintiff has raised this issue" thereby "conceding that Rule 37(a)(1)'s requirement of a good-faith effort to resolve these issues without judicial intervention be exercised as a prerequisite to relief pursuant to Rule 37(a)(1) and Local Rule 7(d)(3), were not complied with"); *see also Marseet v. Rochester Inst. of Tech.,* 2023 U.S. Dist. LEXIS 15672, at *8 (W.D.N.Y. Jan. 30, 2023) (Payson, J.) (same); *Adams, supra* at *12 (same); *McFadden, supra* at *13 (same); *Stokes v. Wayne Cty.*, 2023 U.S. Dist. LEXIS 108883, at *5 (W.D.N.Y. June 23, 2023) (Payson, J.) (same). The plaintiff's motion must be denied for his failure to comply with the requirements of Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 7.

## II. PLAINTIFFS FAILED TO IDENTIFY ANY DEFICIENCY IN THE SECOND SET OF INTERROGATORIES.

Plaintiffs not only failed to confer with HP concerning any alleged deficiencies in the second interrogatory responses prior to filing their motion to compel–which alone is fatal to the motion–but also failed to identify any actual deficiency in the responses in their motion. *See, Mills, supra*, at *30 ("While Plaintiff's motion refers to Defendants 'allegedly insufficient interrogatory answers, Plaintiff's motion fails to articulate any deficiencies in Defendants 'answers."). Here, plaintiff's second

interrogatories sought the "[1] date the Laptop was first sold, the amount received by HP in the sale, the suggested retail price of the Laptop and the name and address of the purchaser, wholesaler or retailer." Dkt. # 25-31 at 2. HP responded, directly to counsel and formally under oath, that it could not answer the question after a diligent search, except to state that the suggested retail price was approximately $600. *Id*. HP answered the question directly, and the plaintiffs identify no deficiency with this answer in their motion or otherwise. Instead, plaintiffs merely object that the answer did not "identify[] the original purchaser"–irrespective of the fact that the plaintiffs have advanced at least three different dates of purchase, the oldest of which was 13 years ago. *See* Dkt. # 25-1 at ¶ 26; *compare* Affirmation of Jaclyn Wanemaker, ¶¶ 5, 6, 10, 16.

Similarly, plaintiffs fail to identify a deficiency in the remaining response in the second interrogatory responses. Plaintiffs claim that HP did not "provide the date that Plaintiff Carol Marcellin registered the laptop"–notwithstanding the fact that plaintiffs **never requested this information**. *See* Dkt. # 25-31 at 2 ("Identify the name and address of the person or entity who registered for the warranty described in HP 00482 for the Laptop."). HP provided a complete response to this inquiry. *Id*. Once again, plaintiffs identify no deficiency with this answer in their motion or otherwise. The plaintiffs' motion to compel further interrogatory responses must be denied.

### III. HP HAS NOW RESPONDED TO THE PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION.

HP produced responsive documents to the plaintiff on July 31, 2023, six days after the filing of this motion to compel. *See* Ex. C. This was in addition to a production of over 1,600 pages of technical and other documents to the plaintiff throughout the litigation. *See Adams, supra* at *12 ("Therefore, the portion of plaintiff's motion seeking an order compelling defendant to respond to the Interrogatories, and the question of whether plaintiff attempted to confer about defendant's failure to initially respond, are moot."). HP has produced responsive documents to the plaintiffs' second set of requests for production. *See McFadden, supra,* at *6 (because "defendants have now provided their [] disclosures, [plaintiff's] request for an order compelling them to do so is moot."), *citing Vega v. Hatfield*, 2011 U.S. Dist. LEXIS 105943,*1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 U.S. Dist. LEXIS 98580 *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] … [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot"). Any belated attempt by the plaintiff to object to the substance of this production after filing his motion, without making any attempt to confer, is improper and must be rejected. *See* Ex. E; *Adams, supra* at *12 (denying motion to compel where for the first time "plaintiff's reply papers address the adequacy of defendant's responses, which defendant served the day after plaintiff

filed his motion.") Thus, the plaintiffs' motion to compel further document production must be denied.

## IV. BECAUSE THE MOTION TO COMPEL SHOULD BE DENIED, HP IS ENTITLED TO REASONABLE EXPENSES INCURRED IN OPPOSING PLAINTIFFS' MOTION TO COMPEL.

For the reasons set forth above, the motion to compel should be denied, and thus sanctions under Federal Rule of Civil Procedure 37, including expenses under Rule 37(a), are improper. Further, in view of the plaintiffs' failure to attempt in good faith to obtain the discovery without court action and HP's continued efforts to comply with all discovery, the Court must not order this payment. *See Adams supra* at n.8, *citing* F.R.C.P. 37.

However, HP, by being required to defend this patently improper motion, is entitled to reasonable expenses, including fees. Rule 37(a)(5)(B) provides that if a motion for an order compelling disclosure or discovery is denied the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." F.R.C.P. 37(a)(5)(B). "The rule is mandatory unless one of the conditions for not making an award is found to exist, but these conditions are themselves broad enough that the court retains some discretion in the matter. The burden is on the losing party to avoid assessment of expenses and fees rather than on the winning party to obtain such an award." *Andres v. Town of Wheatfield*, 2023 U.S. Dist. LEXIS 125564, at *26-27 (W.D.N.Y. July 20, 2023) (Reiss, J.) (quotations, citations and alterations omitted). No condition for not making an award exists here–the plaintiff's motion was substantially **unjustified**,

and there are no other circumstances that make the award unjust. *See Pegoraro v. Marrero,* 2012 U.S. Dist. LEXIS 169771, at *4 (S.D.N.Y. Nov. 28, 2012) (Fox, J.) (motion only justified if there is a genuine dispute as to which reasonable people could differ). Indeed, HP even sought to have plaintiff withdraw the motion and work towards any outstanding discovery, which does not close until October 2023. Plaintiff refused. Ex. E. The award of expenses to HP for the opposition of plaintiff's motion to compel is therefore proper.

## CONCLUSION

The plaintiffs never conferred with HP as required before bringing this motion. They identify no deficiencies in HP's responses to their second sets of discovery–while significant questions remain concerning their own compliance with their discovery obligations. Their motion to compel must be denied, and HP should be awarded reasonable expenses including attorneys' fees for their opposition thereto.

DATED: August 18, 2023

/s/ *Jaclyn S. Wanemaker*
_____
Jaclyn S. Wanemaker, Esq.
SMITH, SOVIK, KENDRICK & SUGNET, PC
*Attorneys for Defendant HP, Inc.*
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel.: (315) 474-2911
jwanemaker@smithsovik.com