# EXHIBIT A

{S1294745.1}

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CAROL S. MARCELLIN, individually, and as Co-Administrator
of the Estate of Charles E. Hollowell, deceased, *and*
JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate
of Charles E. Hollowell, deceased,
   *Plaintiffs*,
v.
HP, INC., and STAPLES, INC., ,   CIVIL ACTION NO.: 1:21-cv-00704-JLS
   *Defendant*.

**INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS**

  Pursuant to the Federal Rules of Civil Procedure, Rules 33 and 34 and Local Rule of Civil Procedure 26, the Defendant, HP, INC. ("HP" or "defendant"), hereby requests that the Plaintiffs, CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased (together, "Plaintiffs"), answer the following interrogatories separately and in writing, under oath, and produce at the office of Coughlin Betke LLP, 175 Federal St Suite 1450, Boston, MA 02110, the following documents within thirty (30) days after the date of service of this Request:

**Definitions**

  In addition to the Uniform Definitions and Rules of Construction for All Discovery Requests set forth in Local Rule of Civil Procedure 26(c), the following Definitions shall apply to these Discovery Requests:

1. Governmental Agency—When used in these Requests, the term "Governmental Agency" shall mean any local, state or federal agency or organization whatsoever, or anyone acting on their behalf, including without limitation fire department, police department, fire marshal, Consumer Product Safety Commission or similar local or state agency.

2. Incident—When used in these Requests, the term "Incident" shall mean the alleged fire on January 24, 2020, referred to in the complaint (and any amended version thereof) in this matter, and from which you seek to impose liability on this defendant.

3. Photograph—When used in these Requests, the term "photograph" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films, videotapes and computer graphic files. When copies of photographs are provided, you shall produce (at

{S1545693.1}

the expense of this defendant), unretouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative. When copies of videotapes are provided, you shall produce (at the expense of this defendant) an unretouched (or otherwise modified by electronic photographic means) copy from the original tape recording.

4.  Product—When used in these Requests, the term "product" shall mean the product alleged by you to be defective, the HP Pavilion DV6 Laptop, and shall include, without limitation, the product itself and any component parts, whether or not contained within the product.

5.  Property – When used in these Requests the Property shall mean the real property where the incident is alleged to have occurred including all physical improvements thereon.

6.  You/Your—When used in these Requests, the term "you" or "your" shall refer to the Plaintiffs to whom this request is directed and shall include anyone acting on behalf of the Plaintiffs, over whom the Plaintiffs have control, or which is, or may be, subrogated to the Plaintiffs' interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

B. Instructions

1.  Your response to this request shall be made within thirty (30) days after its service on you.

2.  If you refuse to respond to any of these Requests, or to identify any document, on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

   a. date(s) the document was generated,
   b. identify the author(s) of the document,
   c. description of the document (e.g., letter, deed, memorandum, etc.),
   d. identify any indicated recipients of the document,
   e. identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,
   f. subject matter of the document,
   g. basis for claiming privilege or exemption from discovery, and
   h. all facts upon which you rely to support your claim or privilege or exemption from discovery.

3.  In the event you object to any Requests in whole or in part, state in complete detail in your response the nature of your objection, and comply with any part of the request to which you do not object.

4.  These Requests require you to provide information within your knowledge, and the knowledge of anyone over whom you have control, including, without limitation any officer, agent, servant, employee, attorney, insurance company, investigator or independent adjusting company.

5.  These Requests are continuing in character so as to require you to promptly supplement your response if you obtain further or different information after filing your response, in accordance with Rule 26(e), Federal Rules of Civil Procedure.

## Interrogatories

1. Please identify yourself by providing your full name, address, date of birth, current employer (name/address) and occupation.

2. Identify each person whom you expect to call as an expert witness at any hearing or trial in this matter, and describe in complete detail the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, the grounds for each opinion, and the substance of any written report prepared by any such expert.

3. Identify all persons (name/address) you contend have knowledge of the facts, circumstances and events surrounding the Incident, the Product and/or any damages sought by you, or who otherwise has knowledge relevant to the issues in this case. For each such witness, state what you contend is their knowledge and identify any documents concerning, involving or in any way related to your response.

4. Describe in complete detail all injuries, losses, expenses or damages for which you seek to recover from this defendant, including without limitation in your description of each injury, the full amount of money damages you seek and the manner in which that amount was calculated.

5. Describe in complete detail the manner in which you contend the Incident occurred, including without limitation in your description the initial source of ignition for the Incident and its exact location and identify any documents concerning, involving or in any way related to your response.

6. Please identify all electrical items (by type, make, model) including all consumer electronic products and appliances in the room where you contend the fire started.

7. Please identify all persons on the Property within twenty-four hours of the Incident and, as to each, state their name, address and whether they are known to be a smoker.

8. Please describe in full and complete detail any and all injuries you claim to have sustained as a result of the Incident, stating which, if any, will be permanent. If you have recovered from a particular injury, please state the approximate date on which you recovered.

