# EXHIBIT B

{S1294745.1}

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL S. MARCELLIN, Individually, and as Co-
Administrator of the Estate of Charles E. Hollowell,
deceased, and JESSICA HOLLOWELL-McKAY, as
Co-Administrator of the Estate of Charles E.
Hollowell, Deceased,                                    Civ. No. 1:21-cv-00704-JLS

                        Plaintiffs,

        v.

HP, INC., and STAPLES, INC.,

                        Defendants.

Plaintiffs, by their attorneys, Faraci Lange, LLP, responds to Defendant HP, INC.'s Interrogatories under Rule 33 of the Federal Rules of Civil Procedure, as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1.      Plaintiffs object to the "Definitions" and "Instructions" set forth in Defendant's Interrogatories.   Plaintiffs object to Defendant's Interrogatories to the extent that they seek information or documents outside the scope of discovery permissible under the New York Civil Practice Law and Rules or any Order of this Court.

2.      Plaintiffs object to Defendant's Interrogatories to the extent that they seek documents or information covered by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other applicable privilege or immunity.  None of Plaintiffs' responses are intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other applicable privileges or immunities.  Plaintiffs reserve the right to withdraw and recover any documents covered by such privileges or immunities if Plaintiffs

1

inadvertently or mistakenly produces such document(s) or information in response to Defendant's

Interrogatories or Requests.

3.      Plaintiffs object to Defendant's Interrogatories to the extent that they contain vague

or ambiguous terms or are overly broad, unduly burdensome and oppressive, and not reasonably

calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to Defendant's Interrogatories and Requests to the extent that they

seek information and documents relating to the subject matter and opinions of expert witnesses.

5.      Plaintiffs reserve their rights to supplement or amend its responses to include newly

found responsive information or documents.

6.      These General Objections and Reservations apply to each Interrogatory as though

restated in full therein.

## INTERROGATORIES AND RESPONSES

1.      Please identify yourself by providing your full name, address, date of birth, current

employer (name/address) and occupation.

> **ANSWER:**    **Carol S. Marcellin**
> **192 Bells Brook Road**
> **Ceres, NY 14721**
>
> **FARACI LANGE, LLP**
> **Stephen G. Schwarz, Esq.**
> **28 East Main Street, Suite 1100**
> **Rochester, New York 14614**
> ***Attorneys for Plaintiffs***

**Plaintiffs object to the remainder of this demand on the ground that it seeks**

**information that is outside the scope of F.R.Civ.P. 26.**

2.      Identify each person whom you expect to call as an expert witness at any hearing

or trial in this matter, and describe in complete detail the subject matter on which the expert is

expected to testify, the substance of the findings and opinions to which the expert is expected to testify, the grounds for each opinion, and the substance of any written report prepared by any such expert.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26. Plaintiffs have not yet determined which experts will testify at trial and will provide this information on or before October 28, 2022 as outlined in the Scheduling Order dated October 12, 2021.**

3.      Identify all persons (name/address) you contend have knowledge of the facts, circumstances and events surrounding the Incident, the Product and/or any damages sought by you, or who otherwise has knowledge relevant to the issues in this case. For each such witness, state what you contend is their knowledge and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**

| Individual | Subject Matter |
|---|---|
| Chief Brian Hemphill, Bolivar Fire Department | Witness to incident |
| Mark Collins, Bolivar Fire Department<br>Phone: (585) 808-0981 | Witness to incident |
| James Beaton, Bolivar Fire Department<br>Phone: (716) 378-7320 | Witness to incident |
| Anthony Greenwald, Bolivar Fire Department<br>Phone: (315) 783-7398 | Witness to incident |
| Jeff Luckey, Allegany County Fire Investigator<br>Phone: (585)-268-7650 | Witness to incident |
| Edwards, Aderhold, Valeri | Witnesses to incident |

