UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>    Plaintiffs,<br><br>  v<br><br>HP, INC., and STAPLES, INC., | Civ. No. 1:21-cv-00704-JLS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

Defendant HP, Inc. (hereinafter "HP"), hereby submits this memorandum of law in support of its motion to compel the plaintiffs Carol Marcellin and Jessica Hollowell-McKay, to comply with HP's Interrogatories and Requests for Production of Documents.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ 2

SUMMARY OF ARGUMENT ............................................................................ 3

ARGUMENT ........................................................................................................ 3

  I.  HP'S INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE PROPER DISCOVERY DEMANDS WITHIN THE SCOPE OF FED. R. CIV. P. 26 AND THE COURT SHOULD ISSUE AN ORDER COMPELLING PLAINTIFFS TO PROVIDE FULL AND COMPLETE RESPONSES. ................................................................................ 4

  II.  HP IS ENTITLED TO AN AWARD OF EXPENSES AND ATTORNEYS' FEES INCURRED FOR THIS MOTION. ........................... 5

CONCLUSION ..................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Coleman v. Dydula*, 175 F.R.D. 177 [W.D.N.Y. 1997 ..................................................... 5

*Flores v. First Hawaiian Bank*, 642 F. App'x 696, 698 (9th Cir. 2016) ........................ 5

*Horti Americas, LLC v. Steven Produce King, Inc.*, 2017 WL 398374, at *3 (E.D.N.Y. Jan. 30, 2017) (Glasser, J.) ............................................................................................ 6

*Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 390 (2d Cir. 1981) .. 6

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 4

Federal Rule of Civil Procedure 34 ................................................................................. 3

Federal Rule of Civil Procedure 37 ..................................................................... 3, 4, 5, 6

Western District of New York Local Rule of Civil Procedure 7(b)(2) ........................... 3

## SUMMARY OF ARGUMENT

Under Federal Rule of Civil Procedure 37 and Western District of New York Local Rule of Civil Procedure 7(b)(2), Defendant HP, Inc. (hereinafter "HP"), respectfully moves this Court to order the plaintiffs Carol Marcellin and Jessica Hollowell-McKay, to comply with HP's Interrogatories and Requests for Production of Documents dated February 22, 2022. With ample time to respond, and because the plaintiff has failed to comply with these requests[1], HP also asks this Court to impose sanctions under Federal Rule of Civil Procedure 37(a)(3)(A).

## ARGUMENT

Under Federal Rule of Civil Procedure 34, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." F.R.C.P. 34(b)(2)(A). When a party fails to provide requested discovery, the requesting party may move to compel that discovery. See Fed. R. Civ. P. 37(a)(1). Parties are permitted

---

[1] As set forth in HP's opposition to the plaintiff's motion to compel filed August 18, 2023, Dkt. # 29 at n.1, the plaintiffs apparently attempted to avoid the issue of their own noncompliance with discovery requests served on them in February 2022, the deficiencies of which were raised at length on May 11 and June 15, 2023, by filing on July 25, 2023 their own motion to compel HP without conferring under the Local Rules. *See* Dkt # 25-1 at ¶¶ 20, 23 (reciting HP's attempts to resolve discovery disputes); Dkt. # 25-23 at 9-10 (identifying deficiencies with plaintiffs' discovery responses); Dkt. # 25 (plaintiffs' motion to compel).

Plaintiffs' motion fails as a matter of law where he failed to confer, identify any deficiencies, and has otherwise received complete responses to all discovery requests. *See* Dkt. # 29. As set forth more fully herein, that plaintiffs' motion to compel is mere evasion is established by their failure to respond fully to discovery requests by HP, despite their assurances otherwise.

to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Here, it bears emphasis that plaintiff does not dispute that the requested discovery is relevant, proportionate, and calculated to lead to the admissible evidence concerning the plaintiffs' claims and HP's defenses. The plaintiff agreed to supplement its responses to HP's discovery requests in May 2023, and despite serving two sets of amended responses, failed to supplement in the manner they represented they would. When HP raised the issue again in a meet-and-confer with the time for discovery expiring, the plaintiffs insisted they needed still more time. The plaintiffs still have not supplemented their responses consistent with their representations. Accordingly, HP's motion to compel should be granted.

