UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

**REPLY DECLARATION OF STEPHEN G. SCHWARZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' DISCOVERY DEMANDS**

Pursuant to 28 U.S.C.§ 1746, I, Stephen G. Schwarz, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief:

1. I am an attorney duly admitted to practice in the State of New York and the Western District of New York and am a partner in the firm of Faraci Lange, LLP, attorneys for Plaintiffs herein, and as such, I am fully familiar with the facts and circumstances surrounding this case. I make this declaration in support of Plaintiffs' Motion to Compel discovery responses from defendants.

**REPLY TO OPPOSITION PAPERS SERVED BY DEFENDANT STAPLES**

2. As explained in my initial Declaration in support of this motion (ECF # 25(1)

1

¶ 9), Plaintiffs served a deficiency letter on Defendant Staples regarding its Answers to Plaintiff's First Set of Interrogatories on November 8, 2022. (See ECF # 25(8)). Since the filing of this motion, no response has been received to this letter.

3. As also explained in my initial Declaration (ECF # 25(1), ¶ 18), on March 30, 2022, Plaintiffs severed a Second Set of Interrogatories, a Second Request for Production and a Notice of Deposition pursuant to Rule 30(b)(6) on Defendant Staples. Since the filing of this motion, Defendant Staples has still not responded to any of these discovery demands.

4. In its opposition papers, Defendant Staples alleges that its failure to cure the deficiencies in its Answers to Plaintiffs' First Set of Interrogatories (ECF # 25(7)) and its failure to respond to the discovery demands served on March 30, 2022 are justified because it did not consent to be served by email. (ECF # 29, ¶ 4). This is yet another misrepresentation of the facts by Defendant Staples and could not have been made in good faith. Plaintiffs served their initial discovery demands on Defendant Staples by email containing a download link on December 16, 2021. (Exhibit A). In that email, it was explicitly stated: "Should you also require service by regular postal mail, please let us know and we will promptly forward hard copies." (*Id.*) Plaintiffs' counsel's legal assistant had inadvertently placed the wrong documents in the download folder, so a second email was sent the following day correcting this error. (Exhibit B). At no time did Defendant Staple's counsel request paper copies of these discovery demands be served mail. Moreover, Defendant Staples served responses (although incomplete) to these discovery demands without ever objecting to email service and also served all of Staples' discovery demands on Plaintiffs by email as well. As described in detail in my initial Declaration, numerous attempts were made to secure responses to Plaintiffs Second Set of Interrogatories to Defendant Staples, Plaintiffs' Second Request for Production

2

to Defendant Staples and Plaintiffs Notice of Deposition pursuant to Rule 30(b)(6) and a meet and confer conference was held on May 11, 2023 attended by Defendant Staples' counsel. (See ECF # 25(1), ¶¶ 18-20). At the request of Defendant Staple's counsel, on May 15, 2023 I even emailed Word file versions of the outstanding discovery demands to her to make it easier for her to respond. (See ECF # 25(23)). Subsequently, a joint letter to the Court was approved by Defendant Staples' counsel indicating that Defendant Staples would respond to these outstanding Discovery Demands by June 30, 2023. (ECF # 23). At no time did Defendant Staples' Counsel ever raise any issue that these discovery demands were not properly served.

 5. Defendant Staples' other arguments in opposition to the relief sought in this motion are equally disingenuous:

  a. The meet and confer conference on May 11, 2023 was specifically directed at the outstanding responses to the discovery demands served on Defendant Staples on March 30, 2023 as well as the rescheduling of the twice canceled depositions of the Plaintiffs. The joint request to the Court to extend the Scheduling Order, which was agreed upon on May 11 and finally filed on June 23, 2023, (ECF #23) specifically stated the "parties" (pleural) would serve responses to the outstanding discovery demands by June 30, 2023, which included Defendant Staples;

  b. The numerous emails exchanged between counsel demonstrate the same and include many requests for dates from Defendant Staples to produce a witness pursuant to Plaintiffs' Rule 30(b)(6) notice. See ECF # 25(23). Defendant Staples has failed to respond with any dates to schedule this witness for a deposition;

c. Defendant Staples argues that Plaintiffs' discovery responses are somehow deficient but have failed to ever raise any such issue prior to filing opposition papers to this motion and have also failed to meet and confer over any such deficiencies as required by F. R. Civ. P. 37(a)(1) and Local Rule 7(d)(3);

d. Defendant Staple's vague objection that Plaintiffs' demands served on March 30, 2023 are overbroad was also never raised until the filing of its opposition to this motion five months later and has, therefore, been waived.

**REPLY TO OPPOSITION PAPERS SERVED BY DEFENDANT HP**

6. As set forth in detail in my initial Declaration, Defendant HP specifically agreed to respond to Plaintiffs' Second Set of Interrogatories and Second Request for Production served on March 30, 2023 by no later than June 30, 2023. (ECF # 23). As also previously stated, HP did not provide responses by June 30, 2023. HP did provide Answers to Plaintiffs' Second Set of Interrogatories two weeks later and after Plaintiffs were finally deposed on July 7, 2023. A copy of HP's Answers are attached as Exhibit C. In these Answers, HP claims it has no record of to whom the subject laptop was sold or when it was sold. No response to Plaintiffs' Second Request for Production to HP was served prior to the filing of the subject motion on July 25, 2023.

7. HP finally did provide a response to Plaintiffs' Second Request for Production on July 31, 2023, two days before the scheduled deposition of the HP 30(b)(6) witness and six days after the filing of this motion to compel. (ECF # 31(1)). HP's counsel offered to reschedule the HP 30(b)(6) witness deposition in light of the delay in responding to Plaintiff's demand served on March 30, 2023, but I chose to proceed with the deposition.

8. On August 10, 2023 I received an email from HPs counsel inquiring whether

Plaintiffs were willing to withdraw their motion against HP now that HP had belatedly served responses to the outstanding discovery.  I responded that Plaintiffs would not withdraw the motion against HP because the responses belatedly served were insufficient and outlined precisely why.  Specifically, HP produced a "screen shot" from what appears to be a computer database that appears to reflect that Carol Marcellin once registered with HP as the owner of this computer.  See Exhibit D.  This screenshot does not provide the date that these data were entered or when Carol Marcellin registered as owner.  There is clearly more information in whatever database this screenshot is taken from related to this entry as it shows only part of the screen and there is also a button labeled "Show All", which would apparently reveal more information from this database about this computer.  HPs counsel responded to my request for further information about this screenshot by claiming that Plaintiffs' demands were somehow disproportional to the needs of the case, but then agreed to provide further information from this database including the date the laptop was registered on HPs website by Carol Marcellin.  This entire email chain covering the attempts to resolve this dispute after the filing of the motion is attached as Exhibit E.  To date, no further documents or electronic files have been provided by Defendant HP.

9. In light of the above, HPs argument that Plaintiffs failed to comply with F. R. Civ. P. 37(a)(1) and Local Rule 7(d)(3) is inaccurate and invalid.

DATED:  September 7, 2023

*/s/ Stephen G. Schwarz*
FARACI LANGE, LLP
1882 South Winton Road, Suite 1
Rochester, NY 14618
(585) 325-5150
sschwarz@faraci.com

*Attorneys for Plaintiffs*