# EXHIBIT E

| | |
|---|---|
| **From:** | Christopher Betke |
| **To:** | Steve Schwarz; jwanemaker@smithsovik.com |
| **Cc:** | Matthew Belanger; Teagan C. Dolan |
| **Subject:** | RE: [External] Marcellin |
| **Date:** | Monday, August 21, 2023 2:38:56 PM |
| **Attachments:** | image001.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image012.png |
| | image013.png |
| | image004.png |
| | image011.png |

[EXTERNAL: This email originated from outside of the organization.]

Steve: As you likely know, under the Federal Rules, discovery must be proportional to the needs of the case. Therefore, simply asking for something, without more, is not sufficient. That said, I am going to endeavor to see if I can get more information regarding the registration of the warranty by Ms. Marcellin. I am not going to characterize it as "metadata" (only because I am personally not sure of the definition of the word) but, regardless, I am going to see if there is some further detail we can get regarding when she registered the product. It is my understanding that the two screen shots we provided go together but, since you believe we are mistaken, I am happy to check on that for you.

With respect to Lee Atkinson's deposition, I have not seen his transcript yet. As a matter of pure chronology, testimony that he provided *after you filed your motion* cannot form the basis for your motion. Therefore, I think we will have to deal with that separately. Happy to look into these issues once we get his transcript and we don't have to rely on your personal recollection of what he did or did not say. Note, I am not suggesting that you would intentionally misstate things but I just think it makes sense for both of us to have the testimony to review.

Finally, with respect to your request for a monetary sanction. I regret that you have decided to go in that direction. Funny, you had a different approach when you blew the deadline on expert disclosure and you needed to reset deadlines. I personally prefer working cooperatively and collaboratively but your message to the contrary has been received. No worries, I understand now.

Best, Chris


CHRISTOPHER G. BETKE
PARTNER
DIRECT DIAL: (617)988-8047
cbetke@coughlinbetke.com

COUGHLIN◦BETKE LLP

Massachusetts | Connecticut | New Hampshire | New York | Rhode Island

---

**From:** Steve Schwarz <sschwarz@faraci.com>
**Sent:** Thursday, August 10, 2023 1:04 PM
**To:** Christopher Betke <cbetke@coughlinbetke.com>; jwanemaker@smithsovik.com
**Cc:** Matthew Belanger <mbelanger@faraci.com>; Teagan C. Dolan <tdolan@faraci.com>
**Subject:** RE: [External] Marcellin

Chris and Jackie

With regard to HPs Answers to Plaintiffs' Second Set of Interrogatories and responses to Plaintiffs' Second Request for Documents served last week, we do not agree that HP's responses are complete.

No information was provided in Answer to Interrogatory No. 1 and no documents have been provided in response to Request No. 1. HP has represented it has conducted a good faith search, but this does not seem plausible. We believe you will have to provide information to the Court on what this good faith effort involved. We may need to depose someone from HP who can testify about its record retention policies after reviewing your explanation of the search performed.

With regard to Interrogatory No. 2 and Document Requests No. 2 and No. 4, it is our position that your responses are incomplete. HP01417 appears to be a screenshot, which also appears to be the basis of HP's Answer to Interrogatory No. 2. HP00482 provides information on the warranty for the subject laptop but not the individual who registered that warranty in 2011. HP0157 is only a screenshot of the page where someone can register a product. Plaintiffs' demands requested all electronic information under the definition of "document". HP must have metadata underlying the screenshot provided as HP01417 indicating when Plaintiff Carol Marcellin registered as the owner of this Laptop and that metadata must be provided. HP0147 also does not contain the word "Warranty" anywhere, so nothing produced provides information

on who originally registered the warranty in 2011.  If HP has this information it must be provided.  Our own research indicates that subsequent owners can register on HPs website even if no warranty is available for the device.  HP01357 only verifies that someone who purchases a used or refurbished HP device can register that device on line with HP.

With regard to Request No.  7, Mr. Atkinson testified that there were discussions he had with the "Battery Team" about this topic.  If HP is taking the position that those discussions involved other HP series laptops and not the type involved int his incident, it is Plaintiffs' position that this is a distinction without a difference.

