UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>           Plaintiffs,<br><br>  v<br><br>HP, INC., and STAPLES, INC., | **Civ. No. 1:21-cv-00704-JLS** |

**SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL**

Defendant HP, Inc. (hereinafter "HP"), hereby submits this sur-reply memorandum of law in opposition to the motion to compel of plaintiffs Carol Marcellin and Jessica Hollowell-McKay, as permitted by the Court in response to HP's request. Dkt. 36.

{S1910306.1}

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 2
TABLE OF AUTHORITIES ................................................................................................. 2
SUMMARY OF ARGUMENT ............................................................................................. 2
ARGUMENT .......................................................................................................................... 2
CONCLUSION ...................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**
*Cohane v. NCAA,* 2012 U.S. Dist. LEXIS 129282, at *3-4 (W.D.N.Y. Sep. 11, 2012)
 (Schroeder, J.) .................................................................................................................. 4

**Rules**
Federal Rule of Civil Procedure 37 ..................................................................................... 2
Western District of New York Local Rule of Civil Procedure 7 ........................... 2, 3, 4

## SUMMARY OF ARGUMENT

Under Federal Rule of Civil Procedure 37 and Western District of New York Local Rule of Civil Procedure 7(b)(2), Defendant HP, Inc. (hereinafter "HP"), respectfully submits this sur-reply memorandum concerning plaintiffs' concession in their reply that they failed to meet and confer prior to bringing this motion as required by Local Rule 7(d)(3).

## ARGUMENT

In their reply, plaintiffs concede that HP served answers to the second interrogatories on July 13, 2023 – only 13 days after the date by which the parties agreed the responses would be served, and 12 days *before* they filed their motion. Plaintiffs also concede they made no attempt to meet-and-confer prior to the filing of

the motion. Dkt. # 33 at 4. This alone is fatal to plaintiffs' motion. *See* Local Rule of Civil Procedure 7(d)(3).

The plaintiffs also critically elide in their submission to the Court the fact that HP ***already*** *responded informally to the second interrogatories* on May 11, 2023. Importantly, HP's formal response on July 13, 2023 was exactly consistent with that prior response. *Compare* Dkt. # 25-23 at 8 ("With respect to your second set of interrogatories: 1. Given the age of the laptop at issue, we have been unable to locate this information. 2. See the attached screenshot for the laptop registration identifying Carol Marcellin as the registered owner of the laptop. I intend to have the attached bates-stamped and will make this a formal response."); Dkt. 33-3 (same). Again, plaintiffs raised **no** objection or indicated an issue with respect to the proposed course of action. Importantly, plaintiffs made no attempt to resolve any dispute concerning these interrogatory responses–not on May 11, 2023 when they were made informally, not on July 13, 2023 when they were made formally, and not at any time prior to the filing of the motion 12 days later on July 25, 2023. Thus, HP rightly believed the parties were continuing to work through discovery issues collaboratively and without unnecessary motion practice.

The foregoing applies equally to plaintiffs' motion to compel concerning their second requests for production. Again, based on their filings, it is now clearly undisputed that HP's formal response to the second request for production was made immediately after the motion was filed, and that there was no meet-and-confer concerning any deficiency with these responses prior to the filing of the motion. Dkt.

{S1910306.1}                                3

# 33 at 5. This also is fatal to their motion. *See e.g. Cohane v. NCAA,* 2012 U.S. Dist. LEXIS 129282, at *3-4 (W.D.N.Y. Sep. 11, 2012) (Schroeder, J.) (denying motion to compel for failure to comply with L.R. 7(d)(3)); *see also* Dkt. # 28 at 6-7 (collecting authorities).

And, again, plaintiffs omit in their submission to the Court that HP ***already responded informally to the second request for production*** identified as deficient by plaintiffs in their reply in further support of their motion to compel. On May 11, 2023, HP stated that it had already produced documents responsive to plaintiffs' second requests, but would need technical assistance to review those prior productions to identify those documents. Dkt. # 25-23 at 8. HP further produced informally a warranty record and stated it would be formally produced. *Id.* The formal responses HP made were, as with the interrogatories, consistent with these informal responses: directing plaintiffs to the specific references within HP's extensive prior production, and formally producing the warranty record. *See* Dkt. # 27-3.

Indeed, plaintiffs neglect to note to the Court that the warranty record marked as Exhibit D to plaintiffs' reply, Dkt. # 33-4–which plaintiffs claim was insufficient to their requests–is the **same record** produced on May 11, 2023. *See* Dkt. # 25-23 at 8 ("See the attached screenshot for the laptop registration identifying Carol Marcellin as the registered owner of the laptop."). If, as plaintiffs now argue, the warranty record was insufficient, why didn't plaintiffs raise that issue with HP between May 11 (when it was produced informally) and July 25, 2023 when plaintiffs filed their motion to compel?  In other words, 75 days went by and plaintiffs did not once dispute

the sufficiency of the additional document. This is the sort of "surprise attack" motion to compel that the Court's meet and confer obligation was intended to thwart. Here, HP reasonably believed that plaintiffs were satisfied with its discovery response without any reason to believe otherwise. Plaintiffs' briefs have essentially conceded all facts necessary to demonstrate that. Thus, the motion to compel, filed in blatant violation of the spirit and intent of the meet and confer requirement, must be denied.

## CONCLUSION

Prior to the motion to compel filing by plaintiffs, the parties had engaged in collaborative and cooperative discovery. The record reflects that HP was actively engaging with plaintiffs' counsel to get him information promptly and to apprise him of the status of discovery responses. This is now undisputed in the record. Indeed, HP submits that it is precisely because HP was being cooperative and responsive to plaintiffs' counsel that plaintiffs eschewed the Court's mandatory meet and confer requirement: because doing so would have likely rendered the discovery dispute moot and plaintiffs wanted a litigation tactic of a motion to compel more than they wanted the actual discovery. The Court should reject plaintiffs' effort to end-run the Local Rules of this Court, and plaintiffs' effort to manufacture a discovery issue for leverage in this case. Their motion should be denied.

DATED: October 5, 2023

                                                                                                _____
Jaclyn S. Wanemaker, Esq.
SMITH SOVIK KENDRICK & SUGNET, PC
*Attorneys for Defendant HP, Inc.*
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel.: (315) 474-2911
jwanemaker@smithsovik.com