UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

Plaintiffs,

v.

HP, INC., and STAPLES, INC.,

Defendants.

**Civ. No. 1:21-cv-00704-JLS-HKS**

## DECLARATION OF STEPHEN G. SCHWARZ IN OPPOSITION TO HP'S CROSS-MOTION TO COMPEL RESPONSES TO HP'S DISCOVERY DEMANDS

Pursuant to 28 U.S.C.§ 1746, I, Stephen G. Schwarz, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief:

1.  I am an attorney duly admitted to practice in the State of New York and the Western District of New York and am a partner in the firm of Faraci Lange, LLP, attorneys for Plaintiffs herein, and as such, I am fully familiar with the facts and circumstances surrounding this case. I make this declaration in opposition to HP's Cross- Motion to Compel discovery responses from defendants.

2.  Plaintiffs filed a motion to compel discovery responses against Defendants HP and Staples on July 25, 2023.  (Dkt. No. 25).  After that motion was filed, Defendant HP's counsel served partial responses to the outstanding discovery requests that were a

1

subject of the motion against HP. (Dkt. No. 31-1). Thereafter, I was contacted by HP's counsel inquiring if plaintiffs intended to proceed with the motion to compel against HP. (Dkt. No. 31-3). On August 10, 2023, I indicated that the responses were still incomplete and identified precisely why and that the motion would not be withdrawn. (Dkt. No. 31-3).

3. The following week, I received an email from defense counsel requesting availability for a meet and confer in connection with Plaintiffs' discovery responses. (Dkt. 32-7). I informed defense counsel that I was on vacation and unable to meet until August 28 and requested information about the topic for the meet and confer, to which defense refused to provide any further information, stating only that plaintiffs' responses were deficient. (Ex. A). On August 24, 2023, a meet and confer was arranged to discuss these new objections to Plaintiffs' Responses to HP's Requests for Production and Interrogatories to be held August 28, 2023. (Dkt. 32-8). On August 25, 2023, I finally received a letter from defense counsel outlining the alleged deficiencies. (Dkt. No. 32-9). During the conference on August 28, 2023, I agreed to try to address these new objections and followed up with an email summary. I also explained I would not be able to comply with the artificial deadline set by HP's counsel of August 31, 2023, as it was only three days after the conference, but would provide Third Amended Responses to address these new concerns two weeks from the date of the meet and confer, on or before September 11, 2023. (Ex. B).

4. Instead of waiting for those amended responses, Defendant HP filed this cross-motion on September 7, 2023. The Amended Responses were then also served on September 7, 2023, prior to the date promised in my August 28, 2023 email. (Ex. C).

5. The alleged deficiencies in Plaintiffs' discovery responses raised on August 25, 2023 were trivial and mostly irrelevant. For instance, HP claimed it was entitled to documents and other information related to the installation of a new furnace several years

before the fire, even though all investigations have concluded the laptop started the fire, all the physical evidence supports that and there is absolutely no evidence that the furnace or anything else played any role.  HP's counsel also claimed Plaintiffs had not listed every single prior medical condition decedent had ever suffered from or been treated for, even though authorizations to obtain decedent's medical records had been provided from which his prior medical conditions were evident.

      6.      The history of this controversy set forth above, in addition to the trivial nature of the alleged deficiencies in Plaintiffs' responses, makes clear that this cross-motion was not intended to compel information that Plaintiffs were refusing to provide, but rather, was an attempt to muddy the waters regarding Plaintiffs motion to compel. Thus, Defendant HP's attempt to convince the Court that both sides have been equally delinquent must fail. Plaintiffs have attempted in good faith multiple times to respond to all alleged deficiencies raised by Defendant HP and have done so within the requirements of the Federal Rules. Accordingly, Defendant HP's Cross-Motion should be denied as moot and frivolous.

DATED:  October 13, 2023

                                        */s/ Stephen G. Schwarz*
                                        FARACI LANGE, LLP
                                        1882 South Winton Road, Suite 1
                                        Rochester, NY 14618
                                        Phone:  (585) 325-5150
                                        Email:  sschwarz@faraci.com

                                        *Attorneys for Plaintiffs*