# EXHIBIT B

## Teresa Zukoski

| | |
|---|---|
| **From:** | Steve Schwarz |
| **Sent:** | Monday, August 28, 2023 4:59 PM |
| **To:** | jwanemaker@smithsovik.com; Benjamin Levites |
| **Cc:** | Christopher Betke; Teagan C. Dolan |
| **Subject:** | Marcellin and Hollowell v. HP and Staples |
| **Attachments:** | HP_s request to plaintiffs for further supplement.pdf |

Jackie and Ben

Further to this afternoon's Meet and Confer, here is a summary of what was discussed, using Jackie's 08.25.23 letter as a guide. I've attached the letter here for reference.

1. Concerning Plaintiffs' amended response to Interrogatory No. 2.
    a. Plaintiffs will amend the response to clearly state the expert related deadlines as already reflected in the Second Amended Scheduling Order.
    b. Plaintiffs will amend the response to include the stated language regarding previously produced reports by investigators of the origin of the fire.
2. Concerning Plaintiffs' amended response to Interrogatory No. 9.
    a. Plaintiffs will amend the response to state that no lien information has been located and no claims are being made for medical expenses.
3. Concerning Plaintiffs' amended response to Interrogatory No. 11
    a. HP will provide Plaintiffs with a list of medical issues for which provider info is requested beyond what has previously been provided.
4. Concerning Plaintiff's amended response to Interrogatory No. 10
    a. Plaintiffs will amend response to affirmatively state again that Carol Marcellin purchased the Product from Staples in Olean, NY on or about 2015, but cannot otherwise identify any responsive documents, eltctronic or otherwise, concerning the purchase and has searched all contemporaneous records.
5. Concerning Plaintiff's amended response to Interrogatory No. 12
    a. Plaintiffs will amend response to make clear again that Carol Marcellin did not alter or modify the laptop after purchase but based upon information developed through investigation of her attorneys, it was altered by someone after HP manufactured it and before she purchased it by replacement of the battery.
6. Concerning Plaintiffs response to Interrogatory Nos. 14 and 15
    a. Plaintiffs will amend response to Interrogatory 15 to confirm that no manufacturing defect is claimed. Plaintiffs have fully answered interrogatory 14 regarding the design defect based on the current state of discovery but may supplement this response further once discovery is completed.
7. Responses to Request for Product Nos 16, 17, 20, and 21 – Plaintiffs will correct the numbering of these paragraphs.
8. Concerning Plaintiffs amended responses to Interrogatory Nos. 15 and 16
    a. Plaintiffs will renumber our responses during the amendments. No manufacturing defect is claimed.
9. Concerning Plaintiffs' response to Interrogatory No. 16
    a. Plaintiffs will amend the response to affirmatively state our belief regarding when the battery was replaced prior to purchase by Plaintiff Carol Marcellin.
10. Concerning Plaintiffs' amended response to Interrogatory No. 26 and Request for Production 13
    a. Counsel will confirm with client regarding new information obtained during her deposition regarding Citibank and amend response.
    b. Plaintiffs will look for 2016, 2017, and 2018 account statements and provide if available.

1

      c. When ready Defendants will coordinate with Plaintiffs for the exchange of account information, passwords, and a window of time to review accounts, after which Plaintiff will change her passwords.
      d. To extent Defendants wish to obtain Carol's credit report, they will provide an authorization for her to execute and return.
11. Concerning Interrogatory No. 28
      a. Plaintiffs will amend response to include available information regarding the furnace's purchase date, installation date, installer, installer's license and insurer, and any permits.

In addition to Jackie's above-referenced letter, three other items were discussed.
a) The battery pack and laptop are currently in the possession of Fire Research & Technology, 7317 Route 14, Sodus Point, NY 14555, where HPs experts previously examined them. If another examination is requested, we will make arrangements. The 1990s vintage Compaq computer was destroyed in the fire and is no longer in the possession of the Plaintiffs so cannot be produced.
b) We do not have a copy of Charles' final autopsy report. We have requested it and are continuing to try to obtain it. If we do, we will provide a copy.
c) We will provide Jackie with an updated authorization to Dent Neurology, specifically to the Sheridan Drive location in Amherst.

