**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, Individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

Plaintiffs, by their attorneys, Faraci Lange, LLP, responds to Defendant HP, INC.'s Requests for Production of Documents under Rule 34 of the Federal Rules of Civil Procedure, as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

1. Plaintiffs object to the "Definitions" and "Instructions" set forth in Defendant's First Request for the Production of Documents. Plaintiffs object to Defendants' First Request for the Production of Documents to the extent it seeks information or documents outside the scope of discovery permissible under the New York Civil Practice Law and Rules or any Order of this Court.

2. Plaintiffs object to Defendant's First Request for the Production of Documents to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other applicable privilege or immunity. None of Plaintiffs' responses are intended as, or should be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other applicable privileges or immunities. Plaintiffs reserve the right to withdraw

1

and recover any documents covered by such privileges or immunities if Plaintiffs inadvertently or mistakenly produces such document(s) or information in response to Defendant's First Request for the Production of Documents.

3. Plaintiffs object to Defendant's First Request for the Production of Documents to the extent it contains vague or ambiguous terms or are overly broad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to Defendant's First Request for the Production of Documents to the extent it seeks information and documents relating to the subject matter and opinions of expert witnesses.

5. Plaintiffs reserve their rights to supplement or amend its responses to include newly found responsive information or documents.

6. These General Objections and Reservations apply to each Request for Production as though restated in full therein.

## REQUEST FOR PRODUCTION AND RESPONSES

1. Any and all medical records, reports, letters, bills, diagnostic films and statements, including full and complete medical records made in connection with the injuries allegedly sustained by the plaintiffs or plaintiffs' decedent as a result of the Incident.

**ANSWER: An authorization for defense counsel to obtain to the Olean General Hospital medical records is being sent via *Sharefile*. Plaintiffs refer defendant to Carol Marcellin's 5/21/2020 MRI of the lumbar spine previously sent via *Sharefile* on October 15, 2021.**

2. Any and all photographs which relate in any way to the Incident, the Product and/or the injuries allegedly sustained by the plaintiffs.

**ANSWER: A photograph of the scene was previously sent via *Sharefile* on October 15,**

2

2021.

3. Any and all photographs of the Property before and after the incident.

**ANSWER: See response 2.**

4. Any and all statements taken from or given by the plaintiffs which relate in any way to the Incident, the Product or to injuries that the plaintiffs allegedly received from the Incident.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021.**

5. All reports and statements signed, unsigned or transcribed, written and oral which were taken from or given by any person which relate in any way to the Incident, the Product and/or the injuries that the plaintiffs allegedly received from the Incident.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021.**

6. All documents by any police, fire department or other governmental agency/unit which relate in any way to the Incident, the Product or the injuries that the plaintiffs allegedly received from the Incident.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021.**

7. All documents setting forth the names and addresses of witnesses either directly or indirectly to the Incident.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021.**

8. All reports, opinions, statements and any letters which were filed out and/or completed by any expert or experts concerning the Incident, the Product or the injuries that the plaintiff

allegedly received from the Incident.

**ANSWER: Plaintiffs object to Defendant's "Demand for Expert Information Pursuant to CPLR §3101(d)" on the grounds that it seeks information that is outside the scope of CPLR §3101(d). Plaintiffs have not yet determined which experts will testify at trial and will provide this information on or before October 28, 2022 as outlined in the Scheduling Order dated October 12, 2021.**

9. If you are making a claim of lost wages, income and/or earning capacity, all records which pertain or relate to wages, salaries, tips, commissions or other income or earnings of the plaintiffs for a period of five (5) years prior to the date of the Incident and continuing to the present.

**ANSWER: Plaintiffs are not in possession of documents responsive to this Request.**

10. If you are making a claim for lost wages, income and/or earning capacity, all State and Federal Income Tax returns which the plaintiffs filed with the State or the Federal Government for a period of five (5) years prior to the date of the Incident and continuing to the present.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021. Plaintiffs are not in possession of further documents responsive to this Request as such documents were destroyed in the fire.**

11. All documents that accompanied and/or were provided to you when you purchased the Product.

**ANSWER: Plaintiffs are not in possession of documents responsive to this Request.**

12. All documents evidencing the purchase of the Product including, but not limited to, credit card bills, receipts, checks and all communications to and from the seller.

