UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | **Civ. No. 1:21-cv-00704-JLS** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL**

Defendant HP, Inc. (hereinafter "HP"), hereby submits this reply memorandum of law in support of its motion to compel the plaintiffs Carol Marcellin and Jessica Hollowell-McKay, to comply with HP's Interrogatories and Requests for Production of Documents.

{S1928219.1}

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... 2
TABLE OF AUTHORITIES ............................................................................... 2
SUMMARY OF ARGUMENT ............................................................................ 2
ARGUMENT ........................................................................................................ 2
CONCLUSION ..................................................................................................... 5

## TABLE OF AUTHORITIES

**Rules**
Federal Rule of Civil Procedure 37 ..................................................................... 2

## SUMMARY OF ARGUMENT

Under Federal Rule of Civil Procedure 37, Defendant HP, Inc. (hereinafter "HP"), respectfully submits this brief reply memorandum concerning the discovery requests that remain outstanding, including–significantly in this case where plaintiff concedes that the subject notebook had a non-HP battery installed–HP's discovery requests concerning a replacement battery pack purchased by the plaintiff in 2015.

## ARGUMENT

Because plaintiffs' complete discovery responses are outstanding with respect to critical issues in this case–including whether plaintiff purchased a replacement battery–the plaintiffs' objections that further responses were provided, or that the deficiencies in their responses are "trivial", are unavailing. Dkt. No. 39 at 2-3. Contrary to the plaintiffs' narrative, HP had repeatedly reiterated its discovery

requests, including requests concerning the replacement battery pack purchased by plaintiff, for **months**–not days or weeks. Thus, the suggestion that HP's motion to compel was merely responsive to plaintiffs' motion is essentially fiction. *See* Dkt. No. 39 at 3. HP's motion to compel should therefore be granted.

On February 2, 2022, HP's Request for Production No. 13 sought" All documents evidencing or related to the purchase of any computers or computer related equipment or component parts for a period of ten (10) years prior the Incident to present." Dkt. No. 32-2 at 9.

In response, on March 9, 2022, plaintiffs produced a statement from Marcellin's credit union and stated: "Plaintiffs were able to locate a purchase from factoryoutletstore,com on July 22, 2015 in the amount of $16.17. Upon information and belief, this purchase was for a replacement battery for a Compaq laptop that was purchased in the early 1990's." Exhibit A to Wanemaker Decl. at 6.

Similarly, HP's Interrogatories sought identification of "any purchases made in the preceding ten (10) years involving or related to computer equipment or any component parts thereof." Dkt. No. 32-3 at 14. Plaintiffs initially replied that ""Carol Marcellin recalls the following computer purchases in the preceding ten (10) years: the Product, an HP laptop purchased in December 2019, and a replacement battery for the Compaq laptop." *Id.*

Given the centrality of the issue of a replacement battery to this case, on May 8, 2023, HP sought supplementation of this response. Dkt. No. 25-23 at 8-9. On August 25, 2023, HP reiterated its request for supplementation prior to filing its

motion to compel. Dkt. No. 32-9 at 5. HP also served a request to inspect the Compaq and the replacement battery therein. Exhibit B to Wanemaker Decl. at 2.

After HP filed its motion on September 11, 2023, plaintiffs supplemented their interrogatory responses. On September 21, 2023, plaintiffs responded to the request for inspection. On September 27, 2023, plaintiffs supplemented their responses to the requests for production.

In these responses, plaintiff now stated that the July 22, 2015 purchase was not, in fact, for a replacement battery for the Compaq computer. But, the Compaq computer did still have a replacement battery in it, purchased at some prior time. And, neither the battery nor the Compaq were available for inspection, as the Compaq and battery were "destroyed" in the fire:

> Carol Marcellin recalls the following computer purchases in the preceding ten (10) years: the Product, an HP laptop purchased in December 2019, and a replacement battery for the Compaq laptop. The Compaq laptop utilized prior to her purchase of the subject laptop was purchased sometime in the 1990's and was utilized until the subject laptop was purchased. Thereafter, it was stored in a closet in the room where the fire occurred and was destroyed in that fire.
>
> ***
>
> The 1990s vintage Compaq computer was destroyed in the fire and is no longer in the possession of Plaintiffs so cannot be produced.
>
> ***
>
> Plaintiffs were able to locate a purchase from factoryoutletstore,com on July 22, 2015 in the amount of $16.17. Plaintiffs lack information on what item was purchased from this vendor on 7/22/15, but believe a replacement battery pack for Plaintiff Carol Marcellin's Compaq computer was purchased at some point but prior

{S1928219.1}                                4

>  to 2015 and do not believe this specific purchase was for such a Compaq replacement battery pack based on the date of the purchase and the amount of the purchase.

Dkt. No. 39-3 at 17; Ex. B to Wanemaker Decl. at 4; Ex. A to Wanemaker Decl. at 17. This new response strains credulity, especially where as here [1] both parties examined the fire scene and the fire-damaged subject notebook, the 2019 fire-damaged notebook, but no Compaq notebook or any remnants thereof; [2] neither party was able to identify or photograph any remnant component of the Compaq notebook among the collected fire debris; and [3] the temperature and intensity required to completely incinerate the Compaq computer is inconsistent with a fire that did not incinerate any other electronic components in that closet.[1]

Given that whether plaintiff installed the non-HP battery in the subject notebook is a critical issue in this case, and that plaintiff has been unable to provide a clear response concerning a replacement battery she admittedly purchased at some point prior to the fire, or produce that battery for inspection, the motion to compel the plaintiffs' complete responses should be granted.

## CONCLUSION

Plaintiffs attempt to minimize their discovery response deficiencies as "trivial," but this is belied by the record. Specifically, HP still does not have an answer as to what aftermarket battery plaintiff purchased before this fire, for what notebook computer, and where it is now. This is despite HP's repeated efforts to meet its discovery obligations under the Federal Rules of Civil Procedures and the Local Rules

---

[1] HP anticipates seeking another deposition of plaintiff to address the latest discovery responses, whereby she has critically changed her story.

of this Court, and plaintiffs' disregard of the same. HP's motion to compel should be granted.

DATED: November 3, 2023

_____
Jaclyn S. Wanemaker, Esq.
SMITH SOVIK KENDRICK & SUGNET, PC
Attorneys for Defendant HP, Inc.
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel.: (315) 474-2911
jwanemaker@smithsovik.com