**EXHIBIT B**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

Plaintiffs,

v.

HP, INC., and STAPLES, INC.,

Defendants.

**Civ. No. 1:21-cv-00704-JLS**

---

**PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT HP, INC.**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30, Plaintiff will

take the remote oral and videotaped deposition of **DAVID PIPHO** identified below on a date

and at a time to be mutually agreed by the parties. The depositions will be conducted remotely

using Veritext Court Reporters, the Zoom video conferencing platform and the Egnyte document

sharing platform.

Under Federal Rules of Civil Procedure 30(b)(2) and 34, Defendant is requested to

produce the documents responsive to the requests listed on Schedule B ten (10) days before the

deposition is to take place. Exhibits for this deposition will be marked digitally through the

Egnyte/Exhibit Share platform.

PLEASE TAKE FURTHER NOTICE, that counsel are requested to contact the

undersigned at sschwarz@faraci.com at least three (3) calendar days prior to the deposition to

advise how you plan to attend the deposition.

Dated:  September 11, 2023
        Rochester, New York

                                Respectfully submitted,


                                FARACI LANGE, LLP

                                By:  /s/Stephen G. Schwarz
                                sschwarz@faraci.com
                                Matthew F. Belanger, Esq.
                                mbelanger@faraci.com
                                Teagan C. Dolan
                                Tdolan@faraci.com
                                1882 South Winton Road
                                Suite 1
                                Rochester, NY 14618
                                Telephone:  (585) 325-5150
                                Facsimile:  (585) 325-3285

                                *Attorneys for Plaintiffs*

TO:    **SMITH SOVIK KENDRICK & SUGNET, PC**
        Jaclyn S. Wanemaker, Esq.
        *Attorneys for Defendant, HP, Inc.*
        6245 Sheridan Drive, Suite 218
        Williamsville, New York 14221
        Tel: (315) 474-2911
        jwanemaker@smithsovik.com



CC:    **PILLINGER MILLER TARALLO, LLP**
        Jeffrey D. Schulman, Esq.
        Maria T. Mastriano, Esq.
        *Attorneys for Defendant, Staples, Inc.*
        126 N. Salina Street, Suite 215
        Syracuse, New York 13202
        Tel: (315) 471-6166
        jschulman@pmtlawfirm.com
        mmastriano@pmtlawfirm.com


**SCHEDULE A**

**Definitions**

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1.      "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34 and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of

3

you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

2.     "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

3.     "You" and "your" means HP and any of their directors, officers, sales representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other person purporting to act on their behalf. In the case of business entities, these defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities, related entities, or any other entity acting or purporting to act on your behalf.

4.     "Or" and "and" will be used interchangeably.

5.     Unless otherwise indicated, the relevant time-period for the information sought for each request is from 2010 to the present.

6.   "Battery Pack" shall refer to the multiple cell battery and battery control system cartridge used to power an HP Laptop computer.

7.  "Counterfeit Battery Pack" shall refer to any battery pack that allows an HP Laptop

computer to function but was not manufactured by an approved HP source for such

battery pack.

8.  "Safety Function" shall have the meaning intended as this phrase was used in HP's

Battery Specifications.

9.  "Temperature Sense Capability" shall have the meaning intended as this phrase was used

in HP's Battery Specifications.

## SCHEDULE B

## REQUESTS FOR PRODUCTION:[1]

1. All documents relating to Defendant HP's knowledge of **Counterfeit Laptop Battery Packs** lacking any or all of the required circuits and **Safety Functions** required in HP's Battery Specifications[2], including overcharge/discharge, over current, over temperature, reverse charge, cell imbalance short circuit protection, or **Temperature Sense Capability** causing overheating of battery packs in **any** HP laptop computer series;

2. All documents related to HP's decision to cause a warning message to be displayed on the screen of any HP laptop computer series when a battery pack was installed that was or could be a **Counterfeit Laptop Battery Pack**.

---

[1] If HP has produced documents in this litigation responsive to this request please provide bates range references for all such documents in lieu of producing the documents again.
[2] See HP01366-77, HP01378-89 and HP01390-1400.