UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP Inc., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

Defendant HP Inc. (hereinafter "HP"), hereby submits this memorandum of law in support of its motion for a protective order forbidding the deposition of David Pipho.

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ 2
TABLE OF AUTHORITIES ...................................................................................... 2
SUMMARY OF ARGUMENT .................................................................................... 3
LEGAL STANDARDS ................................................................................................ 4
ARGUMENT ............................................................................................................... 4
I.  PIPHO'S DEPOSITION IS NOT RELEVANT TO PLAINTIFF'S CLAIMS .......... 4
II. PIPHO'S DEPOSITION IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE ........................................................................................................................ 8
CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**
*Barbara v. MarineMax, Inc.*, 2013 U.S. Dist. LEXIS 67018 (E.D.N.Y. May 10, 2013) ................................................................................................................................. 10
*DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2020 U.S. Dist. LEXIS 264892, at *6-7 (E.D.N.Y. Nov. 30, 2020) (Pollak, J.). ..................................................................... 8
*Franco v. Yale Univ.*, 80 F. App'x 707, 710 (2d Cir. 2003) ........................................ 7
*Grajeda v. Vail Resorts Inc.*, 2022 U.S. Dist. LEXIS 241251, at *7-8 (D. Vt. June 7, 2022) (Reiss, J.). ..................................................................................................... 10
*Williams v. Rushmore Loan Mgmt. Servs., LLC*, 2016 U.S. Dist. LEXIS 22807, at *10 (D. Conn. Feb. 16, 2016) (Martinez, J.) ............................................................ 7

**Other Authorities**
Committee Notes on Rules—2015 Amendment ................................................... 4, 7

**Rules**
Federal Rule of Civil Procedure 26 ...................................................................... 3, 4
Rule 30(b)(6) ............................................................................................................. 4

## SUMMARY OF ARGUMENT

HP produced a corporate designee to testify on, among other matters, post-manufacture warnings concerning replacement batteries. During that deposition, plaintiff did not inquire of the witness why HP did not provide notice to current laptop users of the dangers posed by counterfeit replacement batteries. Plaintiff now seeks the deposition of David Pipho, an HP employee whose passing mention in a deposition of HP's corporate designee is his only connection to this case, to testify concerning the question he never asked the corporate designee. Pipho's testimony is not relevant or proportional to the needs of the case under Federal Rule of Civil Procedure 26. Defendant HP Inc. (hereinafter "HP"), therefore respectfully submits this memorandum of law in support of the motion for a protective order forbidding the deposition of Pipho. From the time of the manufacture of the plaintiff's computer through the fire that is the subject of this lawsuit, Pipho did not work in the battery group, played no role concerning any decisions by HP to take action concerning counterfeit batteries, including to warn end users of the dangers of such batteries. Affidavit of David Pipho, Exhibit A to Wanemaker Aff. His testimony is not relevant to any party's claim or defense under Rule 26. Further, Pipho's testimony is cumulative to that of HP's corporate designee Lee Atkinson, whose testimony bound HP on the very matters for which Pipho's testimony is now sought. Indeed, HP offered to answer any questions not put to Atkinson during his deposition by way of interrogatory, but the plaintiff refused. Pipho's testimony is accordingly not

proportional to the needs of the case under Rule 26. The motion for a protective order forbidding Pipho's deposition should be granted.

## LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." F.R.C.P. 26(b)(1). "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Committee Notes on Rules—2015 Amendment. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery." F.R.C.P. 26(c)(1).

## ARGUMENT

### I. PIPHO'S DEPOSITION IS NOT RELEVANT TO PLAINTIFF'S CLAIMS

Pipho's name arose for the first and only time in this case during the deposition of Atkinson, HP's corporate designee, who had been produced by HP to testify on behalf of the company under Rule 30(b)(6) on the following subjects:

4

> "HP's knowledge of counterfeit batteries on the market that were being sold for use in Pavilion Series Laptop computers prior to the date of incident,"
>
> "Battery authentication systems known or available to HP prior to the incident to detect and warn against counterfeit replacement batteries, including battery error messaging,"
>
> "All warnings, manuals, and instructions issued by HP to purchasers of HP Pavilion Series laptop computers similar to the laptop regarding replacement batteries, including risks of using non-HP manufactured replacement batteries, and the method of communicating such warnings to purchasers,"
>
> "Any post-manufacturer and sale warnings or instructions were provided to HP Pavilion Series laptop computers regarding replacement batteries, risks of fire or explosion of lithium-ion batteries and the method by which any such warnings or instructions were provided to prior purchasers."

