UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

    Plaintiffs,

v.

HP, INC., and STAPLES, INC.,

    Defendants.

**Civ. No. 1:21-cv-00704-JLS-HKS**

---

**DECLARATION OF STEPHEN G. SCHWARZ IN OPPOSITION TO HP'S MOTION FOR A PROTECTIVE ORDER**

Pursuant to 28 U.S.C.§ 1746, I, Stephen G. Schwarz, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief:

1.    I am an attorney duly admitted to practice in the State of New York and the Western District of New York and am a partner in the firm of Faraci Lange, LLP, attorneys for Plaintiffs herein, and as such, I am fully familiar with the facts and circumstances surrounding this case. I make this declaration in opposition to Defendant HP's Motion for a protective order to prevent the deposition of its employee, David Pipho.

2.    This case involves a fatal fire that occurred on January 24, 2020 caused by the battery of an HP laptop computer exploding. The battery was a replacement battery not manufactured by HP and lacked safety features that would have prevented the explosion. In

1

response to a Notice of Deposition pursuant to F.R.Civ.P 30(b)(6), HP produced Lee Atkinson. In the course of Mr. Atkinson's deposition, he testified that HP became aware of counterfeit batteries that were being sold to replace original batteries in HP laptop computers and these replacement batteries lacked important safety features that made them dangerous for users and created a risk of fires. I then asked Mr. Atkinson the following series of questions as to who else in the company he spoke with after discovering this hazardous condition that could be created when HP laptop batteries required replacement. Attached as Exhibit A are pages from Mr. Atkinson's deposition transcript that reflect his answers to these questions. The only person he identified as someone he had discussed this hazard with was David Pipho.

        3.        On September 13, 2023 Plaintiffs served a Notice of Deposition on HP to take the testimony of David Pipho virtually through Zoom. (Dkt # 43-3). HP did not formally object to this Notice until the current motion was filed on January 30, 2024. HP's attorney did inquire several times by email as to why Plaintiffs had noticed Mr. Pipho's deposition. Each time, the above testimony of Mr. Atkinson was referenced. Two meet and confer sessions were held when HP's attorneys again requested me to articulate the reasons Mr. Pipho's deposition was necessary. Each time I referenced the above testimony and indicated that based on Mr. Atkinson's testimony, Mr. Pipho may have discoverable information on why HP chose not to notify owners of its laptop computers purchased prior to HP becoming aware of these dangerous counterfeit replacement batteries about the potential fire hazard presented by the use of such counterfeit batteries.

        4.        Attached as Exhibit B is an email chain that captures the back and forth between counsel that eventually led to me providing an ultimatum to HP's counsel to either

provide dates for Mr. Pipho's virtual deposition or file a motion for a protective order.

5.     Mr. Pipho's Affidavit (Dkt # 43-2) filed in support of HP's motion regarding his lack of recall of his discussions with Mr. Atkinson was not provided to me until it was attached as an exhibit to this motion.

6.     Plaintiffs have only taken a single deposition of an HP witness in this wrongful death case.  HP's attorneys have not articulated any reason why it would be burdensome to produce Mr. Pipho for a virtual deposition inquiring into his knowledge of discussions with HP about steps it could take to protect prior purchasers from possible injury and death through the use of these replacement batteries.  Defendant HP has not offered to produce any other witness in place of Mr. Pipho who was involved in discussions with Mr. Atkinson

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant HP's motion for a protective order and award reasonable expenses to Plaintiffs pursuant to F.R.Civ.P. 37(B) together with such other and further relief as to the Court may seem just and proper.

DATED:  February 16, 2024

> */s/ Stephen G. Schwarz*
> FARACI LANGE, LLP
> 1882 South Winton Road, Suite 1
> Rochester, NY 14618
> Phone:  (585) 325-5150
> Email:  sschwarz@faraci.com
>
> *Attorneys for Plaintiffs*