UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP Inc., and STAPLES, INC.,<br><br>Defendants. | **Civ. No. 1:21-cv-00704-JLS** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendant HP Inc. (hereinafter "HP"), hereby submits this reply memorandum of law in support of its motion for a protective order forbidding the deposition of David Pipho.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 2
TABLE OF AUTHORITIES......................................................................................... 2
SUMMARY OF ARGUMENT..................................................................................... 2
ARGUMENT................................................................................................................. 3
CONCLUSION ............................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. Oct. 15, 2013) (Francis, J.). ................................................................................................................. 4
*Huseby, LLC v. Bailey,* 2021 U.S. Dist. LEXIS 141504, at *24 (D. Conn. July 29, 2021) (Farrish, J.) ...................................................................................................... 4
*Joseph v. Gnutti Carlo S.p.A.,* 2016 U.S. Dist. LEXIS 96721, at *5 (S.D.N.Y. July 25, 2016) (Nathan, J.) ....................................................................................................... 7
*Mandell v. Maxon Co.,* 2007 U.S. Dist. LEXIS 99238 (S.D.N.Y. Oct. 16, 2007) (Sweet, J.) ................................................................................................................. 4
*Trilegiant Corp. v. Sitel Corp.,* 272 F.R.D. 360, 363 (S.D.N.Y. Nov. 15, 2010) (Francis, J.) ............................................................................................................... 4

**Rules**
F.R.C.P. 26(b)(1) ........................................................................................................... 4

## SUMMARY OF ARGUMENT

Although the plaintiff claims without authority that the deposition of David Pipho is not disproportional to the needs of the case, the fact remains that Pipho's deposition would be cumulative and burdensome, because Pipho submitted an affidavit stating he has no knowledge relevant to this case. Indeed, Plaintiff's own statement under penalty of New York fraudulent insurance act law established that

the notebook at issue was purchased in 2011, and that Pipho spoke to HP's 30(b)(6) witness approximately eight years after plaintiff purchased the computer. Further, HP previously produced its 30(b)(6) witness who was designated and prepared to testify about the very matters for which Pipho's deposition is now sought, and plaintiffs never inquired of those matters with the witness. Finally, HP has proffered further interrogatory responses in respect of any questions not asked of the corporate designee.

## ARGUMENT

It bears emphasis, as an initial matter, that plaintiffs do not apparently dispute the sworn affidavit of David Pipho attesting to his lack of any knowledge relevant to this matter. *See* Dkt. No. 47-3 at 12; Dkt. 43-2. For this reason alone, the motion for a protective order should be granted. *See* F.R.C.P. 26(b)(1).

In view of Pipho's affidavit, plaintiffs do not, and cannot affirmatively argue that Pipho's testimony is relevant; instead, they merely insist that relevance is a "broad concept" and the standard is "not heavy." Dkt. No. 47-3 at 12, *citing Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. Oct. 15, 2013) (Francis, J.). What plaintiffs omit from their recitation, however, is that it is their burden to establish relevance. *Id., citing Trilegiant Corp. v. Sitel Corp.,* 272 F.R.D. 360, 363 (S.D.N.Y. Nov. 15, 2010) (Francis, J.)*; Mandell v. Maxon Co.,* 2007 U.S. Dist. LEXIS 99238 (S.D.N.Y. Oct. 16, 2007) (Sweet, J.). Having failed to make any affirmative argument that Pipho's testimony would be relevant to this case in view of his sworn affidavit to the contrary, plaintiffs have failed to carry their burden, and the motion

for protective order should be granted.

It is telling that the plaintiffs have adduced no evidence to call Pipho's affidavit into question, because the plaintiffs misleadingly analogize their case to one in which the plaintiffs did so. *See* Dkt. No. 47-3 at 12, *citing Huseby, LLC v. Bailey,* 2021 U.S. Dist. LEXIS 141504, at *24 (D. Conn. July 29, 2021) (Farrish, J.). In *Huseby,* the defendant moved for a protective order and submitted a corresponding affidavit as to a witness it claimed was not an employee during the time period in question and whose testimony was therefore irrelevant and disproportional to the needs of the case. The Court denied the motion, holding that plaintiff's counter-affidavit properly contested this fact: "But Huseby says that he did, and it claims to have at least three bona fide reasons for saying so." *Id.* at 24. Indeed, that is precisely why the Court held that an affidavit cannot establish discovery is disproportionate in respect of "a contested factual allegation." *Id.;* Dkt. 47-3 at 12. Here, there is no contested factual allegation. Plaintiff does not dispute any of the contents of Pipho's affidavit. There being no dispute over the irrelevance and disproportionality of Pipho's testimony, the motion for a protective order should accordingly be granted.

