**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**CAROL S. MARCELLIN, individually, and as**
**Co-Administrator of the Estate of Charles E.**
**Hollowell, deceased, and JESSICA HOLLOWELL-**
**McKAY, as Co-Administrator of the Estate of**
**Charles E Hollowell, deceased.**

                                   **Plaintiffs,**
**v.**
                                                        **21-CV-00704-JLS-HKS**

**HP., INC. and STAPLES, INC.,**


                                   **Defendants.**
_____


## <u>DECISION AND ORDER</u>

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4.


This is a wrongful death and personal injury product liability case arising out of a fire allegedly caused by the explosion of a battery in a laptop computer.


Currently before the Court are plaintiffs' motion to compel (Dkt. #25), defendant HP, Inc.'s cross motion to compel (Dkt. #32), and defendant HP, Inc.'s motion for protective order (Dkt. #43).

## BACKGROUND

On January 24, 2020, plaintiff Carol Marcellin ("Marcellin") was asleep in the home she shared with her long-time companion, decedent Charles Hollowell ("Hollowell"), when a laptop in the home caught fire. Dkt. #1, ¶¶12-14. Marcellin was unable to get Hollowell, who was physically disabled, out of the home. Marcellin exited the home to call for help, but by the time help arrived, Hollowell had perished. *Id.* Marcellin suffered smoke inhalation and severe emotional and psychological suffering. Dkt. #1, ¶ 16.

Plaintiffs filed this diversity action on June 2, 2021 alleging claims for: (1) strict products liability—manufacturing defect[1]; (2) strict products liability—design defect; (3) strict products liability—failure to warn; and (4) negligence. Dkt. #1. They named as defendants H.P., Inc. ("H.P."), the successor corporation to Hewlett Packard Company, the manufacturer of the laptop, and Staples, Inc., the store where plaintiff bought the computer. Dkt. #1, ¶¶ 10-11.

Plaintiffs originally alleged that Marcellin purchased the laptop in 2010. Dkt. #1, ¶ 10. During discovery, however, it was determined that the battery in the laptop—which apparently exploded and caused the fire—was manufactured in 2014 and was not the battery that had been sold with the laptop. Dkt. #25-1, ¶ 4. It was also revealed that

---

[1] Plaintiffs are not pursuing their manufacturing defect theory against HP, but they are pursuing their design defect claim. Dkt. #39-3, pp. 16-17.

the battery lacked features to prevent it from overcharging and potentially exploding. Dkt. #25-2, ¶ 5.[2]

On December 16, 2021, plaintiffs served a first set of interrogatories and document requests to Staples. Dkt. ## 25-5, 25-6. Plaintiffs served these requests by email, stating: "Should you also require service by regular postal mail, please let us know and we will promptly forward hard copies." Dkt. #33-1, p. 2. Plaintiffs' counsel avers that "[a]t no time did Defendant Staple's counsel request paper copies of these discovery demands be served [by] mail." Dkt. #33, ¶ 4. Staples provided responses to these requests on August 30, 2022. Dkt. #25-7. On November 8, 2022, plaintiffs sent Staples's counsel a letter setting forth alleged deficiencies in Staples's responses. Dkt. #25-8.

On February 22, 2022, HP served interrogatories and requests for production on plaintiffs. Dkt. #32-2. Plaintiffs provided responses to these requests on March 9, 2022. Dkt. #32-3. For more than a year, HP and plaintiffs corresponded about the adequacy of plaintiffs' responses. Dkt. ##32-4—32-8.

Meanwhile, plaintiffs' counsel theorized that Marcellin may have bought the laptop as a refurbished computer in 2015 and not as a new computer in 2010. Dkt. #25-1, ¶ 12. When plaintiffs' counsel communicated this information to counsel for HP on March 16, 2023, defense counsel stated that they would need to reschedule Marcellin's

---

[2] Discovery has since revealed that plaintiff stated in the property inventory she submitted to her insurer after the fire that she purchased the HP laptop from Staples in 2011. Dkt. #48-2, p. 5.

deposition—which was set for the following day—and the parties reached an impasse on that issue. Dkt. #25-9.[3]

On March 29 and 30, 2023, plaintiffs served a second set of discovery requests on defendants to try to determine to whom the laptop was originally sold and when Marcellin bought it. Dkt. #25-16-#25-19. The requests to Staples, including a notice of Rule 30(b)(6) deposition, were again sent by email, Dkt. ##25-18, 25-19, 25-20.

