UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, et al.,

                        Plaintiffs,                **[PROPOSED] AMENDED SCHEDULING ORDER**

      vs.

HP, INC., et al.,                                        **1:21-cv-00704-JLS-HKS**

                        Defendants.

---

Pursuant to the Order of the Hon. John L. Sinatra, Jr. referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. Rule 16(b) and Local Rule 16.1(a), it is ORDERED that:

1. All fact discovery in this case shall conclude on **Monday, August 12, 2024**.

2. Plaintiff(s) shall identify any expert witnesses and provide reports pursuant to Fed.R.Civ.P. 26(a)(2) by **Monday, September 16, 2024**. Defendant(s) shall identify any expert witnesses and provide reports pursuant to Fed.R.Civ.P. 26(a)(2) by **Friday, November 1, 2024**. Any rebuttal expert disclosures are due, pursuant to Rule 26(a)(2)(D)(ii), 30 days after the other party's disclosure. Motions to compel expert disclosures shall be filed not later than **December 2, 2024**.

3. Expert Depositions shall be completed on or before **January 31, 2025**.

4. Dispositive motions, if any, shall be filed no later than **March 7, 2025**. Such motions shall be made returnable before the undersigned.

5. A trial status conference pursuant to Fed.R.Civ.P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial

judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled. At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1)     Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defense and any relationship the case may have to other pending actions.

(2)     Motion Practice: Are any motions, dispositive or non-dispositive, pending?  If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3)     Settlement: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4)     Trial: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is Jury or non-jury No extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension. The attached guidelines shall govern all depositions. Counsel's attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this court.

SO ORDERED.

_____
H. Kenneth Schroeder, Jr.
United States Magistrate Judge

Dated: May \_\_\_\_\_, 2024
       Buffalo, New York

## GUIDELINES FOR DISCOVERY DEPOSITIONS

(1) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

(2) All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of deposition.

(3) Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4) Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5) Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6) Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

(7) Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(8) Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9) There shall be only one question at a time put to a witness. Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions. If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question. There is to be no characterization or comment by examining counsel as to any answer given by a witness. Should the answer reasonably appear to counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10) Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11) If a witness or his or her counsel is unclear as to any question, he or she shall so advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question. Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12) Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question. Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such material or documents.

(14) Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

FAILURE TO COMPLY WITH ANY THE FOREGOING MAY RESULT IN SANCTIONS PURSUANT TO FED.R.CIV.P. 37(b)(2), INCLUDING CIVIL CONTEMPT, AND ATTORNEYS FEES INCURRED BECAUSE OF A PARTY'S OR AN ATTORNEY'S NON-COMPLIANCE. SEE FED.R.CIV.P. 16(f).