

January 27, 2025

**BY CM/ECF FILING**

Hon. H. Kenneth Schroeder, Jr.
United States Magistrate Judge
2 Niagara Square
Buffalo, New York  14202

**Re:** Carol Marcellin, et al., v. HP, Inc. et al.,
Case No. 1:21-cv-00704-JLS-HKS

Dear Judge Schroeder:

My firm represents the Plaintiffs in the above-entitled action.  I write to respectfully request a conference with the Court.

The current Scheduling Order required expert reports to be served on October 16, 2024, by Plaintiffs and on December 2, 2024, by Defendants.  (Doc. No. 55-1).  Defendants requested and were granted an extension to serve expert reports until December 4, 2024, and Plaintiff served expert rebuttal reports for two experts thirty days later on January 3, 2025, as required under the Scheduling Order.

This case arose out of a fire, which caused the death of Charles Hollowell in January of 2020.  Until the service of the Defendants' expert reports, there was no suggestion that the fire started anywhere other than the HP laptop alleged to have been defectively designed and lacking sufficient warnings.  In their reports, two of Defendants' experts opined that the fire did not start in the battery pack of the laptop but was of unknown origin.  Due to this new theory, Plaintiff's expert fire investigator asked for additional details of the night of the fire from Plaintiff Carol Marcellin, details which had not been addressed during either of her two depositions conducted by Defendants. This limited information was provided in a two-page declaration which was shared with Defendants with the rebuttal reports and is attached as Exhibit A.

The Scheduling Order provides that expert depositions are to be completed by March 3, 2025.  On January 3, 2025, when Plaintiffs served their rebuttal expert

ATTORNEYS

Stephen G. Schwarz
John A. Falk
Hadley E. Lundback**
Jennifer L. Fay
Kristin Merrick

Matthew F. Belanger*
Joseph A. Regan
Joshua M. Mankoff***
Lesley E. Niebel*
Teagan C. Dolan
Nichole M. Austin

RETIRED

Angelo G. Faraci
Brian M. Zorn

Paul K. Lange
(1935-2022)

NURSE CONSULTANTS

Ann M. Steinmetz, RN
Melissa A. Yeager, RN

BUFFALO OFFICE

Faraci Lange, LLP
6225 Sheridan Drive
Suite 306
Buffalo, NY 14221

*Also admitted in MA
**Also admitted in NJ
***Also admitted in NJ, PA, IA & DC

Hon. H. Kenneth Schroeder, Jr.
United States Magistrate Judge
January 27, 2025
Page 2

reports, I proposed dates to schedule Plaintiffs' three experts' depositions and asked for dates Defendants' five experts were available for their depositions. When I received no response, I sent a follow-up email on January 15, 2025. In response to my January 15, 2025 email, HP's attorney indicated they would look at their schedules and respond confirming the dates for the depositions of Plaintiffs' experts and suggest dates for Defendants' experts. When no confirmation or suggested dates were forthcoming, I sent another follow-up email on January 21, 2025, reminding counsel that the Scheduling Order required completion of expert depositions by March 3, 2025. The following day, January 22, 2025, I informed HP's counsel that the date offered for one of Plaintiffs' experts' depositions would have to be withdrawn if not confirmed by the following day.

On January 23, 2025, almost three weeks after the expert rebuttal reports were served, I was informed that HP plans to move to strike the Plaintiffs experts' rebuttal reports. At a meet and confer conference held today, I learned that HP claims the rebuttal reports are improper because one of the experts relied upon supplemental information provided in Plaintiff Carol Marcellin's declaration in answer to questions that were not asked at her depositions. Defendant HP's counsel took the position that no depositions of any experts could take place until the motion was decided and indicated it would be filed within the next two weeks.

The fire at issue in this case occurred on January 24, 2020. Plaintiffs filed this case on June 2, 2021. Plaintiff Carol Marcellin, who survived the fire, is 82 years of age. Defendant's stated intention of filing a motion at this late date will only further delay the resolution of this case. It is respectfully requested that a conference be scheduled with the Court to attempt to resolve whatever issues Defendant HP wishes to raise without the need of lengthy motion practice.

Thank you.

Respectfully yours,

Stephen G. Schwarz
sschwarz@faraci.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | **Civ. No. 1:21-cv-00704-JLS** |

CAROL MARCELLIN, pursuant to 28 U.S.C. § 1746, makes the following declaration under penalty of perjury that the following statements are true and correct:

1. I am a Plaintiff in the above referenced matter and make this Declaration based upon my own personal knowledge concerning the events of the early morning hours of January 24, 2020, which is the subject of this litigation.

2. After being awakened by the smoke detector, I got out of bed in search of the source of the smoke. On my way toward the office, I passed the door behind which the furnace was located and decided to look there first as a possible source. When I opened the door there was no smoke around the furnace.

3. I then continued on down the hallway to the office. When I reached the doorway of the office, I witnessed projectiles shooting upward out of the laptop computer on the desk in the armoire. I had left the armoire doors open the night before when I left the computer running to complete

1

a process I had initiated before going to bed. The wall behind the armoire was blackened and it appeared that the veneer on the wood paneling was melting in the area above the armoire.

4. There was a closet in the office located to the left of the doorway where I was standing and closer to the doorway than the armoire and laptop. I didn't detect any smoke or heat coming from that closet.

5. I did not enter the room at that point because of the flying projectiles. From the doorway, I did not feel excessive heat. There was a noxious odor and smoke that was similar in smell to that of burning plastic. There was a layer of visible smoke in the office that started approximately a couple of feet over my head and extended to the ceiling.

6. I went to get a fire extinguisher and returned to the office several seconds later. When I viewed the office through the hall entrance for the second time, there was much more smoke in the room and this time I noticed a feeling heat. I again observed that there was no spoke, flames or heat coming from the closet. The smoke had a foul acrid smell that burned my nose and throat, and I did not advance any farther into the room than the hallway entrance.

7. The closet in the office was used as a linen closet and to store a plug in vacuum and some other odds and ends including an old Compaq laptop I had purchased in the early 1990s and hadn't used for many years. There was no power source in the closet so there were no electronic devices in the closet connected to any power source. We did not store any hanging clothing in that closet and there was no hanging clothing there on the night of the fire.

All of the above is true and accurate and declared under penalty of perjury.

Dated: 12/28/2024

_Carol Marcellin_
CAROL MARCELLIN