UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | **Civ. No. 1:21-cv-00704-JLS** |

CAROL MARCELLIN, pursuant to 28 U.S.C. § 1746, makes the following declaration under penalty of perjury that the following statements are true and correct:

1. I am a Plaintiff in the above referenced matter and make this Declaration based upon my own personal knowledge concerning the events of the early morning hours of January 24, 2020, which is the subject of this litigation.

2. After being awakened by the smoke detector, I got out of bed in search of the source of the smoke. On my way toward the office, I passed the door behind which the furnace was located and decided to look there first as a possible source. When I opened the door there was no smoke around the furnace.

3. I then continued on down the hallway to the office. When I reached the doorway of the office, I witnessed projectiles shooting upward out of the laptop computer on the desk in the armoire. I had left the armoire doors open the night before when I left the computer running to complete

1

a process I had initiated before going to bed. The wall behind the armoire was blackened and it appeared that the veneer on the wood paneling was melting in the area above the armoire.

4. There was a closet in the office located to the left of the doorway where I was standing and closer to the doorway than the armoire and laptop. I didn't detect any smoke or heat coming from that closet.

5. I did not enter the room at that point because of the flying projectiles. From the doorway, I did not feel excessive heat. There was a noxious odor and smoke that was similar in smell to that of burning plastic. There was a layer of visible smoke in the office that started approximately a couple of feet over my head and extended to the ceiling.

6. I went to get a fire extinguisher and returned to the office several seconds later. When I viewed the office through the hall entrance for the second time, there was much more smoke in the room and this time I noticed a feeling heat. I again observed that there was no spoke, flames or heat coming from the closet. The smoke had a foul acrid smell that burned my nose and throat, and I did not advance any farther into the room than the hallway entrance.

7. The closet in the office was used as a linen closet and to store a plug in vacuum and some other odds and ends including an old Compaq laptop I had purchased in the early 1990s and hadn't used for many years. There was no power source in the closet so there were no electronic devices in the closet connected to any power source. We did not store any hanging clothing in that closet and there was no hanging clothing there on the night of the fire.

All of the above is true and accurate and declared under penalty of perjury.

Dated: 12/28/2024

_Carol Marcellin_
CAROL MARCELLIN