UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | Civ. No. 1:21-cv-00704-JLS |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SANCTIONS AND TO STRIKE**

Defendant HP Inc. hereby submits this memorandum of law in support of its motion to strike the untimely dispositive motions and oppositions to motions filed by the plaintiffs Carol Marcellin and Jessica Hollowell-McKay under Rule 6 of the Federal Rules of Civil Procedure.

## TABLE OF CONTENTS

BACKGROUND .................................................................................................................. 4

LEGAL STANDARDS ....................................................................................................... 5

ARGUMENT ....................................................................................................................... 6

    I.    The plaintiffs have offered no reason for their delay.................................... 6

    II.    The untimely dispositive motions and oppositions to motions prejudiced HP............. 8

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ............................................................. 7

*Alterescu v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 214725, at *4 (S.D.N.Y. Nov. 29, 2022) (Failla, J.) ............................................................................................................. 7

*Doroz v. TECT Utica Corp.*, 2013 WL 5786641, at *5 (N.D.N.Y. Oct. 28, 2013) .......... 8

*Friedman v. State Univ. of New York at Binghamton*, No. 3:06-CV-0399, 2006 WL 2882980, at *4 (N.D.N.Y. Oct. 5, 2006) ..................................................................................... 8

*Hernandez v. Goord*, 2014 WL 4058662, at *9 (S.D.N.Y. Aug. 14, 2014) .................. 8

*In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) ........................................................ 7

*In re Johns-Manville Corp.*, 2006 WL 1676392, at *2 (S.D.N.Y. June 14, 2006) ........ 7

*In re Quebecor World (USA), Inc.*, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015) (Oetken, J.) ............................................................................................................................. 7

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ......... 6

*S&R Dev. Ests. LLC v. Town of Greenburgh*, 2017 WL 44854, at *2 (S.D.N.Y. Jan. 4, 2017) (Seibel, J.) ......................................................................................................................... 6, 7

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) .......................... 6, 7, 8

*Weiming Chen v. Ying-Jeou Ma*, 2014 WL 171172, at *2 (S.D.N.Y. Jan. 10, 2014) ........ 8

**Rules**

Federal Rule of Civil Procedure 6(b)(1)(A) ...................................................................... 6

Federal Rule of Civil Procedure 6(b)(1)(B) ...................................................................... 6

Local Rule of Civil Procedure 7(b)(2)(B) ......................................................................... 5

**SUMMARY OF ARGUMENT**

The Court should strike the plaintiffs' untimely opposition to the Defendants' motions for sanctions and to preclude the plaintiffs' expert, as well as plaintiffs' untimely cross-motion for summary judgment and motion to preclude Defendant's experts in support thereof. Plaintiffs did not seek any leave of the Court for any of their untimely filings, and cannot meet the heavy burden of establishing "excusable neglect" for missing this Court's deadlines. Further, the plaintiffs' untimely filings were prejudicial to the Defendants, who are constrained to reply to the plaintiffs' two untimely responses and oppose their two untimely dispositive motions simultaneously–indeed, dispositive motions for which the plaintiffs have long known the deadline but never sought an extension.

Finally, the plaintiffs' untimely responses and motions are of a piece with her conduct precipitating the Defendants' motion for sanctions: to date, she has failed to comply with the Court's Order to "provide clear information on a crucial issue in this case: what aftermarket battery did Marcellin or someone else purchase for either the HP laptop that allegedly caused the fatal fire or for some other computer in the home." Dkt. # 50 at 14. To date, she flatly continues to disclaim any knowledge about her purchase of the HP notebook, Dkt. # 70-2 at 5-6 ("All her paper records were destroyed in the fire, and she had difficulty recalling when she purchased the subject laptop"), despite an insurance claim file **in her possession after the fire** and never produced to the Defendants that established her knowledge only days after the fire:

