UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>    Plaintiffs,<br><br>    v.<br><br>HP, INC., and STAPLES, INC.,<br><br>    Defendants. | Civ. No. 1:21-cv-00704-JLS |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SANCTIONS AND TO STRIKE**

    Defendant HP Inc. hereby submits this reply in support of its motion for sanctions and to strike against the plaintiffs Carol Marcellin and Jessica Hollowell-McKay.

## TABLE OF CONTENTS

Background............................................................................................................................3

Argument ..............................................................................................................................4

    I. Plaintiffs' Rule 11 Arguments Lack Merit Because Defendants
    Have Not Filed a Rule 11 Motion........................................................................4

    II. Plaintiffs Effectively Concede that Carol Marcellin Changed Her Story
    Repeatedly Throughout this Litigation But Do Not Offer Any Legitimate
    Justification for Doing So ....................................................................................5

    III. Plaintiffs Admit Their Experts' Rebuttal Reports Are Not Rebuttal, But Instead
    an Attempt to Correct Oversights in Their Experts' Prior Reports...........................7

Conclusion............................................................................................................................8

## TABLE OF AUTHORITIES

**Federal Rules of Civil Procedure**

Fed.R.Civ.P. 11 ....................................................................................................................4

Fed.R.Civ.P. 26 ....................................................................................................................7

Fed.R.Civ.P. 37 ....................................................................................................................4

**Cases**

*Carlton v. Pearson*, No. 1:16-CV-00680 EAW, 2019 U.S. Dist. LEXIS 41708
(W.D.N.Y. Mar. 14, 2019)....................................................................................................4

*Design Strategy, Inc. v. Davis,* 469 F.3d 284 (2d Cir. 2006) .............................................4

*Kyros Law P.C. v. World Wrestling Ent., Inc.,* 78 F.4th 532 (2d Cir. 2023)....................4

*Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999) .......................................5

**BACKGROUND**

Throughout this litigation, plaintiff Carol Marcellin has changed her story about every critical issue in the case: when she purchased the HP notebook computer, whether she purchased it new or used, the purchase of a replacement battery, where a different computer that she alleges contains the replacement battery is or was, and most recently, her observations from the night of the fire itself. These changing stories culminated in the sham affidavit provided to Plaintiffs' experts <u>after</u> the close of discovery and <u>after</u> the Defendants had produced their expert reports. Using this sham affidavit, Plaintiffs' experts, Jason Karasinski and Steve Martin, submitted so-called "rebuttal" expert reports that are not rebuttal, but, rather, are attempts to remedy deficiencies in their prior reports demonstrated by Defendants' expert reports. On May 12, 2025, Defendants moved for sanctions under Fed.R.Civ.P. 37 and to strike the so-called rebuttal reports of Karasinski and Martin.

Plaintiffs have now opposed Defendants' motion late. They first argue that Defendants failed to comply with the procedural requirements of Fed.R.Civ.P. 11, a wholly irrelevant argument considering that Defendants never filed a Rule 11 motion. Brazenly, Plaintiffs concede that Marcellin has modified her stories every time the evidence proved her wrong. Instead, Plaintiffs try to blame Marcellin's age,[1] or blame the Defendants for Marcellin's shifting narratives, or offer a creative retelling in which Marcellin is merely a truth-seeker. As explained below, these efforts fail.

With respect to Plaintiffs' expert reports, Plaintiffs do not argue that the reports are

---

[1] Plaintiffs offer no authority for an "age exception" to the requirement of truth telling in discovery. Further, it is noteworthy that Marcellin's alleged age-related memory difficulties always result in a "new memory" that is better for her case.

rebuttal. As a result, it is undisputed that they are not rebuttal. Instead, they (once again) try to blame the Defendants, arguing that the Defendants' expert reports came as a "surprise" to them, because, apparently, they had expected Defendants' experts would agree with their experts, and were surprised to find out that this was not the case. Plaintiffs set forth no authority for the proposition that their subjective "surprise" permits them to provide new supplemental reports to correct deficiencies in their original reports. Plaintiffs also fail to offer any viable justification for the sham affidavit that underlies the new expert reports. For these reasons, set forth in more detail below, the Court should reject the Plaintiffs' arguments and grant the Defendants' motion for sanctions and to strike.

## ARGUMENT

### I. Plaintiffs' Rule 11 Arguments Lack Merit Because Defendants Have Not Filed a Rule 11 Motion

A substantial portion of the Plaintiffs' motion is dedicated to the argument that the Defendants allegedly failed to follow the procedural rules for a Rule 11 motion. Defendants have not filed a Rule 11 motion. Rather, Defendants have moved for sanctions under Rule 37 for Carol Marcellin's willful violation of her discovery obligations. Thus, Plaintiffs' Rule 11 arguments are not relevant, and it is telling that the Plaintiffs offer no responses to Defendants' Rule 37 arguments.

