UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,

Plaintiffs,

v.

HP, INC., and STAPLES, INC.,

Defendants.

**Civ. No. 1:21-cv-00704-JLS-HKS**

---

STEPHEN G. SCHWARZ, ESQ., pursuant to 28 U.S.C. § 1746, makes the following declaration under penalty of perjury that the following statements are true and correct:

1. I am an attorney admitted to practice in the State of New York and in the Western District of New York and a partner in Faraci Lange, LLP, attorneys for Plaintiffs herein, and as such I am fully familiar with the facts and circumstances surrounding this action. I submit this declaration in opposition to Defendants' Motion to Stike Plaintiffs' Motions to Exclude the testimony of Defendants' Experts and Plaintiffs' Cross-Motion for Summary Judgment.

**MOTION TO STRIKE MOTIONS TO EXCLUDE**

2. This Court has issued multiple Scheduling Orders in this case, due principally to delays in discovery caused by Defendants' conduct. Each of those Scheduling Orders, including the two most recent ones, set deadlines for filing *dispositive* motions only. The most recent of those text orders (Doc. No. 61) set a deadline for *dispositive* motions of May 12, 2025. Thus, there has never been a deadline for filing motions to exclude expert testimony, making Defendants'

1

motion to strike Plaintiffs' motion to exclude the testimony of Defendants' experts timely and Defendants' motion to strike the same, frivolous.

### MOTION TO STRIKE CROSS-MOTION FOR SUMMARY JUDGMENT

3. The history of Defendants' discovery abuse in this case is well documented in the record. (See Dkt. Nos. 47, 57). In the Fifth Amended Scheduling Order (Doc. No. 55-1) approved by the Court in a Text Order (Dkt. No. 56), Plaintiffs were required to serve expert reports on October 16, 2024, Defendants were required to serve expert reports on December 2, 2024, and Plaintiffs were required to serve expert rebuttal reports within thirty (30) days thereafter. Plaintiffs served their expert reports on the date required in the Order. Defendants requested and Plaintiffs' granted Defendants an extension of a week to file their expert reports and Plaintiffs served rebuttal reports on January 3, 2025.

4. As detailed in Plaintiffs' motion to strike the expert reports of Myers and Horn, these experts took no part in any of the investigations of the fire that gives rise to this action or the inspection of the laptop at issue. (Dkt. No. 70-1). Instead, these experts relied entirely on photographs and notes taken by the fire investigator Defendant HP retained who did attend the scene inspection with Plaintiffs' experts, Gregg Gorbett. (Dkt. Nos. 83, 75-1, 80 and 80-1). As further detailed in the Declaration of Plaintiffs' expert, Jason Karazinski, all experts who attended that inspection, including Gorbett, two experts on behalf of Defendant Staples, the experts from the home owner's insurer and the Allegany Co. Fire investigator all concurred that the fire was ignited by an explosion of the batteries in the laptop that sent flaming projectiles that set fire to combustibles in the office closet where the fire originated. (Dkt. No. 70-1). Defendants' experts Horn and Myers contested this consensus of other experts, including HPs expert Gorbett, in their two reports based entirely on photos and notes from Gorbett. (Dkt. Nos. 76, 77).

2

5. The Scheduling Order in effect at the time required expert depositions to be completed by March 3, 2025. (Dkt. Nos. 56, 55-1). On the date Plaintiffs served their rebuttal expert reports, January 3, 2025, I provided Defendants with a link to download all of Plaintiffs' experts' photographs of the fire investigation and requested that Defendants provide Plaintiffs with all photographs and notes from Gorbett that provided the basis for the opinions of Defendants' experts Horn and Myers. (See Exhibit A). I also provided proposed dates for Plaintiffs' experts to be deposed by Defendants and asked for dates Defendants' experts were available to be deposed prior to the Court's March 3, deadline. (*Id., see also* Dkt. No. 57). After multiple follow up requests, on January 22, 2025 I was informed that Defendants would not proceed with expert depositions and planned to file a motion to strike the rebuttal report of Plaintiffs' expert Karasinski. (Dkt. No. 57). I filed a letter with the Court requesting a conference to seek assistance in getting expert depositions scheduled and move the case toward trial. (*Id.*) The Court denied the request for a conference, but confirmed that expert depositions must proceed. (Dkt. No. 58).

