UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>                Plaintiffs,<br><br>     v.<br><br>HP, INC., and STAPLES, INC.,<br><br>                Defendants. | Civ. No. 1:21-cv-00704-JLS |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

     Defendants submit this reply memorandum in support of their motion for summary judgment. As discussed herein, the plaintiffs have not set forth a genuine issue of material fact, and, therefore, defendants' motion for summary judgment should be granted.

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................................... 3

ARGUMENT .................................................................................................................................. 3

    I.    Plaintiffs Cannot Demonstrate SHA-1 Notebook Battery Authentication Was Readily Available or That It Would Have Prevented the Fire ..................................................... 3

    II.    Plaintiffs' Contention that the Warning Provided with the HP Notebook Is Somehow Inadequate Is Based on Pure Conjecture and Must Be Rejected ................................. 5

    III.    A Second Warning Against Unauthorized Batteries Would Have Been Superfluous and Futile ........................................................................................................................ 6

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Almonte v. Averna Vision & Robotics, Inc.,* 128 F. Supp. 3d 729, 750 (W.D.N.Y. 2015) ............. 5

*Amica Mut. Ins. Co. v. Electrolux Home Prods.,* 440 F. Supp. 3d 211, 216 (W.D.N.Y. 2020) ..... 4

*Castorina v. A.C. & S.,* 55 Misc. 3d 968, 971 (N.Y. Cty. Sup. Ct. Jan. 9, 2017) ........................... 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993) .............................. 4

*Erazo v. SCM Grp. N. Am.*, 2019 U.S. Dist. LEXIS 35324, at *78-79 (E.D.N.Y. Mar. 1, 2019) (Mauskopf, J.) ........................................................................................................................ 6

*Johnson v. Johnson Chemical Co.*, 588 N.Y.S.2d 607, 611 (2d Dep't. 1992) ............................... 6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 387 F.3d 522 (6th Cir. 2004) .................. 4

*Pullano v. Chrysler Corp.,* 2009 U.S. Dist. LEXIS 131457, at *51-52 (W.D.N.Y. Apr. 23, 2009) ............................................................................................................................................... 6

*Roman v. Sprint Nextel Corp.,* 2014 U.S. Dist. LEXIS 159707, at *4 (S.D.N.Y. Nov. 13, 2014). 7

**SUMMARY OF ARGUMENT**

Although Plaintiffs raise three arguments in their opposition to Defendants' motion for summary judgment, they fail present evidence of a disputed issue of material fact. Plaintiffs first argue that there is evidence that an undefeatable battery authentication system was available to HP back in 2010 when the subject notebook computer was manufactured. This argument fails because, first, the evidence they rely on does not actually support this argument, and second, the authentication system Plaintiffs point to was in fact defeatable. Plaintiffs then argue that although the subject notebook computer came with warnings against the use of unauthorized replacement batteries, the warnings should have been more forceful. However, this argument does not rely on any evidence, just conjecture. Finally, Plaintiffs contend that HP should have issued an additional warning against unauthorized replacement batteries. This argument fails because, as they admit, there already was a warning that came with the computer, and moreover, because Carol Marcellin adamantly denies ever replacing the battery, such an additional warning would have been futile.

Because Plaintiffs are unable to establish a disputed issue of material fact, the Court should grant the Defendants' motion for summary judgment.

**ARGUMENT**

I. **Plaintiffs Cannot Demonstrate SHA-1 Notebook Battery Authentication Was Readily Available or That It Would Have Prevented the Fire**

Plaintiffs first argue that as of 2010, when the subject HP notebook computer was manufactured, a battery authentication system known as SHA-1 could have been incorporated into the subject notebook computer and would have prevented the fire. *Doc 83-3* at p. 7. To support this argument, Plaintiffs rely on their expert, Dr. Steve Martin, whom Defendants have moved to exclude on *Daubert* grounds, and who claims that SHA-1 notebook battery authentication was "readily available" based upon an article issued by Texas Instruments back in 2005. *Id.* at 7-8, 12-

3

13. This argument fails.

Plaintiffs' argument seems to be that because Texas Instruments made fuel gauges that were approved for use in HP products, Texas Instruments' knowledge is imputed to HP. However, there is no evidence that HP knew, or had reason to know, of the existence of Texas Instruments' article. In addition, as previously pointed out by Defendants, the Texas Instruments article discussed battery authentication systems for "portable devices, such as cellular phones, PDAs, and DVD players," **not** notebook computers. *Dkt. #67-1* at p. 7. In fact, Dr. Martin is unable to identify any notebook computers using SHA-1 authentication back in 2010. *Id.* at p. 15.

