**EXHIBIT C**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HP, INC., and STAPLES, INC.,<br><br>　　　　　　　Defendants. | Civ. No. 1:21-cv-00704-JLS |

I, Quinn Horn, PhD., a competent major, depose and state as follows:

1. The statements contained herein are based on my personal knowledge.

2. I hold BS and MS degrees in metallurgical engineering and a Ph.D. in metallurgical and materials engineering. After earning my Ph.D. in 1998, I was hired by Eveready/Energizer Battery Company to lead their internal failure analysis group. Since 2004, I have been employed by Exponent Failure Analysis Associates as a technical consultant where my work has primarily focused on evaluation of safety, performance and reliability of battery systems.

3. I was retained by HP Inc., to offer an opinion regarding the alleged involvement of an HP notebook computer owned by Carol Marcellin (the "HP notebook") and, specifically, the replacement battery pack and cells therein, in a fire that occurred at 192 Bells Brook Road, Ceres, NY. on January 24, 2020.

4. My opinions are set forth in my report dated December 2, 2024 and I was deposed in this matter on April 3, 2025.

5. During my deposition, I reviewed the second report of plaintiffs' expert Jason Karasinski, which included a photograph he claimed was a remnant of one of the batteries that was collected from debris from the lost in the office at the scene.

6. I testified that there remained no evidence of a battery remnant in the closet, because the

alleged battery remnant had not been subjected to any kind of documentation, measurements, characterization or analysis that would confirm it was a lithium-ion battery copper winding, let alone that it was material expelled from the HP notebook at issue in this case.

7. Subsequent to my deposition, I reviewed the photographs produced to plaintiffs on April 22, 2025 as BATES HP01439-HP02024.

8. My opinions in this case remain the same since my review of the photographs produced to plaintiffs as BATES HP01439-HP02024.

9. Specifically, HP01849 and HP01850 are not evidence of a battery remnant in the closet, because it has not been subjected to any kind of documentation, measurements, characterization or analysis that would confirm it was a lithium-ion battery cell copper winding, let alone that it was material expelled from the HP notebook at issue in this case.

10. Further, the material shown in the foreground of HP01850 has a textured, mesh pattern that is not consistent with a copper foil from a lithium-ion battery, and is not consistent with the shape of an electrode winding assembly.

11. It is my opinion, to a reasonable degree of engineering certainty, HP01849 and HP01850 do not depict a copper foil from a lithium-ion battery cell.

12. Signed under pains and penalties of perjury this Friday, June 27, 2025.

_____
Quinn C. Horn, Ph.D.