UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL S. MARCELLIN, individually, and as Co-Administrator of the Estate of Charles E. Hollowell, deceased, and JESSICA HOLLOWELL-McKAY, as Co-Administrator of the Estate of Charles E. Hollowell, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC., and STAPLES, INC.,<br><br>Defendants. | **Civ. No. 1:21-cv-00704-JLS** |

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO STRIKE

Defendant HP Inc. hereby submits this reply memorandum of law in support of its motion to strike the untimely dispositive motions and oppositions to motions filed by the plaintiffs Carol Marcellin and Jessica Hollowell-McKay under Rule 6 of the Federal Rules of Civil Procedure.

## TABLE OF CONTENTS

ARGUMENT .................................................................................................................... 5

I.    Plaintiffs admit that they untimely moved for summary judgment without seeking an extension before or after the untimely filing................................................................. 5

II.   Plaintiffs admit that they untimely responded to the Defendants' motion for sanctions and motion to preclude Martin ................................................................................ 5

III.  The summary judgment deadline necessarily applies to motions filed in support of summary judgment, so the plaintiffs' motion to preclude was untimely........................ 5

IV.   Plaintiffs misstate the record in an attempt to justify their inexcusable delay.................... 6

CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**
*Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ........................................................ 10
*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993) ................. 10

**Rules**
Federal Rule of Civil Procedure 6(b)(1)(A)................................................................... 3
Federal Rule of Civil Procedure 6(b)(1)(B)................................................................... 3
Local Rule 7(b)(2)(B). .......................................................................................... 4, 5
Rule 6(b). ............................................................................................................ 4, 5

**SUMMARY OF ARGUMENT**

Plaintiffs, in opposing the motion to strike their untimely motion for summary judgment and the motions submitted in support thereof, along with their untimely oppositions to Defendants' motion to preclude and for sanctions, offer arguments that turn both the rules of this Court and the history of this case on their head. Plaintiffs do not dispute that their motion for summary judgment, opposition to the motion for sanctions, and opposition to the motion to preclude Martin were all filed after the deadlines set by the Court and the Rules. Dkt. # 61. Plaintiffs do not dispute that they failed to seek an extension of time within which to file a motion for summary judgment or responses to the Defendants' motions under Federal Rule of Civil Procedure 6(b)(1)(A). Plaintiffs do not dispute that their untimely filings were prejudicial to the Defendants. Plaintiffs do not argue that their failure to seek an extension of time was due to excusable neglect, as required under Federal Rule of Civil Procedure 6(b)(1)(B). For these reasons alone, the motion to strike should be granted.

Nevertheless, plaintiffs urge the Court to disregard its deadlines and the Rules because the Defendants produced their experts' photographs to the plaintiffs on April 23, 2025, 19 days before the summary judgment deadline. Plaintiffs admit the photographs in question are "identical" to those taken by their experts, Dkt. # 71-2 at 21, and, it bears emphasis, **are photographs of evidence in the plaintiffs' possession**–a metal fragment among the debris purportedly removed from the office closet. Indeed, plaintiffs admit that the defendants' expert Tim Myers, Ph.D., P.E., CFEI even included the relevant photograph in his report. Dkt. # 71-2 at 32. Despite all this, plaintiffs claim that the receipt of these photographs, included in the defendants' reports on December 6, 2024, identical to their own experts' photographs, and depicting an item of evidence in their possession, somehow justified their untimely and improper

3

motion for summary judgment premised on the preclusion of defendants' experts, sought by motion filed in support therewith.

    The plaintiffs never actually examined this metal fragment, but make no mistake, it has always been in their possession and they required no additional photographs from the defendants to timely make their motion for summary judgment based on the preclusion of Defendants' experts. The photograph was in the plaintiffs' experts' reports, and in the Defendants' expert's report. For the plaintiffs to suggest there was "discovery abuse" by the Defendants because Defendants produced a photograph, identical to one in the plaintiffs' possession, and depicting an item that plaintiffs have in their possession, is yet another topsy-turvy argument from the plaintiffs. Additional photographs are not better than the evidence itself. Had the plaintiffs received the Defendants' expert disclosures and concluded that the Defendants' experts misinterpreted the evidence, they did not need the Defendants' experts' photographs to timely move for preclusion and summary judgment–the plaintiffs had their own photographs **and the physical evidence in their possession**. Or, if the plaintiffs did in fact require additional time, they could have sought an extension and made a showing of good cause in advance of filing their motions–or indeed, sought an extension after the filing of their motions showing good cause and excusable neglect. The plaintiffs did neither. Their opposition merely represents an after-the-fact effort to justify their late filing.