9. Did you or the plaintiffs' decedent receive medical treatment for injuries sustained as a result of the Incident? If your answer is in the affirmative, please provide the following information:

    a. The name and address of any and all persons or institutions from which you or plaintiffs' decedent received medical or other treatment for such injuries;
    b. The approximate number of treatments received, setting forth as accurately as possible the dates of such treatments and the treating institution or person; and
    c. An itemized account of all expenses incurred for such treatment, setting forth which expenses have been paid by plaintiffs' decedent and which have not been paid by you or plaintiffs' decedent.

10. Describe in complete detail how you purchased or otherwise came into possession of the Product (including any and all component parts or accessories thereof) at issue in this case, including without limitation in your description the identity and address of the person from whom you purchased or obtained the Product, the consideration or purchase price you paid for the Product, when you purchased or first obtained the Product, any accessories, parts manuals, instructions, worksheets, warranties, warnings or other materials or documents that accompanied the Product, any representations you contend were made by this defendant that you relied upon in the purchasing or otherwise obtaining the Product, and identify any documents concerning, involving or in any way related to your response.

11. In Paragraph 13 of your Complaint, you allege that the plaintiffs' decedent was physically disabled and was unable to exit the burning building. Please identify all disabilities and other health related issues suffered by the plaintiff in the ten (10) years preceding the Incident that and state whether plaintiffs' decedent receive medical treatment for those issues in the ten (10) years preceding the Incident. If your answer is in the affirmative, please provide the following information:

    a. The name and address of any and all persons or institutions from which plaintiffs' decedent received medical or other treatment for such health issues; and
    b. The approximate number of treatments received, setting forth as accurately as possible the dates of such treatments and the treating institution or person.

12. Please state whether the Product (including any and all component parts or accessories thereof) was maintained, modified, altered, serviced, repaired, damaged or otherwise changed from its original condition from the time it allegedly left the possession or control of the defendant until the time it was sold to you, including but not limited to by Staples, Inc., and, if so, please describe how it was maintained, modified, altered, serviced, damaged, repaired or otherwise changed, when and by whom.

13. Please state whether the Product (including any and all component parts or accessories thereof) was maintained, modified, altered, serviced, repaired, damaged or otherwise changed from its original condition from the time it allegedly left the possession or control of the defendant until the time of the Incident, including but not limited to by you and/or Staples, Inc., and, if so, please describe how it was maintained, modified, altered, serviced, damaged, repaired or otherwise changed, when and by whom.

14. Do you contend there was a design defect with respect to the Product (including any and all component parts or accessories thereof)? If so, please describe said design defect in detail and state what you contend would be the appropriate alternative design including all facts supporting that such was feasible.

15. Do you contend there was a manufacturing defect with respect to the Product (including any and all component parts or accessories thereof)? If so, please describe said manufacturing defect in detail, when/where it occurred and state what you contend would be the correct way to manufacture the Product so as to have avoid that defect.

16. Do you contend that the battery pack/cells in the Product at the time of the Incident were original to the Product? If so, please state all facts upon which you rely in support of your position. Please include in your answer who you contend are the manufacturer of those battery pack/cells.

17. Please identify all person who inspected/investigated the Property where the incident is alleged to occur on your behalf and state the date and times of said work.

18. Please state all dates and times when any expert acting on your behalf examined, inspected, tested or otherwise reviewed the Product (including any

and all component parts or accessories thereof). As to each occasion, please state with specificity what they did.

19. Did you have any problems or issues with the Product prior to the Incident? If so, please state what those were, when you experienced them and what you did to correct or fix them, if anything.

20. Please identify in detail all witnesses you intend to call at the time of trial including name(s), residential address(es), business address(es) and date(s) of birth.

21. With respect to any and all communications between you and any agent or representative of defendant regarding the Incident or your injuries, please describe fully and in complete detail the date, time, place and identity of all persons, whether the communication was oral or written, and state the substance of the communication.

22. Do any plaintiffs anticipate the need for future medical treatment for the injuries you allegedly sustained as a result of the Incident? If your answer is in the affirmative, please provide the following information:

    a. the injury for which you require future medical treatment;
    b. The type of treatment that will be required;
    c. The approximate date on which you will undergo such future medical treatment;
    d. The reason for the future medical treatment; and
    e. The name and address of the physician or medical professional who will be providing the future medical treatment.

23. Are you claiming lost income or lost earning capacity as a result of the Incident? If your answer is anything other than an unqualified "no," please state as accurately as possible:

    a. The dates during which you were incapacitated from working;
    b. The average weekly income received by you in the three years prior to the Incident; and
    c. The amount of financial loss suffered by you as a result of your lost time from work.
    d. What you contend your future lost earnings will be.

24. Please state all facts upon which you base your contention that the fire at issue was caused in whole or in part by defendant.

25. Please state the location of any and all physical evidence related to the cause of the fire that you, or anyone acting on your behalf, is in possession of and where it is currently located.

26. Please identify all of your account credential(s) for Amazon.com, eBay.com, Staples.com, and any other online seller and for each account credential, please identify any purchases made in the preceding ten (10) years involving or related to computer equipment or any component parts thereof.

27. Please identify any fire, building or medical safety systems present at the Property as of the day of the Incident including smoke detectors or alarm systems or medical alert systems.