3

| All listed as FI's Responding per Allegany County Fire Service Fire Investigation Form | |
|---|---|
| Carol S. Marcellin, 192 Bells Brook Road, Ceres, NY 14721 | Plaintiff, longtime companion to decedent, witness and damages witness |
| Jessica Hollowell-McKay, 620 Edgemere Drive, Rochester, NY 14612 | Plaintiff, damages witness, decedent's daughter |
| Josie Hollowell, 2130 Cogburn Park Dr., Houston, Texas 77047 | Damages witness, decedent's daughter |
| Alfred Marcellin, 1158 Promised Land Road, Olean, NY 14760 | Damages witness |
| Olean General Hospital | Care and treatment of decedent prior to death |

**Plaintiffs object to the remainder of this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26.**

4.      Describe in complete detail all injuries, losses, expenses or damages for which you seek to recover from this defendant, including without limitation in your description of each injury, the full amount of money damages you seek and the manner in which that amount was calculated.

**ANSWER: Decedent suffered cardiorespiratory arrest and was found pulseless on the scene. EMS initiated CPR and gave 6 rounds of Epinephrine. Decedent was asystole on route to Olean General Hospital. EMS intubated decedent and noted his throat was charred black. Decedent was pulseless on arrival to Olean General Hospital. ER staff started CPR. Burn marks to decedent's nostrils were noted. CPR stopped at 5:45 am. Decedent's blood draw showed carbon monoxide level of 51.9.**

**Plaintiffs will pursue damages for Decedent's pain and suffering. Decedent was aware of the fire, was conscious, and was actively working with Carol S. Marcellin to try to get into his wheelchair so that he could escape the smoke. Decedent fell to the floor due to his health condition. Carol S. Marcellin was unable to lift him and was forced to leave him to call for help.**

4

**Plaintiffs will pursue all available wrongful death damages available under New York law, including, but not limited to, the pecuniary value of the loss of decedent's services and loss of guidance to the distributees.  The amount of the alleged loss has not yet been calculated and will be provided through the expert testimony of an economist at the time expert reports are required by the Court.**

5.      Describe in complete detail the manner in which you contend the Incident occurred, including without limitation in your description the initial source of ignition for the Incident and its exact location and identify any documents concerning, involving or in any way related to your response.

**ANSWER: The fire occurred on January 24, 2020 at Carol Bell-Marcellin's ("Carol") house located at 192 Bell's Brook Road in Ceres, New York.  Carol lived at the house with her long-time companion, Charles Hollowell ("Charles").  Charles was disabled and used a wheelchair to ambulate.  On the evening of January 23, 2020, Carol was updating the anti-virus software on her HP Pavilion Series laptop located in her office. The anti-virus updates for the laptop were still downloading when Carol went to sleep. The next morning at approximately 4:00 a.m., Carol woke up to the sound of the smoke detector alarm. She got up to investigate and could smell smoke. She could see smoke coming from office. When she got to the office, she saw flames, smoke and splatter of flaming pieces coming out of the HP laptop that is the subject of this lawsuit. Carol tried to put the fire out with a fire extinguisher, but it was unsuccessful. She then went to the bedroom to try to get Charles out of the house. Charles was in the Master Bedroom on the north side of the house, laying on the bed with his feet touching the floor. Carol attempted to get Charles into his wheelchair but he fell to the floor due to his health condition. Charles was conscious, aware of the fire and the need to get out of the house, but once he fell, Carol could not lift him and he could not get off of**

5

the floor himself.  Carol tried several times to lift Charles from the floor to his wheelchair but was forced to flee the house, without her cell phone, when the smoke became too intense.

Carol attempted to call ONSTAR from her car, but had to drive down the road to get a signal. The fire department received the ONSTAR call at 4:15 AM.  The Allegany County Fire Investigation Team responded to the scene. Charles was found in the Master Bedroom with no pulse. First responders removed Charles to the garage and started CPR.  Charles was transported to Olean General Hospital where he was pronounced dead. Charles' Death Certificate lists inhalation of products of combustion as his cause of death.