## I.  HP'S INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE PROPER DISCOVERY DEMANDS WITHIN THE SCOPE OF FED. R. CIV. P. 26 AND THE COURT SHOULD ISSUE AN ORDER COMPELLING PLAINTIFFS TO PROVIDE FULL AND COMPLETE RESPONSES.

The information sought by HP in its Interrogatories and Requests for Production is unquestionably discoverable and the Court should issue an Order compelling full and complete responses pursuant to Fed. R. Civ. P. 37(a). Pursuant to Fed. R. Civ. P. 26(b)(1), the threshold requirement of discoverability is whether the information sought is "relevant to any party's claim or defense" (Fed. R. Civ. P. 26(b)(1)). Here, there is no dispute by plaintiffs that the discovery is relevant to plaintiffs' claims and HP's defenses, as well as proportional to the needs of the case; indeed, plaintiffs agreed to the requested discovery but have not provided it.

4

Thus, HP's Interrogatories and Requests for Production are reasonably calculated to lead to the discovery of admissible evidence and easily satisfy this standard. Plaintiffs' repeated representations that it would supplement evince its agreement that the discovery sought is relevant. Yet, plaintiffs have not done so. HP's motion to compel plaintiffs to provide complete and adequate responses to all discovery demands should therefore be granted in its entirety.

## II.     HP IS ENTITLED TO AN AWARD OF EXPENSES AND ATTORNEYS' FEES INCURRED FOR THIS MOTION.

Pursuant to FRCP 37(a)(5)(A), the successful movant is entitled to recover its expenses and attorneys' fees incurred in making the motion (*see Coleman v. Dydula*, 175 F.R.D. 177 [W.D.N.Y. 1997]). This is true even if the opposing party provides the disclosure after the filing of the motion (FRCP 37(a)(5)(A)). *See e.g. Flores v. First Hawaiian Bank,* 642 F. App'x 696, 698 (9th Cir. 2016) (affirming award of fees after production subsequent to motion to compel). HP should be awarded costs and attorneys' fees against plaintiffs for being forced to file this motion to obtain discovery long promised to requests served nearly 18 months ago. In full candor to the Court, HP represents that it is not its typical practice to seek sanctions in connection with discovery disputes. However, plaintiffs have embarked on a adversarial approach to resolving discovery disputes and, as such, HP would be put at an unfair disadvantage were it not seek the same redress that plaintiffs have sought for themselves albeit without engaging in the meet and confer process required by the Local Rules.

Moreover, unlike plaintiffs, prior to filing this motion, HP identified specific items missing or inadequate in discovery months ago that plaintiff agreed to produce

but failed to do so. Thus, the plaintiffs have had ample time to respond fully to HP's discovery and have failed to do so. The plaintiffs 'full responses to HP's discovery are long overdue. HP has repeatedly warned the plaintiffs of the consequences of noncompliance. Further, the plaintiffs have not provided any legitimate reason for their failure to respond fully to HP's requests for production concerning their claims. Given HP's repeated attempts to resolve the issue of the plaintiff's noncompliance in good faith, it is therefore, appropriate for the Court to order the plaintiffs to comply with the discovery requests and to impose sanctions. The sanctions requested—an order compelling responses, and imposing reasonable attorney's fees—are appropriate. "Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond. Defendants' willful failure to comply with that duty warrants the requested sanction." *Horti Americas, LLC v. Steven Produce King, Inc.*, 2017 WL 398374, at *3 (E.D.N.Y. Jan. 30, 2017) (Glasser, J.) (granting sanctions), quoting *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 390 (2d Cir. 1981). Plaintiffs have failed to provide full responses to discovery demands despite sincere efforts to resolve the dispute. The motion to compel should be granted, and HP awarded the expenses and fees incurred in bringing the motion.

## CONCLUSION

For the reasons set forth above, HP's motion to compel plaintiffs to provide complete and full responses to HP's Interrogatories and Requests for Production should be granted and HP should be awarded expenses and attorney's fees.

DATED: September 7, 2023

                                                 Jaclyn S. Wanemaker, Esq.
                                                 SMITH SOVIK KENDRICK & SUGNET, PC
                                                 *Attorneys for Defendant HP, Inc.*
                                                 6245 Sheridan Drive, Suite 218
                                                 Williamsville, New York 14221
                                                 Tel.: (315) 474-2911
                                                 jwanemaker@smithsovik.com