Based on the above, it is Plaintiffs' position that Defendant HP has not fully responded to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents, which are the subject of the pending motion.  Additionally, what responses were provided, were not provided in a timely fashion.  See Rule 37(a)(5) which indicates the Court "must" require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses in making the motion, including attorneys' fees, even if "the disclosure or requested discovery is provided after the motion is filed."

Finally, although we don't yet have the transcript from Mr. Atkinson's Rule 30(b)(6) deposition, he was unprepared to address one highly relevant topic listed in the notice with regard to the interaction between the heat sensing thermistor in the battery pack and the motherboard through Pin No. 6.  This issue is covered by Topics 2 and 3 of the Notice.  He testified he would have to do further research what function is performed by the motherboard with information conveyed from the thermistor through Pin No. 6. Once we get the transcript, we plan to serve a notice to depose the individual he identified in the battery group as someone he spoke with prior to the incident involved in this case about the dangers of counterfeit battery packs.  If you believe this witness can provide testimony on the issue described above from Topics 2 and 3,  you could designate him to address the issue Mr. Atkinson was unprepared to address regarding this thermistor connection through Pin No. 6 and how the system was designed to act on this information.

If you would like to discuss any of these issues, I am available next week.

Steve

**Stephen G. Schwarz, Esq.**
*Managing Partner*

**WE'VE MOVED!**
1882 South Winton Road, Suite 1
Rochester, NY  14618
Direct :    (585) 399-6035
Phone :   (585) 325-5150
Fax :       (585) 325-3285

sschwarz@faraci.com
**www.faraci.com**



Confidentiality Statement: This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from distributing or copying this information (other than to the intended recipient).



**From:** Christopher Betke <cbetke@coughlinbetke.com>
**Sent:** Thursday, August 10, 2023 11:06 AM
**To:** Steve Schwarz <sschwarz@faraci.com>
**Subject:** RE: [External] Marcellin

[EXTERNAL: This email originated from outside of the organization.]

Steve:  I am following up on this.  I believe that we have responded to discovery in good-faith.  We even produced various technical documents related to the LG battery pack *that was not even in the notebook at the time of the fire.*     Please let me know if you intend to press your motion as to HP.   I don't want to spend time and money opposing a motion to compel that I am not really sure was directed at us.  Please let me know. Thank you!  Chris

CHRISTOPHER G. BETKE
PARTNER
DIRECT DIAL: (617)988-8047
cbetke@coughlinbetke.com

COUGHLIN○BETKE LLP

Massachusetts | Connecticut | New Hampshire | New York | Rhode Island

---

**From:** Steve Schwarz <sschwarz@faraci.com>
**Sent:** Monday, August 7, 2023 10:06 AM
**To:** Christopher Betke <cbetke@coughlinbetke.com>
**Subject:** RE: Marcellin

I will review and get back to you.

**Stephen G. Schwarz, Esq.**
*Managing Partner*

**WE'VE MOVED!**
1882 South Winton Road, Suite 1
Rochester, NY  14618
Direct :    (585) 399-6035
Phone :   (585) 325-5150
Fax :        (585) 325-3285

sschwarz@faraci.com
www.faraci.com



Confidentiality Statement: This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from distributing or copying this information (other than to the intended recipient).



---

**From:** Christopher Betke <cbetke@coughlinbetke.com>
**Sent:** Monday, August 7, 2023 9:32 AM
**To:** Steve Schwarz <sschwarz@faraci.com>
**Subject:** [External] Marcellin

[EXTERNAL: This email originated from outside of the organization.]

Steve:  Jackie tells me you filed a motion to compel as to HP.  Before we spend time and money opposing it, let me know what you think we have not adequately responded to.    If there is something that you believe is missing from our responses, please let me know and I will go back to the client and ask them to look again.  However, I think we have done a pretty good job responding in light of the age of the product and the fact that it is undisputed that the component that allegedly caused the fire was not original to the HP notebook.  Even so, we have produced 1400+ pages of documents.  Anyway, let me know if you plan to proceed against HP with that motion.  Thanks.  Best, Chris


CHRISTOPHER G. BETKE
PARTNER
*Admitted in MA, NH and NY
617-988-8047
cbetke@coughlinbetke.com

**COUGHLIN◦BETKE LLP**

Massachusetts | Connecticut | New Hampshire | New York | Rhode Island

**Main Office**
175 Federal Street  |  Boston, MA 02110
T. (617) 988-8050  |  F. (617) 988-8005

 

Confidential Transmission

The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.