We intend to provide the above two weeks from today on September 11, 2023. We were first advised that HP was claiming any additional deficiencies in Plaintiffs' responses to HP's discovery demands on Monday, August 21 after Plaintiffs refused to withdraw their motion to compel and request for monetary sanctions. At that time Chris refused to provide a list of any specific deficiencies, claiming there was no rule requiring it. Nonetheless, we agreed to a meet and confer conference that was scheduled for today. Then on Friday, August 24, 2023 we received your letter listing the alleged deficiencies, which we have agreed to remedy as stated above. In light of this timing, and especially since I was on vacation from August 21-25 when this all occurred, your demand that you receive Plaintiffs' amended/updated responses by August 30, 2023 is not reasonable. If you choose to file a motion under these circumstances, that is of course your prerogative, but we will pursue available remedies in the event we need to respond to such an unnecessary motion.

Please advise us if this email misstates anything we discussed today during the meet and confer. Thank you.

Steve



**Stephen G. Schwarz, Esq.**
*Managing Partner*

**WE'VE MOVED!**
1882 South Winton Road, Suite 1
Rochester, NY 14618
Direct : (585) 399-6035
Phone : (585) 325-5150
Fax : (585) 325-3285

sschwarz@faraci.com
www.faraci.com



Confidentiality Statement: This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from distributing or copying this information (other than to the intended recipient).





6245 Sheridan Drive, Suite 218
Williamsville, New York 14221

Telephone 1-800-675-0011
Facsimile 315-474-6015

*Syracuse | Buffalo*
*Hudson Valley | Long Island*

**Jaclyn S. Wanemaker**
Partner
jwanemaker@smithsovik.com

August 25, 2023

*Via email: sschwarz@faraci.com*
Stephen G. Schwarz, Esq.
Facraci Lange, LLP
1882 South Winton Road, Suite 1
Rochester, New York 14618

      Re:   *Marcellin et al. v. HP, Inc. et al.*
             *No. 1:21-cv-00704*

Dear Steve:

      This letter concerns the Plaintiffs' incomplete responses to HP, Inc.'s ("HP") Interrogatories and Requests for Production dated March 9, 2022, the Plaintiffs' First Amended Answers to HP's Interrogatories dated March 30, 2023, and the Plaintiffs' Second Amended Answers to HP's Interrogatories dated June 21, 2023. We write in a sincere attempt to resolve this discovery dispute without Court intervention under Local Rule of Civil Procedure 7(d)(3) and Federal Rule of Civil Procedure 37(a)(1). We look forward to discussing these matters at our scheduled meet-and-confer on Monday, August 28, 2023, at 2:00 p.m. via Zoom video conference.

      The Plaintiffs' incomplete responses to HP, Inc.'s Interrogatories and Requests for Production require supplementation.

      Concerning the amended response to Interrogatory No. 2, the plaintiffs stated on March 9, 2022, March 30, 2023, and June 21, 2023, that expert witnesses would be identified on or before October 28, 2022. Further, on May 11, 2023, in response to HP's request for supplementation, plaintiffs stated that the response would be amended to "specifically state" that "[plaintiffs] have previously produced all reports and other documents related to the fire produced by these witnesses." The amended responses do not so state. Please supplement this response.

      Concerning the amended response to Interrogatory No. 9, seeking information about decedent's treatment and expenses, the response does not state whether plaintiffs intend to seek recovery for alleged medical expenses and if so, the amount thereof. HP previously requested clarification, and plaintiffs agreed to provide it, including whether there was an ambulance or hospital bill, whether Medicare paid and if there is a lien. No such

Smith Sovik Kendrick & Sugnet P.C.

August 25, 2023
Page 2

information has been produced and plaintiffs 'second amended response is no different than the first two insufficient responses. Please supplement this response.