**ANSWER: Plaintiffs are not in possession of documents responsive to this Request.**

13. All documents evidencing or related to the purchase of any computers or computer related equipment or component parts for a period of ten (10) years prior to the Incident to present.

**ANSWER: Plaintiffs were able to locate a purchase from factoryoutletstore,com on July 22, 2015 in the amount of $16.17. Upon information and belief, this purchase was for a replacement battery for a Compaq laptop that was purchased in the early 1990's. Attached via Sharefile is a copy of Carol S. Marcellin's Olean Federal Credit Union statements from 2015-2018.**

14. All documents evidencing or relating to any maintenance, modification, alteration, service, repair, damage or other change to the Product from its original condition from the time it allegedly left the possession or control of the defendant until the time of the Incident.

**ANSWER: Plaintiffs are not in possession of documents responsive to this Request.**

15. All documents evidencing or relating to any design defect you contend with respect to the Product.

**ANSWER: Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.**

16. All documents evidencing or relating to any manufacturing defect you contend with respect to the Product.

**ANSWER: Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.**

17. All documents evidencing or relating to the identity of the manufacturer of the battery pack/cells in the Product at the time of the Incident including all documents supportive of any contention that said battery pack/cells were original to the Product when shipped by defendant.

**ANSWER: Discovery is ongoing in this matter and so plaintiffs will supplement this**

**Answer when discovery has been produced and depositions have been conducted.**

18. All documents evidencing all dates and times when any expert acting on your behalf examined, inspected, tested or otherwise reviewed the Product (including any and all component parts or accessories thereof) and/or the Property.

**ANSWER: Plaintiffs object to Defendant's "Demand for Expert Information Pursuant to CPLR §3101(d)" on the grounds that it seeks information that is outside the scope of CPLR §3101(d). Plaintiffs have not yet determined which experts will testify at trial and will provide this information on or before October 28, 2022 as outlined in the Scheduling Order dated October 12, 2021.**

19. All documents evidencing or relating to any problems or issues with the Product prior to the Incident.

**ANSWER: Plaintiffs are not in possession of documents responsive to this Request.**

20. All documents supporting your contention that defendant was negligent and caused the Incident.

**ANSWER: Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.**

21. All documents supporting your contention that any component part in the Product that you alleged caused the Incident was a Product of the defendant.

**ANSWER: Discovery is ongoing in this matter and so plaintiffs will supplement this Answer when discovery has been produced and depositions have been conducted.**

22. All documents that you refer to in your answers to defendant's interrogatories.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021.**

23. All documents evidencing damages suffered by you as a result of the Incident that have not been produced in response to the requests set forth above.

**ANSWER: Plaintiffs are not in possession of documents responsive to this Request.**

24. All documents including photographs of any physical evidence related to the Incident.

**ANSWER: See response 2.**

25. All medical records evidencing or related to any health related issues of plaintiffs' decedent for a period often (10) years prior to the Incident to the date of the Incident.

**ANSWER: Charles Hollowell received treatment from Bath VA Medical Center and Universal Primary Care. Authorizations for defense counsel to obtain the decedent's medical records have been sent via Sharefile.**

26. All documents pertaining to fire, and building safety systems or medical alert or other alarm systems present at the Property as of the day of the Incident.

**ANSWER: Plaintiffs refer defendant to the documents sent via *Sharefile* on October 15, 2021.**

DATED: March 9, 2022
Rochester, New York

FARACI LANGE, LLP

/s/ *Stephen G. Schwarz*
Stephen G. Schwarz, Esq.
Matthew F. Belanger, Esq.
Catherine D. Aughey, Esq.
28 East Main Street, Suite 1100
Rochester, New York  14614
Telephone: (585) 325-5150
Facsimile: (585) 325-3285
Email: sschwarz@faraci.com
Email: mbelanger@faraci.com
Email: caughey@faraci.com

*Attorneys for Plaintiffs*

7

TO:    **SMITH SOVIK KENDRICK & SUGNET, PC**
Jaclyn S. Wanemaker, Esq.
*Attorneys for Defendant, HP, Inc.*
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel: (315) 474-2911
jwanemaker@smithsovik.com

CC:    **PILLINGER MILLER TARALLO, LLP**
Jeffrey D. Schulman, Esq.
*Attorneys for Defendant, Staples, Inc.*
126 N. Salina Street, Suite 215
Syracuse, New York 13202
Tel: (315) 471-6166
jschulman@pmtlawfirm.com