Wanemaker Aff. ¶ 3. Atkinson accordingly testified on behalf of HP that HP was aware of the issue of counterfeit unauthorized battery packs from 2016-2017; that the pop-up counterfeit battery alert function was introduced to new HP computers in 2019; and that there was no communication from HP concerning counterfeit batteries to previous customers, specifically, there were no post-manufacture warnings or instructions given, beyond the owner's manuals, to previous HP Pavilion purchasers. Wanemaker Aff, ¶ 4.

During Atkinson's deposition, he was asked whether he "had any discussions within the company, generally outside of litigation process, about the potential hazards associated with using these unauthorized battery packs because they lack certain safety features." Ex. G. to Wanemaker Aff. at 3. Atkinson answered that he had "talked to a few people over the last four years on this," dating back to 2019, and

that the only individual he could recall was David Pipho. *Id.* Atkinson could not recall their specific conversation. *Id.*

Pipho is an electrical engineer in HP Personal Systems Quality. Exhibit A to Wanemaker Aff. ¶ 2. He does not work in the HP battery unit, and at all relevant times to this lawsuit, he "played no role in decisions by HP to take action related to counterfeit batteries" and "played no role in the decision of whether to notify end users regarding any alleged dangers of counterfeit replacement batteries." *Id.* ¶¶ 3-5. Pipho "vaguely recall[e]d some conversations a few years back with Lee Atkinson about counterfeit batteries but nothing specific," which conversations were "not part of my official duties at HP." *Id* ¶ 6.

Plaintiff noticed Pipho's deposition, to which HP objected, and after the parties twice conferred on the objection, plaintiff stated that Pipho's testimony was necessary because "based upon Mr. Atkinson's testimony, Mr. Pipho may have relevant information on an issue central to Plaintiff's post-manufacture duty to warn claim." Wanemaker Aff. ¶¶ 6-11. Specifically, Pipho was "likely to have important evidence on the decision-making at HP as to whether to provide notice to current laptop users of the dangers posed by the counterfeit replacement batteries lacking important safety features that HP knew were being sold to HP customers." Wanamaker Aff. ¶ 12.

This is belied by the record. Pipho's sworn testimony, Ex. A. to Wanemaker Aff., establishes that he has no evidence, let alone important evidence, concerning the decision making at HP as to whether to provide notice.

It bears emphasis here that plaintiff initially alleged the computer was purchased in 2010, then March 2011, then in or about 2015, then demanded discovery concerning her own purchase of the computer from HP–including by way of motion to compel and for sanctions. Wanemaker Aff ¶¶ 9-10. As a result of these demands and with significant burden to HP, supplemental discovery responses were served establishing that the notebook was registered by the plaintiff in 2011. Thus, HP became aware of the issues concerning counterfeit batteries five years after plaintiff purchased her computer; introduced a pop-up alert eight years after plaintiff purchased her computer; and Pipho and Atkinson spoke approximately eight years after plaintiff purchased the computer. Pipho's testimony cannot be relevant; these matters are established by HP's supplemental responses and Atkinson's testimony under Rule 30(b)(6). Further, HP has offered to respond to any further questions not put to the witness–like the suddenly-important question of why HP did not "provide notice to current laptop users of the dangers posed by counterfeit replacement batteries"–by way of interrogatory, but plaintiff has refused. Wanemaker Aff., ¶ 12.

Again, plaintiff never put this question to Atkinson, despite that he was testifying on the subject. *See* Ex. A to Wanemaker Aff. Thus, in this case, "Plaintiff has not made an adequate showing to support the deposition": "He has not made a specific proffer of the testimony he seeks to obtain."*Williams v. Rushmore Loan Mgmt. Servs., LLC*, 2016 U.S. Dist. LEXIS 22807, at *10 (D. Conn. Feb. 16, 2016) (Martinez, J.) (granting motion for protective order).; *see also* Committee Notes on Rules—2015 Amendment ("A party claiming that a request is important to resolve

7

the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."); *Franco v. Yale Univ.*, 80 F. App'x 707, 710 (2d Cir. 2003) (plaintiff made "no showing as to the need" for testimony, so as to overcome an affidavit attesting to his lack of knowledge).