Further discovery has belied plaintiffs' claim that Piphos' testimony concerning his conversations with HP's designee 8 years after the plaintiff purchased her computer is somehow relevant to this case and proportional to the needs of this case. First, plaintiff in her complaint "assumed based on the available information that she had purchased the laptop new from Staples in approximately 2010 and had forgotten she had replaced the battery sometime later." Dkt. 47-3 at 5. Then, on the

4

eve of her deposition, Plaintiff claims she "could not recall exactly when she purchased the subject laptop" and so "theorized that she may have purchased a refurbished laptop sometime around 2014 or 2015." *Id.* When HP responded that the plaintiff registered her computer in March 2011, plaintiff refused to revise her interrogatory responses, and instead moved to compel HP to produce further corroborating records. As plaintiff concedes, "[w]hile that motion was pending, Defendant HP produced additional records suggesting that Plaintiff Carol Marcellin registered the warranty for the laptop with HP sometime in 2011." *Id.* Now, the disclosure of plaintiff's initial insurance file–including her inventory of property submitted under penalty of New York fraudulent insurance act law–fully puts the lie to the claim that she purchased the computer at any time other than 2011:

[Handwritten insurance inventory form showing items including TV, Queen Beds, Chest of Drawers, Floor Carpet, Draperies, Curtains/Blinds, Bedroom night stand, Lamps, Computer Desk w/hutch, H.P. Computer (line 12, HP Laptop QVC $700 12/2019), H.P. Computer (line 13, highlighted: HP Laptop Staples $500 ? 2011 8), Canon Printer, File Cabinet 4 drawer.]

\* \* \*

"ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, AND SHALL ALSO BE SUBJECT TO A CIVIL PENALTY NOT TO EXCEED FIVE THOUSAND DOLLARS AND THE STATED VALUE OF THE CLAIM FOR EACH SUCH VIOLATION."

SIGNATURE OF CLAIMANT: Carol Bell Marcellin   TITLE: Ms.   DATE: 02/03/2020

Ex. A to Wanemaker Aff. at 1, 3 (emphasis added). Plaintiff knew, 11 days after the fire, that she purchased her computer in 2011. She had no issue recalling this fact when claiming reimbursement for her insurer. Again, there is no evidence that Pipho's conversation with HP's designee, 8 years later, is somehow relevant or proportional to the needs of this case. The motion for protective order should be granted.

Pipho has submitted a sworn, uncontroverted statement that he possesses no relevant knowledge, Dkt. 43-2, and HP produced a 30(b)(6) witness prepared to testify about the dangers of counterfeit battery packs and HP's knowledge thereof, *see* Dkt. No. 43-9 at 5. Pipho's testimony has been established to be cumulative and burdensome, unlike in the authority cited by plaintiff. *See* Dkt. No. 47-3 at 12-13, *citing Joseph v. Gnutti Carlo S.p.A.,* 2016 U.S. Dist. LEXIS 96721, at *5 (S.D.N.Y. July 25, 2016) (Nathan, J.). In *Joseph*, Judge Nathan permitted a party deposition to go forward because the movant had only established the possibility of burden: "But the **possibility** that depositions of HMRC employees would cover much of the same information contained in documents produced by HMRC does not make this discovery **unreasonably** cumulative." *Joseph, supra* at *5 (emphasis original). Here, the unreasonably cumulative nature of Pipho's testimony has been established; it is not speculative. The motion for protective order should be granted.

## CONCLUSION

For the reasons set forth above, HP's motion for a protective order forbidding the deposition of David Pipho should be granted.

DATED: Friday, March 1, 2024

_____
Jaclyn S. Wanemaker, Esq.
SMITH SOVIK KENDRICK & SUGNET, PC
Attorneys for Defendant HP Inc.
6245 Sheridan Drive, Suite 218
Williamsville, New York 14221
Tel.: (315) 474-2911
jwanemaker@smithsovik.com

7