On May 4, 2023, plaintiffs' counsel emailed defense counsel noting that defendants had not provided responses to these second requests and seeking dates for a meet and confer to discuss that issue as well as scheduling matters. Dkt. #25-21, p. 2. On May 8, 2023, plaintiffs' counsel renewed their request. Dkt. #25-22.

On May 11, 2023, counsel for HP and plaintiffs conferred via email regarding their respective discovery responses. Dkt. #25-23. Plaintiffs informally supplemented their responses to HP's interrogatories, noting that they would follow up with formally amended responses. Dkt. #25-23, pp. 8-9.

Similarly, HP informally supplemented its responses to plaintiffs' second set of interrogatories, noting that it would follow up with formal responses. Dkt. #25-23, p. 8. Specifically, in response to the first interrogatory asking HP to "identify the date the Laptop was first sold, the amount received by HP in the sale, the suggested retail price of the

---

[3] Plaintiffs were eventually deposed on July 7, 2023. Dkt. #29, ¶ 9(b).

Laptop and the name and address of the purchaser," HP stated: "Given the age of the laptop at issue, we have been unable to locate this information." Dkt. #25-23, p.8. In response to the second interrogatory asking HP to identify "the name and address of the person or entity who registered for the warranty described in HP 00482 for the Laptop," HP stated: "See the attached screenshot for the laptop registration identifying Carol Marcellin as the registered owner of the laptop. I intend to have the attached bates-stamped and will make this a formal response." Dkt. #25-23, p. 8.

The parties had a teleconference on May 11, 2023, in which they discussed scheduling matters and the production of outstanding discovery by June 30, 2023. Dkt. #25-1, ¶ 20; Dkt. #27, ¶ 11; Dkt. #29, ¶ 8.

In the emails exchanged that day, plaintiffs' counsel noted the "outstanding discovery requested of your clients," Dkt. #25-23, p. 9, and on May 15, 2023, plaintiffs' counsel emailed Staples's counsel  a Word version of "the outstanding discovery demands to your clien[t]." Dkt. #25-23, p. 6.

On May 24, 2023, plaintiffs' counsel asked Staples's counsel, "Can you produce the 30b6 witness that first week of August as well Maria?" Dkt. #25-23, p. 3. Staples's counsel responded: "I'll check into it and get back to you ASAP." Dkt. #25-23, p. 2.

On June 23, 2023, the parties filed a joint request for an amended scheduling order, which the Court granted. Dkt. ##23, 24. In that request, counsel for HP stated that the parties were working through additional document discovery; had agreed to exchange supplemental discovery responses by June 30, 2023; and would conduct plaintiffs' depositions on July 7, 2023 and the deposition of an HP representative on August 2, 2023. Dkt. #23.

On July 5, 2023, plaintiffs emailed defense counsel noting that they had not provided responses to outstanding discovery requests by June 30, as promised. Dkt. #25-30, p. 2.

On July 13, 2023, HP served plaintiffs with its formal responses to plaintiffs' second set of interrogatories. Dkt. #25-31. Plaintiffs did not raise any objections to these responses. Dkt. #27, ¶ 14. Instead, plaintiffs filed their motion to compel on July 25, 2023. Dkt. #25.

On July 31, 2023, HP served responses to plaintiffs' second set of requests for production. Dkt. #27-3. Because the deposition of HP's Rule 30(b)(6) deponent was imminent, HP's counsel emailed plaintiffs' counsel to see if he wanted to reschedule the deposition, but plaintiffs' counsel stated he had reviewed the documents and rescheduling was not necessary. Dkt. #31-2.

On August 2, 2023, plaintiffs took the deposition of HP's Rule 30(b)(6) designee, Lee Atkinson ("Atkinson"), who was produced to testify to: HP's knowledge of counterfeit batteries being sold to users of its laptops; the risks posed by such counterfeit batteries; the availability to HP of battery authentication systems designed to detect and warn against counterfeit replacement batteries; and warnings, manuals and instructions issued by HP to purchasers of its laptops regarding replacement batteries. Dkt. #43-1, ¶¶ 2-3.

Atkinson testified that HP had been aware of the issue of counterfeit battery packs since 2016-2017; that HP introduced a pop-up counterfeit battery alert to new HP computers in 2019; and that HP did not communicate with previous customers regarding aftermarket batteries. Dkt. #43-8, p. 5. Atkison also testified that he had discussions "about the potential hazards associated with using these unauthorized battery packs" within the last four years with David Pipho ("Pipho"), an employee in HP's quality group. Dkt. #43-8, p. 4.  Atkinson testified that he discussed numerous safety issues—which included thermal protection shutdown processes—with Pipho "probably multiple times." Dkt. #47-3, p. 9. Atkinson testified that he did not know whether HP took any further action on the issue. Dkt. #43-8, p. 5.