3

| Line Number | Status | Quantity | Description of the Item | Brand | Model | Place of Purchase | Suggested Price per Item (Ea.) | Purchase Date | Age (Y) | Age (M) | Antique Flag | Room | Room Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Tv, 42", HDTV, 720p, Plasma | Samsung | PN42C450B1D | Best Buy | | 01/01/2010 | | | | Bedroom | Mike's Room |
| 1 | | 1 | Queen Bed w/under Bed Drawers MATTRESS AND | | | ? | 800 | ? 2009 | 10 | 8 | | BEDROOM | CAROLS Rm. |
| 2 | | 1 | Queen Bed Standard mattress/ Box spring TYPE | | | BRADNERS | 1100 | ? 2012 | 7 | 5 | | BEDROOM | Guest Bs.Rm |
| 3 | | 1 | Chest of Drawers | | ? | Hammonds | 500 | ? 2012 | 7 | 5 | | Guest | Bedroom |
| 4 | | 1 | Chest of Drawers | | ? | Big Lots | 800 | ? 2009 | 10 | 8 | | Chuckie | CAROLS BedRm |
| 5 | | 1 | Floor Carpet Chuck/Carols BdRoom | | | Carpet | $300 | ? 2009 | 10 | 8 | | " | " |
| 6 | | 1 | Floor Carpet/Guest Bedroom | | 2 | Home Depot | $300 | ? 2011 | 8 | 0? | | Guest | Bedroom |
| 7 | | 4 | Pair Draperies | | | JCPenney | $35 | 2014 | 5 | 6? | | Hallway+Computer | Living Room/ |
| 8 | | 2 | pair Curtains+Blinds | Levelor | | Walmart | $45 | 2015 | 4 | 6? | | Guest+Main | Bedr |
| 9 | | 1 | Bedroom night Stand | | ? | Big Lots | $30 | 2012 | 7 | 6? | | Guest | Bedroom |
| 10 | | 4 | Lamps/Table + Floor | Various | | Floor +Table | Walmart online | $35 | 2011 | 8 | 0? | | Lroom/BdRm | Computer Room |
| 11 | | 1 | Computer Desk w/hutch | | ? | ? | 300 | 2014 | 5 | 0? | | Computer Room | |
| 12 | | 1 | H.P. Computer | HP | Laptop | QVC | $700 | 12/2019 | 1 | | | " | " |
| 13 | | 1 | H.P. Computer | HP | Laptop | Staples | $500 | ? 2011 | 8 | | | " | " |
| 14 | | 1 | Canon Computer Painter | Canon | Pixma | online Staples | $160 | 2019 | | 8 | | Computer | Room |
| 15 | | 1 | File Cabinet 4 drawer | | ? | 4 drawer Oak | $120 | 2011 | 8 | 8 | | Computer | Room |

* * *

"ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, AND SHALL ALSO BE SUBJECT TO A CIVIL PENALTY NOT TO EXCEED FIVE THOUSAND DOLLARS AND THE STATED VALUE OF THE CLAIM FOR EACH SUCH VIOLATION."

SIGNATURE OF CLAIMANT Carol Bell Marcellotte   TITLE Ms.   DATE 02/03/2020

Dkt. # 48-2; *see also* 66-4 ("We've attached documents we previously provided to our insured.") The motion to strike should be granted.

## BACKGROUND

On February 25, 2025, the Court granted the parties' sixth and final amendment of the scheduling order. Dkt. # 61. Dispositive motions were due to be filed by May 12, 2025. *Id.* On May 12, 2025, Defendants filed their motion for sanctions and to strike the plaintiffs' second expert reports, Dkt. # 66, to preclude the plaintiffs' expert Martin, Dkt. # 67, and for summary judgment, Dkt. # 68. Plaintiffs filed no dispositive motion on May 12, 2025, or any related motion in support thereof.