Defendants therefore request that the Court exercise its discretion and grant their requests for sanctions under Rule 37, as it has the authority to do. As the Second Circuit Court of Appeals has noted, "Just as a district court has broad discretion to manage discovery, it likewise has wide discretion to impose sanctions for abusing that process." *Kyros Law P.C. v. World Wrestling Ent., Inc.,* 78 F.4th 532, 545 (2d Cir. 2023) (citations omitted). *See also Design Strategy, Inc. v. Davis,*

4

469 F.3d 284, 294 (2d Cir. 2006) ("district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37"); *Carlton v. Pearson*, No. 1:16-CV-00680 EAW, 2019 U.S. Dist. LEXIS 41708, at *3 (W.D.N.Y. Mar. 14, 2019), *citing Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) ("A district court has wide discretion to impose sanctions, including preclusion, where a party does not meet its discovery obligations.")

## II.    Plaintiffs Effectively Concede that Carol Marcellin Changed Her Story Repeatedly Throughout this Litigation But Do Not Offer Any Legitimate Justification for Doing So

Plaintiffs concede that Marcellin has changed her story regarding virtually every key issue in the case including when she purchased her HP notebook computer, whether she purchased it new or refurbished, when she bought an aftermarket battery on-line, whether she installed a replacement battery into her *Compaq* computer in 2015, and where this Compaq computer, that she claims held the aftermarket battery *she purchased*, was located at the fire scene.[2] Plaintiffs do not deny that Marcellin has changed her story multiple times whenever the

---

[2] The one story Marcellin has stuck with throughout this case is that she never replaced the battery in the HP notebook. When Marcellin disclosed that she had installed a replacement battery into a Compaq computer, and that the Compaq had been located in the office closet, Defendants asked to inspect the Compaq. Upon receiving Defendants' request, Marcellin then claimed that the Compaq was obliterated in the fire. However, the fire at issue did not reach temperatures that would have been needed to completely destroy a computer. Further, at an expert deposition in the case, her attorney stated on the record that the Compaq computer had been found by his expert and was photographed:

> Q. So if there was no Compaq in the house, you're suggesting that it could have been removed by investigators or remediators, is that right?
> MR. SCHWARZ: At what point in time are you talking about there being no Compaq in the house?
> MR. LEVITES: After the fire, after the fire. We know there's no Compaq now. No one has it, so--
> MR. SCHWARZ: Well, actually, that's not an accurate statement. You're at your fire expert, as our fire expert did, find the Compaq. And if your fire expert had been an expert in this case, instead of bringing in somebody from exponent, they would know that. And you can go into that with Mr. Karasinski, who has pictures of it.

Dkt. # 66-9 at 56.

evidence conflicted with her story: "Plaintiffs have amended their interrogatory answers each time additional evidence was uncovered regarding the date of purchase of the subject laptop and whether Plaintiff Carol Marcellin purchased the replacement battery back that was in the subject laptop when the fire occurred." *Dkt. # 70-2* at 12. This admission by Plaintiff is sufficient, in and of itself, to justify allowance of the Defendants' motion. After all, discovery requests seeking the truthful personal knowledge of the Plaintiff are not subject to change based upon her being proven to have falsely responded in the first place.

Conceding Marcellin's changing stories, Plaintiffs attempt to explain away her discovery abuses. First, they blame Marcellin's age, even though at no point – in her pleadings, discovery responses, or depositions – did Marcellin ever assert that her recollection of events was hindered by poor memory or confusion, age-related or otherwise. In addition, Plaintiffs' claim of age-related memory problems is belied by the fact that her experts rely on a sham affidavit obtained in December 2024 outlining her new "recollection of events" from a fire that occurred in 2020. In other words, Plaintiff Marcellin's memory is, apparently, sufficient when it helps her case (sham affidavit) but only troublesome when it doesn't.