6. After multiple further requests, Defendants' counsel informed me that none of the dates I had proposed for depositions of Plaintiffs' experts were acceptable, but indicated counsel for Defendants was available to depose Plaintiffs' experts later in March after the current deadline and could produce Defendants' five experts in late March and early April. To accommodate Defendants inability to complete the expert depositions within the deadline set by the Court, then filed a letter motion seeking to extend the deadline to complete expert depositions to April 7, 2025 and to extend the deadline for dispositive motions to May 12, 2025. (Dkt. 60). By Text Order, this Court granted this request. (Dkt. 61).

7. Defendants refused to provide the photographs and notes of HP investigator Gregg Gorbett that had been relied upon by Defendants' experts Horn and Myers to arrive at their opinions. Because of the protracted delays already caused by Defendants in this case, I chose to proceed with the depositions without those photographs and notes. However, after completing the depositions, and specifically because Horn contested the fact that a fragment of copper battery windings from the laptop was found at the location of the origin of the fire (the closet) during the inspection, I emailed a letter to Defense counsel on April 8, 2025 demanding that the photos and notes of Gorbett be turned over or Plaintiffs would be forced to file a motion. (See Exhibits B & C). This letter also provided the black letter case law requiring that this material be turned over. As required, I also asked for a meet and confer before a motion to compel could be filed. (*Id.*) As has been the pattern, Defense counsel failed to respond, requiring me to send a second email attaching the same letter on April 11, 2025. (Exhibit D). When that was ignored, I sent a final email on April 15, 2025 demanding that these photographs and notes be produced. (Exhibit E).

8. It was not until April 22, 2025 that Defendants agreed to the meet and confer I had requested. And it was not until April 28, 2025 that Defendants produced the photos and notes of Gorbett that had first been requested on January 3, 2025. (See Exhibit F).

9. It is in the above context that Plaintiffs cross-moved to exclude the testimony of Horn and Myers, after discovering that Gorbett's photographs had indeed documented the ignition source of the fire being internal battery windings ejected from the laptop contradicting Horn's opinions, which Myers relied upon to reach his opinion that the ignition source of the fire was "undetermined". (Dkt. No. 71).

4

10. Because the opinions of Horn and Myers were inadmissible, Plaintiffs also cross-moved for Partial Summary Judgment on the issue of the source and origin of the fire. (Dkt. No. 73).

11. Thus, as has been repeatedly the case in this litigation, Defendants' claims of prejudice are self-inflicted, and accusations made against Plaintiffs are untrue. Defendants' repeated delays in scheduling expert depositions and refusal to provide the photos and notes that formed the entire basis of Defendants' experts' opinions on the source and origin of the fire until after those experts were deposed, delayed Plaintiffs' discovery of the falsity of that testimony and the filing of Plaintiffs' motion to exclude this inadmissible testimony and cross-motion for partial summary judgment. Even with these delays, Plaintiff's cross-motion was filed within twenty-eight (28) days of the filing of Defendants' motion for summary judgment, which pursuant to the Western District Local Rules, is the time a response to a motion for summary judgment must be filed. (WDNY Local Rule 7(b) (2)(A)).

WHEREFORE, Plaintiffs respectfully request that Defendants' motion to strike be denied in its entirety and that the Court grant Plaintiffs such other and further relief as this Court deems just and proper.

All of the above is true and accurate and declared under penalty of perjury.

Dated: June 21, 2025
Rochester, New York        /s/ Stephen G. Schwarz
                           Stephen G. Schwarz