Further, the Texas Instrument article Dr. Martin relies on is not peer-reviewed and its authors are unknown. Thus, the article does not pass the test for admissibility of an expert opinion. *See Amica Mut. Ins. Co. v. Electrolux Home Prods.,* 440 F. Supp. 3d 211, 216 (W.D.N.Y. 2020), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993) (factors to be considered in assessing the reliability of expert testimony is "(1) whether a theory or technique could be, and has been, tested; (2) whether it has been subjected to peer review; (3) its error rate; and (4) its degree of acceptance within the relevant scientific community.")

Finally, and perhaps most crucially, Plaintiffs' contention that SHA-1 authentication would not have been defeated and would have prevented the fire is simply incorrect, as evidenced by a 2004 Sixth Circuit case, *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 387 F.3d 522 (6th Cir. 2004). In that case, Lexmark, a printer manufacturer, had utilized the SHA-1 algorithm to prevent unauthorized toner cartridges from functioning in its printers, thus forcing customers to purchase its (higher priced) replacement cartridges. *Id.* at 530. The defendant sold a microchip that allowed unauthorized toner cartridges to defeat the SHA-1 algorithm. *Id.* This allowed unauthorized cartridge manufacturers to sell toner cartridges to Lexmark's customers at a lower

4

price. *Id.* Lexmark sued the Defendant to enjoin it from selling the microchips. *Id.* at 531. The very existence of this lawsuit shows that the SHA-1 technology was in fact defeated by counterfeiters, even at the time of the 2005 Texas Instruments paper that Dr. Martin relies on. This is flatly contrary to Dr. Martin's testimony that such an event–defeat of SHA-1 by counterfeiters–was "so improbable that it will not happen." Dkt. 67-4 at 64.

In sum, because Plaintiffs have produced no competent evidence that a notebook battery authentication system existed in the marketplace for notebook computers in 2010 that would have in fact prevented the fire, their design defect claim fails. The motion for summary judgment should be granted. *See Almonte v. Averna Vision & Robotics, Inc.,* 128 F. Supp. 3d 729, 750 (W.D.N.Y. 2015).

## II. Plaintiffs 'Contention that the Warning Provided with the HP Notebook Is Somehow Inadequate Is Based on Pure Conjecture and Must Be Rejected

To avoid dismissal on summary judgment, Plaintiffs were required to "come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e). They cannot avoid dismissal by relying on "conclusory allegations or unsubstantiated speculation" *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Rather, they must present "concrete evidence." from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

Here, Plaintiffs' arguments about the adequacy of warnings in the HP notebook's manuals consist of nothing more than conclusory allegations and unsubstantiated speculation. Notably, Plaintiffs admit in their opposition that the HP notebook sold to Carol Marcellin did in fact come with warnings against the use of unauthorized replacement batteries. *Dkt. # 83-3* at p. 13. Plaintiffs further do not dispute that these warnings, if heeded, would have prevented the fire.

5

Acknowledging this, Plaintiffs allege that the warnings "did not properly describe the potential consequences" of using unauthorized battery packs and that HP "did not provide information for the consumer to distinguish an unauthorized battery pack from an HP authorized one." *Id*. However, this is nothing more than a conclusory allegation and unsubstantiated speculation. Plaintiffs do not offer any **evidence** that these suggested additional warnings were necessary. Thus, defense expert Joseph Sala's opinion that the warnings were indeed adequate has gone uncontested.[1] Thus, there is no genuine issue of material fact, and summary judgment should enter.