    Finally, plaintiffs make **no argument whatsoever** as to why they failed to timely oppose the Defendants' motion for sanctions and to preclude Martin as required under Local Rule 7(b)(2)(B). The April production of photographs they cite has no apparent connection to this failing, and, again, plaintiffs sought no extension before or after their untimely opposition as required under Rule 6(b).

The motion to strike the plaintiffs' untimely motion for summary judgment and motion to preclude in support thereof, along with plaintiffs' untimely oppositions to the motions for sanctions and to preclude Martin, should be granted.

## ARGUMENT

### I. Plaintiffs admit that they untimely moved for summary judgment without seeking an extension before or after the untimely filing

Plaintiffs admit that the motion for summary judgment was untimely, that it was not filed by the time of the deadline for summary judgment, and that it was actually filed by the time responses to summary judgment were due. Dkt. # 90 at 5. Plaintiffs never sought an extension with a showing of good cause before their untimely filing, or an extension showing good cause and excusable neglect after their untimely filing as reused by Rule 6(b). This alone is fatal to the plaintiffs' opposition and the motion to strike should be granted.

### II. Plaintiffs admit that they untimely responded to the Defendants' motion for sanctions and motion to preclude Martin

Plaintiffs admit that the oppositions to the Defendants' motion for sanctions and to preclude Martin were untimely, that they were not filed by the time of the deadline under the Rules, and that it was actually filed by the time responses to summary judgment were due. L.R. 7(b)(2)(B). Plaintiffs never sought an extension with a showing of good cause before their untimely filings, or an extension showing good cause and excusable neglect after their untimely filing as reused by Rule 6(b). This alone is fatal to the plaintiffs' opposition and the motion to strike should be granted.

### III. The summary judgment deadline necessarily applies to motions filed in support of summary judgment, so the plaintiffs' motion to preclude was untimely

Plaintiffs argue that because the scheduling orders in this case did not expressly limit motions filed in support of summary judgment, there was no such limitation. Dkt. # 90 at ¶ 2. If

5

this were true, it would defeat the purpose of a deadline for moving for dispositive relief on a complete record. That is, HP and Staples could have moved for summary judgment timely, then reviewed the plaintiffs' opposition together with the declarations of the plaintiffs' experts, **and then** moved to preclude those experts with the benefit of having reviewed all the plaintiffs' arguments in opposition and the plaintiffs' expert declarations submitted in opposition.

Here, plaintiffs' untimely motion for summary judgment is **solely** premised upon the untimely motion to preclude filed therewith. Dkt. #83-3 at 19. There is **no other basis** articulated by plaintiffs for their requested relief. *Id.* The plaintiffs' motion to preclude and motion for summary judgment are thus inextricably intertwined. The notion that the plaintiffs' motion to preclude, which is the only grounds articulated for summary judgment, would be unfettered by the summary judgment deadline is exactly the kind of gamesmanship the Rules were meant to prevent. The motion to strike should be granted.

IV.     **Plaintiffs misstate the record in an attempt to justify their inexcusable delay**

Plaintiffs claim that "the history of Defendants' discovery abuse in this case is well documented in the record," Dkt. # 90 at ¶ 3, an allegation that is unsupported by the record and represents yet another improper attempt to shift the blame onto Defendants. The "documentation" cited by plaintiffs comprises two statements by their counsel. The first is a declaration of their counsel, submitted in opposition to a motion for protective order sought by HP in respect of the deposition of an employee. *Id. citing* Dkt. # 47. Therein, plaintiffs' counsel declares that HP objected to the noticed deposition of the witness, counsel conferred twice, and HP then moved for the protective order. The second is a letter by Plaintiffs' counsel to the Court, reciting that HP objected to plaintiffs' expert depositions proceeding before HP's anticipated motion to strike the plaintiffs' experts second reports was filed. *Id.* citing Dkt. # 57.

**Neither plaintiffs' counsel's declaration nor his letter to the Court recites any**

**history of discovery abuse.** After making its objections, HP produced its employee witness and convened the depositions of the plaintiffs' experts. On the other hand, as set forth in the Defendants' motion for sanctions, Dkt. # 68, it is the plaintiff Marcellin who has continued to change her stories and flout the Court's order that she provide information concerning her purchase of an aftermarket battery. Dkt. # 50 at 14.

Plaintiffs' counsel requested the photographs relied upon by Defendants' experts prior to their depositions in a single sentence of an email dated January 3, 2025. Dkt. # 90-1. No request for production was ever served. Even though counsel for the parties exchanged 42 emails between January 3 and April 1, and attended 5 all-day expert depositions during the same time period, plaintiffs' counsel never reiterated the request for photographs.