28. Please state whether any changes, modifications or additions were made to the Property in the ten (10) years preceding the Incident and, as to each, please state what was done, who did the work and when it was completed.

29. Please state whether there were any fires at the Property for the ten (10) years prior to the Incident and, if so, describe what happened, when it happened and what was the alleged cause.

## Requests for Production

1. Any and all medical records, reports, letters, bills, diagnostic films and statements, including full and complete medical records made in connection with the injuries allegedly sustained by the plaintiffs or plaintiffs' decedent as a result of the Incident.

2. Any and all photographs which relate in any way to the Incident, the Product and/or the injuries allegedly sustained by the plaintiffs.

3. Any and all photographs of the Property before and after the incident.

4. Any and all statements taken from or given by the plaintiffs which relate in any way to the Incident, the Product or to injuries that the plaintiffs allegedly received from the Incident.

5. All reports and statements signed, unsigned or transcribed, written and oral which were taken from or given by any person which relate in any way to the Incident, the Product and/or the injuries that the plaintiffs allegedly received from the Incident.

6. All documents by any police, fire department or other governmental agency/unit which relate in any way to the Incident, the Product or the injuries that the plaintiffs allegedly received from the Incident.

7. All documents setting forth the names and addresses of witnesses either directly or indirectly to the Incident.

8. All reports, opinions, statements and any letters which were filed out and/or completed by any expert or experts concerning the Incident, the Product or the injuries that the plaintiff allegedly received from the Incident.

9. If you are making a claim of lost wages, income and/or earning capacity, all records which pertain or relate to wages, salaries, tips, commissions or other income or earnings of the plaintiffs for a period of five (5) years prior to the date of the Incident and continuing to the present.

10. If you are making a claim for lost wages, income and/or earning capacity, all State and Federal Income Tax returns which the plaintiffs filed with the State or the Federal Government for a period of five (5) years prior to the date of the Incident and continuing to the present.

11. All documents that accompanied and/or were provided to you when you purchased the Product.

12. All documents evidencing the purchase of the Product including, but not limited to, credit card bills, receipts, checks and all communications to and from the seller.

13. All documents evidencing or related to the purchase of any computers or computer related equipment or component parts for a period of ten (10) years prior to the Incident to present.

14. All documents evidencing or relating to any maintenance, modification, alteration, service, repair, damage or other change to the Product from its original condition from the time it allegedly left the possession or control of the defendant until the time of the Incident.

15. All documents evidencing or relating to any design defect you contend with respect to the Product.

16. All documents evidencing or relating to any manufacturing defect you contend with respect to the Product.

17. All documents evidencing or relating to the identity of the manufacturer of the battery pack/cells in the Product at the time of the Incident including all

documents supportive of any contention that said battery pack/cells were original to the Product when shipped by defendant.

18. All documents evidencing all dates and times when any expert acting on your behalf examined, inspected, tested or otherwise reviewed the Product (including any and all component parts or accessories thereof) and/or the Property.

19. All documents evidencing or relating to any problems or issues with the Product prior to the Incident.

20. All documents supporting your contention that defendant was negligent and caused the Incident.

21. All documents supporting your contention that any component part in the Product that you alleged caused the Incident was a Product of the defendant.

22. All documents that you refer to in your answers to defendant's interrogatories.

23. All documents evidencing damages suffered by you as a result of the Incident that have not been produced in response to the requests set forth above.

24. All documents including photographs of any physical evidence related to the Incident.

25. All medical records evidencing or related to any health related issues of plaintiffs' decedent for a period of ten (10) years prior to the Incident to the date of the Incident.

26. All documents pertaining to fire, and building safety systems or medical alert or other alarm systems present at the Property as of the day of the Incident.

Dated: Buffalo, New York  
February 2, 2022

Respectfully Submitted,  
HP INC.,  
By its attorneys,

**Smith, Sovik, Kendrick & Sugnet, P.C.**

_Jaclyn S. Wanemaker_  
Jaclyn S. Wanemaker, Esq.  
6245 Sheridan Drive, Suite 218  
Williamsville, New York 14221  
Telephone: (315) 474-2911  
Facsimile: (315) 474-6015  
jwanemaker@smithsovik.com

Certificate of Service

I, Jaclyn S. Wanemaker, do hereby certify that on February 2, 2022, I served a copy of Defendant, HP, Inc.'s Interrogatories and Request for Production by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the United States Postal Service within the State of New York, addressed to the last known addresses of the addressees as indicated below:

FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
*Attorneys for Plaintiffs*
28 East Main Street, Suite 1100
Rochester, New York 14614
Telephone: (585) 325-5150
Facsimile: (585) 325-3285
Email: sschwarz@faraci.com
Email: mbelanger@faraci.com
Email: caughey@faraci.com

PILLINGER MILLER TARALLO
Jeffrey D. Schulman, Esq.
*Attorneys for Defendant
Staples, Inc.*
126 N. Salina Street, Suite 215
Syracuse, New York 13202
Telephone: (315) 471-6166
Email: jschulman@pmtlawfirm.com

_____
Jaclyn S. Wanemaker