The following documents have been previously sent via *Sharefile* on October 15, 2021:

A) Allegany County Fire Service Fire Investigation Form
B) Allegany County Photo Logs
C) Jeff Luckey notes taken after interview with Carol Marcellin in ER
D) Police call information
E) Fire Investigation drawings
F) Mark Collins statement / notes
G) James Beaton statement / notes
H) Anthony Greenwald statement / notes

6.      Please identify all electrical items (by type, make, model) including all consumer electronic products and appliances in the room where you contend the fire started.

ANSWER: Plaintiffs refer defendant to the documents previously sent via *Sharefile* on October 15, 2021.

7.      Please identify all persons on the Property within twenty-four hours of the Incident and, as to each, state their name, address and whether they are known to be a smoker.

ANSWER: Carol S. Marcellin and Charles E. Hollowell were the only people on the Property during the 24 hour period prior to the Incident. Neither of them smoked.

8.      Please describe in full and complete detail any and all injuries you claim to have

6

sustained as a result of the Incident, stating which, if any, will be permanent. If you have recovered

from a particular injury, please state the approximate date on which you recovered.

**ANSWER: See response 4.**

9.    Did you or the plaintiffs' decedent receive medical treatment for injuries sustained

as a result of the Incident? If your answer is in the affirmative, please provide the following

information:

      a.   The name and address of any and all persons or institutions from which you or
          plaintiffs' decedent received medical or other treatment for such injuries;

      b.   The approximate number of treatments received, setting forth as accurately as
          possible the dates of such treatments and the treating institution or person; and

      c.   An itemized account of all expenses incurred for such treatment, setting forth
          which expenses have been paid by plaintiffs' decedent and which have not been
          paid by you or plaintiffs' decedent.

**ANSWER: The medical providers that treated include:**

      **a.  Allegany Fire Department**
          **186 W. Main St.**
          **Allegany, New York 14706**

          **Olean General Hospital**
          **515 Main St.**
          **Olean, NY 14760**

      **b.  See response 5.**

      **c.  Upon information and belief, decedent's medical expenses were primarily
          covered by Medicare AB with secondary insurance coverage through
          Independent Health.**

10.    Describe in complete detail how you purchased or otherwise came into

possession of the Product (including any and all component parts or accessories thereof) at

issue in this case, including without limitation in your description the identity and address of

the person from whom you purchased or obtained the Product, the consideration or purchase

price you paid for the Product, when you purchased or first obtained the Product, any

accessories, parts manuals, instructions, worksheets, warranties, warnings or other materials

or documents that accompanied the Product, any representations you contend were made by

this defendant that you relied upon in the purchasing or otherwise obtaining the Product, and

identify any documents concerning, involving or in any way related to your response.

**ANSWER:    Carol Marcellin purchased the Product from Staples, Inc. located at
2735 West State Street, Olean, New York 14760.  Upon information and belief, the Product
was purchased in or about March 2011 based on warranty information obtained from
running the laptop's serial number. The documents that came with the Product cannot be
located. Ms. Marcellin is unaware of the purchase price of the Product. Attached via *Sharefile*
is the manufacturer and warranty information for the Product.**

11.    In Paragraph 13 of your Complaint, you allege that the plaintiffs' decedent was

physically disabled and was unable to exit the burning building. Please identify all disabilities

and other health related issues suffered by the plaintiff in the ten (10) years preceding the

Incident that and state whether plaintiffs' decedent receive medical treatment for those issues

in the ten (10) years preceding the Incident. If your answer is in the affirmative, please provide

the following information:

   a. The name and address of any and all persons or institutions from
      which plaintiffs' decedent received medical or other  treatment for such
      health issues; and
   b. The approximate number of treatments received, setting forth as
      accurately as possible the dates of such treatments and the treating
      institution or person.