Concerning the amended response to Interrogatory No. 11, it is incomplete. This interrogatory seeks information regarding the decedent's health-related issues and medical treatment. Plaintiffs 'first two responses identify only his 2000 spinal fracture. HP accordingly requested supplementation on May 8, 2023, including plaintiffs 'recitation of their knowledge of his disabilities and significant health-related issues. Plaintiffs stated that a more detailed answer would be provided on May 11, 2023. Plaintiffs 'second amended response includes decedent's dementia for the first time as well as hypertension and old war injuries but contains no mention of the other health issues Marcellin testified he suffered like the left upper extremity injury and failed surgery, foot surgeries, hearing loss and more. Additionally, plaintiffs failed to identify the names and addresses of any of the providers who treated him for these issues or the dates and number of treatments received for any of his health-related issues as requested. This information is unquestionably relevant and discoverable. Please supplement this response.

Concerning your amended response to Interrogatory 10, you stated that plaintiff Carol Marcellin purchased the Product from Staples in Olean, NY on or about 2015, but cannot otherwise identify any responsive information concerning the plaintiff's purchase. Obviously, information about the sale of the computer that is at the center of this litigation is essential for HP to defend itself in this case. Please confirm for the record that the plaintiff searched her contemporaneous records for information concerning her purchase of the Product at Staples, including her email accounts and bank account statements for the calendar months of 2015. If not, please supplement your responses accordingly.

Concerning the amended response to Interrogatory No. 12, it is incomplete. This interrogatory asks whether plaintiffs contend that the subject laptop was modified from its original condition from the time it allegedly left the possession or control of HP until the time it was sold to Marcellin. Plaintiffs 'first two responses failed to answer the question, instead responding as if it asked about alterations after the initial sale. HP accordingly requested supplementation on May 8, 2023, including whether plaintiffs believe they purchased the subject laptop in new or used/refurbished condition. Plaintiffs stated in response on May 11, 2023, that plaintiffs would" make it clear that Plaintiff Carol Marcellin did not alter or modify the laptop after purchase but it was altered by someone after HP manufactured it and before she purchased it by replacement of the battery" but the second amended response fails to state this. Instead, it says that Marcellin did not modify the subject laptop, not that it "was altered by someone after HP manufactured it." Please supplement this response.

Smith Sovik Kendrick & Sugnet P.C.

August 25, 2023
Page 3

Concerning the responses to Interrogatories 14 and 15, the plaintiffs stated on March 9, 2022, March 30, 2023, and June 21, 2023, that the responses to Interrogatories 14 and 15 would be supplemented when discovery has been produced. Despite the fact that the depositions of plaintiffs and HP have been conducted and extensive discovery exchanged, these responses have not been supplemented to date. At this late juncture, the plaintiffs should be able to identify all relevant information concerning central issues in this case, like their contentions as to design defect and the manufacturing defect. Please supplement this response.

Similarly, the plaintiffs stated on March 9, 2022, that the responses to the Requests for Production 15, 16, 17, 20, and 21 would be supplemented. These responses have not been supplemented to date, and no Amended Responses to HP's Requests for Production have been served. Please supplement these responses.

Concerning the amended responses to Interrogatory Nos. 15 and 16, these are insufficient, and the responses have been combined.  The balance of the responses is misnumbered as a result.  No. 15 seeks plaintiffs 'contention as to any alleged manufacturing defect, information that is clearly relevant and discoverable, but plaintiffs have not answered this interrogatory. Please answer this interrogatory.

Concerning the response to Interrogatory No. 16, it seeks information about the battery pack/cells in the subject laptop, again information that is clearly discoverable. Plaintiffs inexplicably objected to the scope of the inquiry under Federal Rule of Civil Procedure 26, and HP requested supplementation including whether plaintiffs believe the batteries/cells were original to the laptop or if they have reason to believe they were changed. On May 11, 2023, plaintiffs stated "we do believe the battery was changed and do not think this is in dispute.  It is Plaintiffs 'contention that the battery in the laptop when Plaintiff Carol Marcellin purchased it was the same battery in the laptop when the fire occurred and was never changed while she owned it.  We will make that clear in our second amended interrogatory answer to this interrogatory."