Pipho cannot add anything beyond what HP's designee has already testified. Indeed, "there is no basis on which to believe the witness has any unique personal knowledge of facts relevant to this action, and to the extent that he might, his knowledge is so far removed and tangential to the main issues in the case, that the burden that will result from requiring him to sit as a witness far outweighs any probative value in his testimony." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2020 U.S. Dist. LEXIS 264892, at *6-7 (E.D.N.Y. Nov. 30, 2020) (Pollak, J.). Pipho, as set forth in his "Declaration, in which he states that he had very little if any involvement in central facts and to that extent, he has described the full extent of his involvement." *Id.* at *10-11. The motion for protective order should be granted.

## II. PIPHO'S DEPOSITION IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE

Having established the material facts concerning a post-sale duty to warn and replacement batteries by way of discovery responses and corporate designee testimony, and having offered to provide further discovery responses concerning the same by way of interrogatory, plaintiff's demand to depose Pipho, an irrelevant witness, is not proportional to the needs of the case. Each of the proportionality factors militates against his deposition and in favor of granting the motion for protective order.

*First*, the importance of the discovery is minimal: as set forth above, Pipho is not a percipient witness. He has no personal knowledge relevant to this case. His deposition is not proportional.

*Second,* concerning the access to information factor, the Advisory Committee counsels that often "the burden of responding to discovery lies heavier on the party who has more information," which can include "information that is more difficult to retrieve" Committee Notes on Rules—2015 Amendment. Here, plaintiffs demanded HP undertake extensive efforts to secure data confirming what plaintiff should have known all along–what year she purchased the notebook that is the subject of her lawsuit. HP has complied with those efforts, made its corporate designee available to testify concerning post-manufacture warnings and replacement battery issues, and offered further written discovery responses concerning the same, but plaintiff still demands more. This is not proportional.

*Third,* concerning the party's resources, "consideration of the parties' resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party ... the court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent." Committee Notes on Rules—2015 Amendment. Here, plaintiff seeks a war of attrition, having insisted on further motion practice despite the sincere efforts to resolve the issue and the irrelevance of the testimony sought.

*Fourth,* Pipho's testimony cannot and will not resolve the issues in this case: it has no importance. Pipho has no knowledge and cannot elucidate any of the plaintiff's claims or HP's defenses.

*Fifth,* the burden significantly outweighs the benefit insofar as both parties will be required to incur the costs of the deposition, and Pipho's testimony is irrelevant and cumulative; his knowledge is immaterial.

Atkinson did not lack knowledge concerning any of plaintiff's counsel's questions. He deferred none to David Pipho. The purpose of a 30(b)(6) deposition is to bind the company, and Atkinson's testimony did so concerning the post-manufacture warnings and the replacement battery issues. HP has offered to further respond to any questions not put to Atkinson—including the questions concerning HP's post-manufacture warnings concerning counterfeit replacement batteries that plaintiff now seeks to ask Pipho, who cannot answer them. Pipho has stated that he was not involved in the decisions concerning post-manufacture warning. *See Grajeda v. Vail Resorts Inc.,* 2022 U.S. Dist. LEXIS 241251, at *7-8 (D. Vt. June 7, 2022) (Reiss, J.). Thus, "[a]s a fact witness, any opinion he may have had in [2019] regarding [counterfeit replacement batteries] would not be admissible and discovery related to that opinion is not proportional to the needs of this case." *Id., citing Barbara v. MarineMax, Inc.,* 2013 U.S. Dist. LEXIS 67018 (E.D.N.Y. May 10, 2013) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition."). "As a result, [Pipho's] deposition imposes burdens

and expenses that outweigh the likelihood that any probative evidence would be adduced." *Id.* The motion for protective order should be granted.

## CONCLUSION

For the reasons set forth above, HP's motion for a protective order forbidding the deposition of David Pipho should be granted.

DATED: Tuesday, January 30, 2024

/s/ *Jaclyn S. Wanemaker*

Jaclyn S. Wanemaker, Esq.
SMITH SOVIK KENDRICK & SUGNET, PC
Attorneys for Defendant HP Inc.
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel.: (315) 474-2911
jwanemaker@smithsovik.com