On August 7, 2023, HP's counsel emailed plaintiffs' counsel inquiring if plaintiffs intended to proceed with their motion to compel given that HP had responded to plaintiffs' second set of requests. Dkt. #31-3, p. 3. On August 10, 2023, plaintiffs' counsel responded that plaintiffs considered HP's responses to their second set of discovery

requests to be incomplete. Dkt. #31-3, p. 2. Similarly, on August 18, 2023, counsel for Staples requested that plaintiffs withdraw their motion to compel and "work towards completing discovery," but plaintiffs refused. Dkt. #29, ¶ 13.

On August 25, 2023, HP sent plaintiffs a letter detailing the alleged deficiencies in their discovery responses. Dkt. #32-9. HP and plaintiffs held a meet and confer on August 28, 2023, and plaintiffs agreed to supplement their responses by September 11, 2023. Dkt. ##32-10, 39-2.

HP then filed its cross-motion to compel on September 7, 2023, Dkt. #32, and plaintiffs provided HP with their third amended answers to HP's interrogatories the same day. Dkt. #39-3.

On September 13, 2023, plaintiffs served a notice to take David Pipho's deposition. Dkt. #43-3, pp. 2-3.  HP objected and, after attempts to resolve the issue, Dkt. #43-8, HP filed its motion for protective order to prohibit plaintiffs from deposing Pipho. Dkt. #43-9.

## DISCUSSION AND ANALYSIS

### Legal Standards

Pursuant to Fed. R. Civ. P. 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Duhaney v. TransUnion, LLC*, 23-CV-04066 (NJC) (JMW), 2024 WL 85074, at *1 (E.D.N.Y. Jan. 8, 2024) (citation and internal quotation marks omitted). Relevance, "for purposes of discovery, is an extremely broad concept." *Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*, 23 Civ. 4774 (PAE), 2023 WL 8472725, at *1 (S.D.N.Y. Dec. 7, 2023) (citation and internal quotation marks omitted).

"Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." *Rhodes v. Phoenix Arms*, 1:20-CV-267 (GTS/CFH), 2022 WL 2079088, at *2 (June 9, 2022) (citation and internal quotation marks omitted). "Generally, discovery is only limited when sought in bad faith, to harass or oppress the party subject to it, [or] when it is irrelevant or privileged." *Id.*

Federal Rule of Civil Procedure 37(a)(1) requires "the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel." *Marseet v. Rochester Inst. of Tech.*, 20-CV-7096FPG, 2023 WL 1097969, at *3 (W.D.N.Y. Jan. 30, 2023). This Court's local rules also state that no party may seek judicial intervention unless they include an affidavit "showing that sincere attempts to resolve the discovery dispute have been made." Loc. R. Civ. P. 7(d)(3). "Only those matters that remain unresolved after serious attempts to reach

agreement should be the subject of a motion to compel." *Marseet*, 2023 WL 1097969, at *3 (citation and internal quotation marks omitted).

A party's failure to comply with the conferral requirement before filing a motion to compel is grounds to deny the motion. *McFadden v. Williams*, 18-CV-6684FPG, 2022 WL 17126213, at *3 (W.D.N.Y. Nov. 22, 2022) (citation omitted).

**<u>Plaintiffs' Motion to Compel as to HP</u>**

The Court finds that plaintiffs' motion to compel as to defendant HP should be denied.

HP served plaintiffs with its formal responses to plaintiffs' second set of interrogatories on July 13, 2023. Dkt. #25-31. Plaintiffs did not raise any objections to those responses. Dkt. #27, ¶ 14. Instead, plaintiffs filed their motion to compel on July 25, 2023. Dkt. #25.

Plaintiffs thus failed to satisfy the conferral requirement as to these interrogatories. *McFadden*, 2022 WL 17126213, at *3.

Moreover, HP's responses are not deficient as alleged. Plaintiffs' counsel avers that HP failed to identify the original purchaser of the laptop and failed to provide the date that Marcellin registered the laptop. Dkt. #25-1, ¶ 26.