Plaintiffs failed to timely respond to the motions for sanctions and to preclude Martin, or seek an extension, by their May 26, 2025, deadline. Under Local Rule of Civil Procedure 7(b)(2)(B), in the absence of an Order from the Court, plaintiffs' oppositions to the motions for sanctions and to preclude Martin were due May 26, 2025. Plaintiffs filed no oppositions on May

4

26, 2025, nor any request for an extension before the deadline expired as required under Federal Rule of Civil Procedure 6(b)(1)(A).

On June 9, 2025, the plaintiffs filed a timely opposition to the defendants' motion for summary judgment. Dkt. # 73. However, the plaintiffs included in her opposition an untimely dispositive motion that was due to be filed a month earlier on May 12, 2025–for summary judgment as to the causation of the fire, premised upon the preclusion of the defendants' experts which was sought by another untimely motion filed in support thereof. *See* Dkt. # 73 at 16, Dkt. # 71. Plaintiffs sought no extension of the dispositive motion deadline before it expired as required under Federal Rule of Civil Procedure 6(b)(1)(A), nor have they file a request for an extension after the time has expired under Federal Rule of Civil Procedure 6(b)(1)(B).

On the same date, plaintiffs filed untimely oppositions to the Defendants' motions for sanctions and to preclude Martin. Dkts. # 70, 72. Plaintiffs have not filed a request for an extension after the deadline for oppositions expired Federal Rule of Civil Procedure 6(b)(1)(B). The motion to strike the untimely oppositions and motions should be granted.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." *S&R Dev. Ests. LLC v. Town of Greenburgh*, 2017 WL 44854, at *2 (S.D.N.Y. Jan. 4, 2017) (Seibel, J.) (citations omitted). "Four factors are considered in evaluating excusable neglect: [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*, citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003), *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

In the Second Circuit, however, "the *Pioneer* factors are not given equal weight." *S&R Dev.*, *supra* at *2, *citing In re Quebecor World (USA), Inc.*, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015) (Oetken, J.), *appeal dismissed* (2d Cir. Nov. 4, 2015). Instead, "courts focus on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Id.*, *citing Silivanch*, *supra* at 366 (quotations omitted). "Affording dispositive weight to that factor accords with our precedents, which have described the reason for the delay as the most important Pioneer factor." *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) (citing cases). "Indeed, we have focused on the reason for the delay, including whether it was within the reasonable control of the movant despite the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension." *Id.*, *citing Silivanch*, *supra* at 366 (quotations and alteration omitted).

In general, "[t]he Second Circuit has taken a hard line in addressing when neglect is excusable," and has "strictly limited what attorney error [can] be considered excusable neglect." *Id.*, *citing Silivanch*, *supra* at 366; *In re Johns-Manville Corp.*, 2006 WL 1676392, at *2 (S.D.N.Y. June 14, 2006) (collecting cases), *aff'd*, 476 F.3d 118 (2d Cir. 2007). "[W]here the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." *Alexander*, *supra* at 142, *quoting In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005). "The burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.*, *supra* at 121. It is a "heavy burden." *Alterescu v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 214725, at *4 (S.D.N.Y. Nov. 29, 2022) (Failla, J.) at *2.

## ARGUMENT

**I.    The plaintiffs have offered no reason for their delay**

Plaintiffs, who have articulated **no reason at all** for their untimely filings, have "failed to carry [their] heavy burden of showing excusable neglect here." *Alterescu, supra* at *4. Insofar