Plaintiffs then claim that her shifting narratives about her purchase of the HP notebook resulted from "an investigation of other potential explanations" as to how a 2015 battery ended up in her 2011 computer. *Dkt. # 70-2* at 7. Again, this admission, in, and of itself, justifies allowance of Defendants' motion. Plaintiffs have now admitted that they had a problem with their case – a 2011 HP computer with a 2015 aftermarket battery in it that Plaintiff Marcellin denies installing – even though Marcellin admitted to buying a 2015 aftermarket battery. Thus, in order to solve the problem, Marcellin changed the date she purchased the computer <u>and</u> denied

6

buying an aftermarket battery in 2015. Problem solved – just as long as Marcellin is permitted to simply change her story to match the evidence without regard for the truth. Brazenly, Plaintiffs admit they tried this because HP had not produced its warranty records.  Apparently, Plaintiffs would not have done this if they knew that HP could disprove this new story. Regardless, Plaintiffs' effort to pin her dissembling on HP does not stand up to scrutiny. On February 3, 2020 (approximately two weeks after the fire), Marcellin herself submitted an insurance claim form stating that she had purchased the HP notebook in 2011 (*not* 2015). This demonstrates irrefutably that she knew she purchased the notebook in 2011.  Further, this form was in her counsel's possession throughout this case but was not produced to HP.[3]  Thus, Marcellin knew that she purchased the HP notebook in 2011, and had a document, in her own handwriting, all along demonstrating that fact – even as  she was asserting that she had purchased it in 2015 (in order to try and explain the presence of a 2015 aftermarket battery in it). Moreover, Plaintiffs' effort to blame HP for Marcellin's changing stories does not explain her changing stories about when she purchased the aftermarket battery or the Compaq computer that allegedly disappeared in the fire.

In sum, rather than excusing her behavior, Plaintiffs' arguments as to why her sworn discovery answers have changed serve to further demonstrate why Defendants' motion for sanctions should be allowed.

### III. Plaintiffs Admit Their Experts' Rebuttal Reports Are Not Rebuttal, But Instead an Attempt to Correct Oversights in Their Experts' Prior Reports

In responding to Defendants' motion to strike the rebuttal reports, Plaintiffs do not bother to argue that their rebuttals are, indeed, rebuttals. Instead, they try to blame Defendants for their failure to follow Rule 26's requirement that rebuttal is "solely to contradict or rebut evidence on

---

[3] Defendants only obtained it via subpoena to plaintiff's insurer.

the subject matter identified by the other party. Fed.R.Civ.P. 26(a)(2)(B)(i). First, they argue that they did not expect Defendants to hire experts Quinn Horn and Tim Myers, and state they were "surprised" by their reports. *Dkt. # 70-2* at 15. However, nothing in Rule 26 permits a plaintiff's expert reports to exceed the scope of rebuttal simply because their subjective "surprise" at a defendant's expert.

Further, Plaintiffs try to blame Defendants for Marcellin's sham affidavit, claiming the sham affidavit merely contained "additional information from Plaintiff not provided in her two depositions because she was never asked." *Id.* This is not correct. As Defendants explained previously, defense experts Quinn Horn and Tim Myers' opinions are, in part, "based on Marcellin's testimony concerning the intensity of the fire she discovered and their review of the evidence…" *Dkt. # 66-1* at 14 (emphasis added).  In the sham affidavit, Marcellin blatantly changes her testimony concerning the intensity of the fire when she observed it and what she did and the order she did it on the night of the fire. Once again, Marcellin simply changed her version of events (this time, about what she observed and what she did on the night of the fire) in order to make her case better and correct flaws with her experts' reports.  This is not only highly prejudicial to the Defendants, since discovery is long over and experts completed their work, but it also represents another example of why sanctions are necessary in this case.

Moreover, even assuming Plaintiffs' experts needed additional information from Marcellin, and even assuming this information was not found in her two depositions and discovery responses and witness statement from the fire department, it does not explain or justify why Karasinski and Martin did not obtain this basic information before preparing their original reports.  Again, this is not rebuttal and plaintiffs concede that.

## CONCLUSION

At some point, there must be consequences for Marcellin's defiance of court orders to provide "clear information" regarding the "crucial" issue of the replacement battery and most recently, her sham affidavit contradicting the deposition testimony she provided under oath. While Defendants recognize that the relief they are seeking is substantial, under the facts of this case, it is fully justified.

For the reasons set forth herein and in Defendants' original Memorandum of Law, Defendants move that the Court grant their motion for sanctions and to strike the purported rebuttal reports of Jason Karasinski and Steve Martin.

Respectfully Submitted,
HP INC., and STAPLES, INC.,
By their attorneys,

_/s/ Ben Levites_
Benjamin H. Levites, 5557046
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
blevites@coughlinbetke.com

Jaclyn S. Wanemaker
Smith Sovik Kendrick & Sugnet P.C.
6245 Sheridan Drive
Suite 218
Williamsville, NY 14221
315-474-2911
Fax: 315-474-6015
Email: jwanemaker@smithsovik.com

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on June 16, 2025.

_/s/ Ben Levites_
Benjamin Levites