Further, it bears repeating that plaintiff testified she never read the warnings that were actually given in the manual and with the product. *Dkt. # 66-6* at 73. "Thus, the fact that certain warnings or instructions were not in the Manual could not have been a proximate cause of [her] accident." *Erazo v. SCM Grp. N. Am.*, 2019 U.S. Dist. LEXIS 35324, at *78-79 (E.D.N.Y. Mar. 1, 2019) (Mauskopf, J.) (granting summary judgment on warning claim); *see also Pullano v. Chrysler Corp.*, 2009 U.S. Dist. LEXIS 131457, at *51-52 (W.D.N.Y. Apr. 23, 2009) ("How a consumer who admittedly does not read the warnings accompanying the subject product can reasonably claim to have been injured because the text of such warning was inadequate "is perhaps difficult to see"), *citing Johnson v. Johnson Chemical Co.*, 588 N.Y.S.2d 607, 611 (2d Dep't. 1992).

Finally, as discussed below **any** warnings would have been futile because Marcellin denies replacing the battery. There is no genuine issue of material fact concerning the adequacy of the warnings in this case. The motion for summary judgment should be granted.

### III. A Second Warning Against Unauthorized Batteries Would Have Been Superfluous and Futile

Finally, Plaintiffs contend that as of 2016, HP was on notice that unauthorized battery pack posed a danger of fire or explosion. *Dkt. # 83-3* at p. 15. Therefore, Plaintiffs suggest, HP should

---

[1] In addition, as

have sent out warning notices to registered purchasers such as Marcellin at that time warning them against the use of such batteries.

This argument fails for two reasons. First, as established above, Plaintiffs admit that the HP notebook *already* came warnings against the use unauthorized battery packs, instructed users to purchase replacement batteries from HP, even provided a list of spare part numbers for authorized replacements. Given this admission, there was no need for another warning, when it has already been established that the original warnings were adequate, as discussed above. Defendants are aware of no authority for the proposition that a second warning is required under the circumstances at issue here, and Plaintiffs do not cite any.

Second, it is undisputed that another warning would have been futile. In New York, the presumption is that a warning, if given, will be heeded. *Roman v. Sprint Nextel Corp.,* 2014 U.S. Dist. LEXIS 159707, at *4 (S.D.N.Y. Nov. 13, 2014). "However, where a defendant can show, via specific facts, that any given warning would have been futile—either because any such warnings would not have been heeded or because the injury would have occurred, regardless of the given warnings—a defendant will have successfully rebutted the heeding presumption." *Id.* (citations and internal quotation marks omitted)*; see also Castorina v. A.C. & S.,* 55 Misc. 3d 968, 971 (N.Y. Cty. Sup. Ct. Jan. 9, 2017) (defendant may rebut heeding presumption by showing that "a warning would have been futile, meaning that even if a warning had been given, the plaintiff would not have heeded it."). Here, as defendants have pointed out, Marcellin adamantly denies that she ever replaced the battery, that she ever had the Computer serviced, and that she ever asked someone else to change the battery–she claims to have no idea how the 2015 battery got into her 2011 HP notebook computer. *Dkt. # 69-8* at 8:14-9:10. Therefore, the post-manufacture warnings the Plaintiffs suggest in their opposition would have been futile because as far as Marcellin is

7

concerned, the battery was never replaced and thus there would have been nobody to warn.

## CONCLUSION

For the reasons set forth herein and in Defendants' original Memorandum of Law, Defendants move that the Court grant their motion for summary judgment.

Respectfully Submitted,
HP INC., and STAPLES, INC.,
By their attorneys,

*/s/ Ben Levites*

Benjamin H. Levites, 5557046
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
blevites@coughlinbetke.com

Jaclyn S. Wanemaker
Smith Sovik Kendrick & Sugnet P.C.
6245 Sheridan Drive
Suite 218
Williamsville, NY 14221
315-474-2911
Fax: 315-474-6015
Email: jwanemaker@smithsovik.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Monday, June 23, 2025.

*/s/ Ben Levites*
Benjamin Levites