Once the expert depositions had concluded, plaintiffs' counsel sent a letter reiterating the request for the photographs on Tuesday April 8 at 6:49 PM. Dkt. # 90-2 at 1. This was the first of three times plaintiffs' counsel repeated the request in the space of a week. Dkt. # 90-3–5. Despite this, counsel for the parties met and conferred one week later on April 22, and the Defendants produced the requested photographs without objection less than a week after that on April 28. Dkt. # 90-6.

In sum, plaintiffs' counsel requested the photographs buried in an email, never followed up formally until all the expert depositions were concluded months later, and received the requested records shortly after. Yet in plaintiffs' telling, "Defendants refused to provide the photographs and notes of HP investigator Gregg Gorbett that had been relied upon by Defendants' experts Horn and Myers to arrive at their opinions. Because of the protracted delays already caused by Defendants in this case, I chose to proceed with the depositions without those photographs and notes." Dkt. # 90 at ¶7. As set forth above, Defendants did not refuse to provide

the photographs, and that Plaintiffs' counsel chose to proceed without them was his choice and his alone, without any knowledge on the part of Defendants that this is what Plaintiffs were purporting to do.

It also bears emphasis that Horn still opines, as he did at his deposition, that no fragment of copper battery windings was found in the office closet after the fire. Dkt. # 90 at ¶ 7. At his deposition, he testified concerning the following photograph in Karasinski's second report:



Dkt. # 66-15 at 16. Based on the photograph, Horn testified that the photograph did not apparently depict a battery remnant, and in the absence of any further documentation or laboratory examination of the alleged remnant, there was no evidence that the alleged remnant was actually a part of a notebook battery. Dkt. # 80-1 at 174, 178, 184, 187-8, 333-4.

Plaintiffs now point to photographs of the closet debris produced to plaintiffs on April 23:




HP01849, Dkt. # 71-2 at 21                              HP01850, Dkt. # 71-2 at 21

Based on these photographs, Horn has stated the photographs do not depict a battery remnant, due to the mesh texture in the alleged remnant depicted in the foreground, which is inconsistent with battery remains. *See* Dkt. # 92-4 at ¶¶ 7-10. The two photographs are visibly consistent with one another, as is Horn's testimony. Most importantly, **plaintiffs themselves admit the photographs are "identical."** Dkt. # 71-2 at 21. This belies the allegation that plaintiffs brought their motion to preclude Horn and Myers untimely only because plaintiffs did not receive the latter photographs until after Horn's deposition. And it refutes the serious allegation by plaintiffs that Horn was testifying falsely–an allegation even more serious here, where the plaintiff Marcellin is the only witness whose sworn deposition testimony (concerning her purchase of the notebook in 2015) has been contradicted by a sworn document (attesting to her purchase in 2011). *Compare* Dkt. # 66-6 at 70 (testifying to purchase in 2015) and Dkt. # 48-2 (attesting to purchase in 2011).

Finally, it bears noting that the plaintiffs claims that the April production of photographs–made 19 days before the dispositive motion deadline–only justified his untimely motion to exclude Myers and Horn. Plaintiffs make no argument in respect of why the untimeliness was

9

justifiable as to Galler. *See* Dkt. # 90 at 4-5. Plaintiffs articulate no reason the motion to preclude him could not have been brought sooner.

## CONCLUSION

Even if plaintiffs had claimed excusable neglect for the untimely filings here, each of the *Pioneer* factors militates against them. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Prejudice and delay are not contested by plaintiffs; and as to the "dispositive weight" given to the plaintiffs' reason for the delay, plaintiffs have not shown that it was beyond their control to file timely. *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) (citing cases). In fact, their attempted justifications go against a finding of good faith. *See Pioneer, supra* at 395. The Court should accordingly strike the plaintiffs' untimely oppositions and dispositive motions, and decide Defendants' May 12, 2025, motions for sanctions and to preclude Martin based solely on Defendants' moving papers.

Respectfully Submitted,
HP INC.,
STAPLES, INC.,
By their attorneys,

/s/ Ben Levites
Respectfully submitted,
Benjamin H. Levites, 5557046
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
blevites@coughlinbetke.com

Jaclyn S. Wanemaker
Smith Sovik Kendrick & Sugnet P.C.
6245 Sheridan Drive
Suite 218
Williamsville, NY 14221
315-474-2911
Fax: 315-474-6015
Email: jwanemaker@smithsovik.com

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Monday, June 30, 2025.

/s/ Ben Levites
Benjamin Levites

11