**ANSWER: Charles Hollowell was disabled at the time of the incident. Mr. Hollowell
became disabled after he fell and broke his spine while working for the post office in or about
November/December 2000. Charles Hollowell received treatment from Bath VA Medical
Center and Universal Primary Care. Authorizations for defense counsel to obtain the**

**decedent's medical records have been sent via Sharefile.**

12.     Please state whether the Product (including any and all component parts or accessories thereof) was maintained, modified, altered, serviced, repaired, damaged or otherwise changed from its original condition from the time it allegedly left the possession or control of the defendant until the time it was sold to you, including but not limited to by Staples, Inc., and, if so, please describe how it was maintained, modified, altered, serviced, damaged, repaired or otherwise changed, when and by whom.

**ANSWER: Plaintiffs are unaware of any maintenance, modification, alteration, service, repair, damage or other changes to the Product after the initial sale.**

13.     Please state whether the Product (including any and all component parts or accessories thereof) was maintained, modified, altered, serviced, repaired, damaged or otherwise changed from its original condition from the time it allegedly left the possession or control of the defendant until the time of the Incident, including but not limited to by you and/or Staples, Inc., and, if so, please describe how it was maintained, modified, altered, serviced, damaged, repaired or otherwise changed, when and by whom.

**ANSWER: See response 12.**

14.     Do you contend there was a design defect with respect to the Product (including any and all component parts or accessories thereof)? If so, please describe said design defect in detail and state what you contend would be the appropriate alternative design including all facts supporting that such was feasible.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26. Plaintiffs have not yet determined which experts will testify at trial and will provide this information on or before October 28, 2022 as outlined**

in the Scheduling Order dated October 12, 2021.

Without waiver of this objection, Plaintiffs contend there was a design defect. The battery that was in the laptop at the time of the fire lacked all of the necessary connections to prevent the  the battery from overcharging, and therefore overheating.. Plaintiffs allege that the Subject Lap Top should have been designed in a manner that if all of these protective circuits were not connected, the lap top should not have been able to function.  Furthermore, the Subject Lap Top should have included an on screen warning indicating to users that critical safety features of the battery were not connected, increasing the fire hazard.

Plaintiffs further allege that the Subject Lap Top was defectively designed because it was known that the useful life of the Lap Top exceeded the useful life of the original battery. This meant that it was a virtual certainty that a battery replacement would be needed.  This Lap Top was defectively designed because it functioned using replacement batteries that lacked the proper protective circuits to prevent overcharging, overheating and possible fires.

Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted. Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.

15.    Do you contend there was a manufacturing defect with respect to the Product (including any. and all component parts or accessories thereof)? If so, please describe said manufacturing defect in detail, when/where it occurred and state what you contend would be the correct way to manufacture the Product so as to  have avoid that defect.

ANSWER: Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.

Do you contend that the battery pack/cells in the Product at the time of the Incident were original to the Product? If so, please state all facts upon which you rely in support of your position. Please include in your answer who you contend are the manufacturer of those battery pack/cells.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26.**

**Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.**

16.    Please identify all person who inspected/investigated the Property where the incident is alleged to occur on your behalf and state the date and times of said work.

**ANSWER: See response 3. Plaintiffs also refer you to the documents sent via Sharefile on October 15, 2021.**

17.    Please state all dates and times when any expert acting on your behalf examined, inspected, tested or otherwise reviewed the Product (including any and all components part of accessories thereof). As to each occasion, please state with specificity what they did.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26. Plaintiffs have not yet determined which experts will testify at trial and will provide this information on or before October 28, 2022 as outlined in the Scheduling Order dated October 12, 2021.**

18.    Did you have any problems or issues with the Product prior to the Incident? If so, please state what those were, when you experienced them and what you did to correct or fix them, if anything.

**ANSWER: Upon information and belief, Carol Marcellin did not have any problems or**

11

**issues with the Product prior to the Incident.**

19.     Please identify in detail all witnesses you intend to call at the time of trial including name(s), residential address(es), business address(es) and date(s) of birth.