However, Plaintiffs 'second amended response state that plaintiffs believe the battery in the subject laptop at the time of the incident was the same battery it contained when Marcellin purchased it from Staples referencing "findings made through the investigation" including markings on the battery pack and the lack of connections which were present in the original battery supplied by HP.  The response fails to include any reply to the question of who plaintiffs contend manufactured the battery pack/cells, and

Smith Sovik Kendrick & Sugnet P.C.

August 25, 2023
Page 4

more detailed information is required as to the "findings" upon which plaintiffs base this belief.

Concerning your amended response to Interrogatory 26 and Request for Production 13, you stated that on information and belief the plaintiff Carol Marcellin purchased a replacement battery for a Compaq laptop that was purchased in the early 1990s. Given that the plaintiff previously stated on September 8, 2020 that she reviewed her purchase history and "did not purchase replacement batteries for this or any other laptop prior to the fire," and the parties agree that a battery not original to the laptop caused the fire in this case, the discovery of additional information concerning this battery replacement is essential. Please accordingly confirm for the record that the plaintiff searched her contemporaneous email for an electronic record or receipt from factoryoutletstore.com in the months of June and July 2015. If not, please supplement your responses accordingly.

For the same reason, any receipts from factoryoutletstore.com from the alleged date of the plaintiff's purchase of the Product in 2015 through the date of the fire are unquestionably relevant to HP's defense against the plaintiffs' claims. Accordingly, please produce any receipts from factoryoutletstore.com during that period.

Additionally, the response to Request for Production 13 stated that account statements from 2015 to 2018 would be enclosed, but only a single statement from July 2015 was produced. Please produce these statements.

Equally on May 11, 2023, plaintiffs stated concerning the amended response to Interrogatory 25 that "Plaintiff Carol Marcellin will provide such account credentials once we work out agreements that you will advise us as soon as you have accessed whatever records you seek so we can change her passwords." Please provide these credentials.

It bears emphasis in respect of this deficient response that Marcellin has testified concerning her two credit cards, including Citibank; her debit and credit card she had with her bank; the decedent's card(s) which Marcellin testified could have been used to purchase the subject laptop; her Staples loyalty card and information for both Marcellin and decedent, which concern the alleged purchase at the center of this litigation; Marcellin's use of QVC for computer-related purchases, including the HP laptop she subsequently purchased in 2019; and Marcellin's purchase at Circuit City of the Compaq laptop she obtained there in the 1990s, and for which she allegedly purchased an aftermarket replacement battery. None of this information has been provided notwithstanding the fact that HP's requests specifically embraced it. Please supplement this response.

{S1885873.1}

Smith Sovik Kendrick & Sugnet P.C.

August 25, 2023
Page 5

      Lastly, plaintiffs improperly objected to Interrogatory No. 28 which seeks clearly relevant information about modifications to the premises in the ten years before the incident. This request like the others is reasonably calculated to lead to the discovery of admissible evidence and plaintiffs 'objection is meritless. As Marcellin testified, the furnace was replaced shortly before the incident. Please provide a complete response to this interrogatory.

      Discovery closes in two months on October 31, 2023. Please supplement the plaintiff's discovery responses by the end of day on Wednesday, August 30, 2023, so that the parties can review those responses in anticipation of the outstanding depositions and expert discovery, otherwise HP will be constrained to seek the Court's intervention. Thank you.

      Finally, enclosed is HP's Request for the Production of Tangible Things. If you require a hard copy, please let me know and I will send one.

      Very truly yours,

      Jaclyn S. Wanemaker

Enclosure

cc:    Maria Mastriano, Esq. (with enclosure, via email)
       Matthew Belanger, Esq. (with enclosure, via email)
       Catherine Aughey, Esq. (with enclosure, via email)