First, as to the identity of the original purchaser of the laptop, HP's sworn response states that: "After diligent search, HP Inc. states it is not able to answer this interrogatory as to the specific notebook at issue." Dkt. #25-31, p. 2. A "challenge to the accuracy of an [interrogatory] answer is not a basis for court intervention." *Adams v. Taylor*, 21-CV-6056EAW, 2023 WL 7390042, at *9 (W.D.N.Y. May 26, 2023).

Second, plaintiffs' remaining interrogatory requested the "name and address of the person or entity who registered for the warranty described in HP 00482 for the Laptop." Dkt. #25-31, p. 2. This interrogatory did not ask for the date of the registration. HP's response is thus not incomplete.

Next, plaintiffs do not dispute that HP provided a response to plaintiffs' second request for production on July 31, 2023, six days after plaintiffs filed their motion to compel. Dkt. #33, ¶7. This moots plaintiffs' motion as to these requests. *Adams*, 2023 WL 7390042, at *9.

Finally, plaintiffs argue that a screen shot produced by HP in response to document requests relating to Marcellin's registration of the laptop suggests that "[t]here is clearly more information in whatever database this screenshot is taken from." Dkt. #33, p. 5. Such speculation is insufficient to support a motion to compel. *In re Terrorist Attacks on Sept. 11, 2001*, 03-MD-1570 (GBD)(SN), 2018 WL 4237470, at *7 (S.D.N.Y. Aug. 29, 2018) (denying motion to compel where plaintiffs "have not offered any concrete evidence

showing that there are actually more documents in [defendant's] possession, custody, or control that the organization has failed to produce").[4]

### Plaintiffs' Motion to Compel as to Staples

Plaintiffs argue that Staples failed to respond fully to plaintiffs' first set of discovery requests and has failed to provide any responses to their second set of requests. Dkt. #25-32, p. 4.

Staples first argues that plaintiffs failed to properly serve Staples with all discovery requests because they were sent by email, rather than by regular mail, and Staples had not consented to electronic service as provided in Fed. R. Civ.5(b)(2)(E). Dkt. #30, pp. 2-3.

Staples's conduct in this matter suggests that this argument is a post hoc rationalization. In 2022, Staples responded to plaintiffs' first set of discovery requests, which were served via email with the notation that plaintiffs would also serve them by mail if Staples so desired. Dkt. #33-1, p. 2. Staples did not request such service. Staples's counsel participated in the May 11, 2023 teleconference, also apparently without ever raising the service issue. On May 24, 2023, when plaintiffs' counsel inquired about Staples's availability for their Rule 30(b)(6) deposition, counsel responded, "I'll check into

---

[4] Plaintiffs' counsel states in his reply affidavit that HP's counsel "agreed to provide further information from this database," Dkt. #33, p. 5, but this misstates the record. In the cited correspondence, HP's counsel stated only that he would "see if there is some further detail we can get you regarding when [Marcellin] registered the product." Dkt. #33-5, p. 2.

it and get back to you ASAP." Dkt. #25-23, p. 2. Staples then joined in the parties' proposed amended scheduling order filed on June 23, 2023. Dkt. #23.

Finally, on August 18, 2023, Staples's counsel requested that plaintiffs withdraw their motion to compel and "work towards completing discovery." Dkt. #29, ¶ 13.

Nonetheless, Rule 5(b)(2)(E)'s requirement of consent for service "by other electronic means" is strictly construed, and the advisory committee notes state that "consent must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5(b) advisory committee's note to 2000 amendment. *See Roe v. Marshall Univ. Bd. of Governors*, Case No. 3:22-cv-00532, 2024 WL 1054671, at *1 (S.D. W. Va. Mar. 11, 2024) (collecting cases).

The Court will thus order plaintiffs to serve their first and second set of discovery requests on Staples in compliance with by Rule 5. The Court need not reach the parties' alternative arguments.

Plaintiffs' motion to compel as to Staples will thus be denied.

### HP's Motion to Compel

HP's motion to compel is well taken.

Plaintiffs do not contest the relevance of the information sought in HP's requests or argue that the requests are burdensome. They argue only that the alleged deficiencies in their responses are "trivial." Dkt. #39, p. 2.

Furthermore, although plaintiffs served third amended responses to HP's requests after HP filed its motion to compel, HP notes in its reply brief that plaintiffs have yet to provide clear information on a crucial issue in this case: what aftermarket battery did Marcellin or someone else purchase for either the HP laptop that allegedly caused the fatal fire or for some other computer in the home? Dkt. #42-3, p. 5.