6

that plaintiffs take the position that the failure to timely file dispositive motions by a date set by the Court's scheduling orders, or oppose the defendants' motions by the date fixed by the Court's Local Rules, was due to an office failure or oversight, courts in this Circuit have found that such errors are insufficient to show excusable neglect. *See, e.g., Doroz v. TECT Utica Corp.*, 2013 WL 5786641, at *5 (N.D.N.Y. Oct. 28, 2013) (D'Agostino, J.) ("The day has long since arrived whereby an attorney can view a docket in an instant at any time from anywhere, thanks to electronic case filing. With that change has come a lessening of sympathy by the court for docket-related errors. Defendant's failure to timely file the Opposition was not the result of excusable neglect."); *Hernandez v. Goord*, 2014 WL 4058662, at *9 (S.D.N.Y. Aug. 14, 2014) (no excusable neglect because "there was no ambiguity in determining the date of the [required action,]" given that rule "sets forth a clear and unmistakable deadline"); *Weiming Chen v. Ying-Jeou Ma*, 2014 WL 171172, at *2 (S.D.N.Y. Jan. 10, 2014) ("Here we find that the failure by plaintiffs' counsel to both regularly monitor the docket sheet and properly manage his email account is inexcusable attorney error, the consequences of which must be borne by plaintiffs"); *Friedman v. State Univ. of New York at Binghamton*, No. 3:06-CV-0399, 2006 WL 2882980, at *4 (N.D.N.Y. Oct. 5, 2006) (holding that a failure to diligently check the court's docket does not constitute excusable neglect); *Silivanch*, *supra* at 369 (finding that "counsel knew there was a thirty-day limitation, but neglected to consult a calendar to determine when it expired").

  Plaintiffs have provided no facts that could satisfy their burden of showing excusable neglect for failing to seek a modification of the deadlines fixed in the docket by Order and set by the Rules. This continues plaintiffs' course of conduct throughout this litigation, in which they have ignored Court-ordered deadlines: on March 27, 2024, the plaintiff was ordered to provide clear information on a crucial issue in this case: what aftermarket battery did Marcellin or

7

someone else purchase for either the HP laptop that allegedly caused the fatal fire or for some other computer in the home." Dkt. # 50 at 14. She has provided no such information to date.

On September 12, 2024, the Court ordered that rebuttal expert disclosures be completed within thirty days of the other party's disclosure. Dkt. # 56. On January 3, 2025, the plaintiff submitted a declaration under penalty of perjury that contradicted her testimony about critical facts about her discovery of the fire, and then disclosed two new expert reports that relied on that sham declaration. After conferring, the plaintiff did not withdraw the untimely second expert reports, making a motion to strike and preclude necessary. See, Dkt. # 66.

**II.     The untimely dispositive motions and oppositions to motions prejudiced HP**

There is unquestionably prejudice to HP and Staples here by plaintiff's untimely filings: the plaintiff has brought dispositive motions comprising a motion for summary judgment premised on the motion to preclude HP's experts filed therewith, after the deadline has passed, and after HP and Staples have made their own motion for summary judgment. The length of their delay was equivalent to the length of the original deadline. This is doubly prejudicial because the Defendants are not only forced to respond to untimely dispositive motions that should have been filed well in advance, but plaintiff unfairly had the benefit of defendants' briefing in preparing the untimely motions. This sort of gamesmanship is exactly what a unified dispositive motion deadline–which was amended six times in this case on plaintiff's motion for the parties–is meant to prevent.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court strike the plaintiff's untimely oppositions and dispositive motions, and decide Defendants' May 12, 2025, motions for sanctions and to preclude Martin based solely on Defendants' moving papers.

Respectfully Submitted,

8

        HP INC.,
        STAPLES, INC.,
        By their attorneys,

        */s/ Ben Levites*
        Respectfully submitted,
        Benjamin H. Levites, 5557046
        Coughlin Betke LLP
        175 Federal Street
        Boston, MA 02110
        (617) 988-8050
        blevites@coughlinbetke.com

        Jaclyn S. Wanemaker
        Smith Sovik Kendrick & Sugnet P.C.
        6245 Sheridan Drive
        Suite 218
        Williamsville, NY 14221
        315-474-2911
        Fax: 315-474-6015
        Email: jwanemaker@smithsovik.com

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Friday, June 13, 2025.

/s/ Ben Levites
Benjamin Levites