**ANSWER: See response 3.**

20.     With respect to any and all communications between you and any agent or representative of defendant regarding the Incident or your injuries, please describe fully and in complete detail the date, time, place and identity of all persons, whether the communication was oral or written, and state the substance of the communication.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26.**

21.     Do any plaintiffs anticipate the need for future medical treatment for the injuries you allegedly sustained as a result of the Incident? If your answer is in the affirmative, please provide the following information:

    a.   the injury for which you require future medical treatment;
    b.   The type of treatment that will be required;
    c.   The approximate date on which you will undergo such future medical
          treatment;
    d.   The reason for the future medical treatment; and
    e.   The name and address of the physician or medical professional who will be
          providing the future medical treatment.

**ANSWER: Not applicable.**

22.     Are you claiming lost income or lost earning capacity as a result of the Incident? If your answer is anything other than an unqualified " no," please state as accurately as possible:

    a.   The dates during which you were incapacitated from working;
    b.   The average weekly income received by you in the three years prior to the
          Incident; and
    c.   The amount of financial loss suffered by you as a result of your lost time

from work.

    d.   What you contend your future lost earnings will be.

**ANSWER: Not applicable.**

23.    Please state all facts upon which you base your contention that the fire at issue was caused in whole or in part by defendant.

**ANSWER: See response 5. Plaintiffs also refer you to the documents sent via Sharefile on October 15, 2021.**

24.    Please state the location of any and all physical evidence related to the cause of the fire that you, or anyone acting on your behalf, is in possession of and where it is currently located.

**ANSWER: The physical evidence is currently in the possession of Fire Research & Technology.**

25.    Please identify all of your account credential(s) for Amazon.com, eBay.com, Staples.com, and any other online seller and for each account credential, please identify any purchases made in the preceding ten (10) years involving or related to computer equipment or any component parts thereof.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26. Carol Marcellin recalls the following computer purchases in the preceding ten (10) years: the Product, an HP laptop purchased in December 2019, and a replacement battery for the Compaq laptop.**

26.    Please identify any fire, building or medical safety systems present at the Property as of the day of the Incident including smoke detectors or alarm systems or medical alert systems.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26. A smoke detector alarm in the hallway of the Property was identified by the Allegany County Fire Service in their Fire Investigation Photo**

**Log. This document was previously provided to you via Sharefile.**

27.     Please state whether any changes, modifications or additions were made to the Property in the ten (10) years preceding the Incident and, as to each, please state what was done, who did the work and when it was completed.

**ANSWER: Plaintiffs object to this demand on the ground that it seeks information that is outside the scope of F.R.Civ.P. 26.**

28.     Please state whether there were any fires at the Property for the ten (10) years prior to the Incident and, if so, describe what happened, when it happened and what was the alleged cause.

**ANSWER: Not applicable.**

DATED:  March 9, 2022
        Rochester, New York

                                FARACI LANGE, LLP

                                /s/ Stephen G. Schwarz
                                Stephen G. Schwarz, Esq.
                                Matthew F. Belanger, Esq.
                                Catherine D. Aughey, Esq.
                                28 East Main Street, Suite 1100
                                Rochester, New York  14614
                                Telephone: (585) 325-5150
                                Facsimile: (585) 325-3285
                                Email: sschwarz@faraci.com
                                Email: mbelanger@faraci.com
                                Email: caughey@faraci.com

                                *Attorneys for Plaintiffs*

14

TO:   **SMITH SOVIK KENDRICK & SUGNET, PC**
      Jaclyn S. Wanemaker, Esq.
      *Attorneys for Defendant, HP, Inc.*
      6245 Sheridan Drive, Suite 218
      Williamsville, New York 14221
      Tel: (315) 474-2911
      jwanemaker@smithsovik.com

CC:   **PILLINGER MILLER TARALLO, LLP**
      Jeffrey D. Schulman, Esq.
      *Attorneys for Defendant, Staples, Inc.*
      126 N. Salina Street, Suite 215
      Syracuse, New York 13202
      Tel: (315) 471-6166
      jschulman@pmtlawfirm.com