HP's motion to compel will thus be granted.

**HP's Motion for Protective Order**

The final motion before the Court is HP's motion for a protective order prohibiting the deposition of David Pipho. Dkt. #43. The Court concludes that this motion should be denied.

"Parties seeking cover from discovery may avail themselves of a motion for a protective order which, in effect, is the flip side of a motion to compel." *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 268 (E.D.N.Y. 2023). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citations and internal quotation marks omitted).

"The burden is on the party seeking issuance of the order to show 'good cause' through 'particular and specific facts' as opposed to 'conclusory assertions.'" *Id.* (citation omitted).

"If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* (citation and internal quotation marks omitted). "Because of the interest in broad discovery, the party opposing the discovery of relevant information . . . bears the burden of showing that based on the balance of interests the information should not be disclosed." *Id.*

"In general, motions for protective orders seeking to prevent the taking of a deposition [are] regarded unfavorably by the courts." *Klosin v. E.I. Pont De Nemours and Co.*, 1:19-CV-00109-EAW-MJR, 2023 WL 1097859, at *2 (W.D.N.Y. Jan. 30, 2023) (citation and internal quotation marks omitted). "Such orders should rarely be granted absent extraordinary circumstances," and "therefore, the moving party bears a heavy burden." *Id.*

HP argues that Pipho's deposition is not relevant to any claim or defense in this case. Dkt. #43-9, p. 7. In support, HP filed an affidavit from Pipho in which he avers that he is not employed in the battery unit at HP; from 2011 to 2020, he played no role in decisions by HP to take action related to counterfeit batteries; and, during that time, he played no role in the decision of whether to notify end users of the dangers of counterfeit

replacement batteries. Dkt. #43-2. He further avers that he vaguely recalls conversations with Atkinson about counterfeit batteries, but nothing specific, and such discussions were not part of his duties at HP. *Id.*

However, Atkinson's testimony is somewhat different. He recalled specifically discussing with Pipho, multiple times, various safety concerns about counterfeit batteries that he learned during other litigation involving HP. Dkt. #47-3, pp. 6-9.

Pipho's testimony is thus relevant to plaintiffs' post-manufacture duty-to-warn theory, *i.e.*, that HP knew that the batteries in its laptops would need to be replaced before the end of the useful life of the laptop itself; that counterfeit batteries lacking important safety features—including those that would prevent fires such as that allegedly caused by HP's laptop in this case—were widely sold; that HP had a duty to warn previous purchasers of such dangers; and that HP failed to do so, proximately causing plaintiffs' injuries.

That Pipho disavows specific knowledge in his affidavit does not warrant the relief HP seeks because plaintiff is entitled to test Pipho's knowledge on cross-examination. Whether the deposition may or may not yield evidence useful to plaintiffs does not render the subject matter irrelevant.

HP also argues that Pipho's deposition is not proportional to the needs of this case. Dkt. #43-9, pp. 8-11. This argument fails.

Considering the relevant factors, *Klosin*, 2023 WL 1097859, at *2, the Court notes that this is a serious case involving a person's death allegedly caused by a product commonly found in homes throughout this country. Plaintiff also states, and HP does not contest, that plaintiffs have taken only one other deposition so far. The civil rules presumptively allow up to ten depositions to be taken by each party. Fed. R. Civ. P. 30(a)(2)(A)(i).

HP's motion for protective order will thus be denied.

### **Requests for Attorneys' Fees**

Because both plaintiffs and HP have prevailed on some motions but not others, the Court declines both sides' requests for fees. *See 6340 NB LLC v. Capital One, N.A.*, 20-CV-02500 (OEM) (JMW), 2023 WL 7924176, at *8-9 (E.D.N.Y. Nov. 16, 2023) (denying both parties' requests for fees in relation to discovery motions; "both motions required a similar amount of effort in drafting and opposing and compiling documents in support of those motions and oppositions").

**CONCLUSION**

Consistent with this decision, plaintiff's motion to compel (Dkt. #25) is denied, HP's motion to compel (Dkt. #32) is granted, and HP's motion for protective order (Dkt. #43) is denied.

Within ten (10) days of entry of this Decision and Order, plaintiffs shall serve their first and second set of discovery requests on Staples pursuant to Fed. R. Civ. P. 5.

The parties shall confer and file a proposed third amended scheduling order by April 15, 2024.

**SO ORDERED.**

DATED:      Buffalo, New York
            March 27, 2024

                              **s/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**